UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON OPTICAL, INC.,              ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff,              ) | 07-cv-08020 (VM) |
| ) | |
| v.              ) | |
| ) | |
| TELEBRANDS CORPORATION and              ) | |
| WALLET LIGHT USA, LLC,              ) | |
| ) | |
| Defendants.              ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANTS' COUNTERCLAIM

Defendants Telebrands Corporation ("Telebrands") and Wallet Light USA, LLC ("Wallet Light") (hereinafter collectively referred to as "Defendants") by their undersigned counsel hereby answer the Complaint of Plaintiff Carson Optical, Inc. ("Carson") as follows:

### JURISDICTION AND VENUE

1. Defendants admit that Paragraph 1 alleges a cause of action under the Declaratory Judgment Act and the Patent laws of the United States.

2. Defendants admit the Court has subject matter jurisdiction.

3. Defendants admit that venue is proper in the Southern District of New York.

### THE PARTIES

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore deny those allegations.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore deny those allegations.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

## THE PATENT-AT-ISSUE

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants admit that a copy of the '232 Patent is attached to the Complaint.

11. Defendants admit the allegations contained in Paragraph 11.

## COUNT ONE (DECLARATORY RELIEF)

12. Defendants admit that the offer and/or sale of a MagniCard branded magnifier infringes the '232 Patent, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore deny those allegations.

13. Defendants deny that the claims of the '232 Patent are invalid.

14. Defendants deny that Carson does not infringe the '232 Patent.

15. Defendants admit the allegations contained in Paragraph 15.

16. Defendants admit the allegations contained in Paragraph 16.

17. Defendants admit that Carson has sought judicial determination of an alleged controversy.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted to Plaintiff.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

Counterclaim Plaintiffs Telebrands Corporation ("Telebrands") and Wallet Light USA, LLC ("Wallet Light") (hereinafter collectively referred to as "Counterclaim Plaintiffs") counterclaim against Counterclaim Defendant Carson Optical, Inc. ("Carson") as follows:

### JURISDICTION AND VENUE

1. This counterclaim for patent infringement arises under the Patent Laws of the United States, Title 35 of the United States Code.  Subject matter jurisdiction exists pursuant to 28 U.S.C. § §1331 and 1338(a).

2. Venue is proper in the Southern District of New York under 28 U.S.C. §§ 1391(b) and (c).

### THE PARTIES

3. Counterclaim Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 79 Two Bridges Road, Fairfield, NJ 07004.

4. Counterclaim Plaintiff Wallet Light is a Delaware limited liability company with its principal place of business in Orangeburg, New York.

5.  On information and belief, Counterclaim Defendant Carson is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business in Hauppauge, New York.

### FACTUAL ALLEGATIONS UNDERLYING THE COUNTERCLAIM

6. On May 20, 2003, United States Patent No. 6,565,232 B1 ("the '232 Patent") entitled "Apparatus Having Magnifying, Illuminating and Mirroring Attributes" was duly and legally issued by the United States Patent and Trademark Office in the names of Steven H. Goldstein,

Carol D. Goldstein, Mary Margaret Jelava-Risley and William Buell Risley, as inventors. A copy of the '232 Patent was attached to Carson's Complaint for declaratory judgment.

7. Wallet Light is the record owner of the entire right, title and interest in and to the '232 Patent.

8. Telebrands is the exclusive licensee of the '232 Patent in the United States.

9. On information and belief, Carson manufactures, advertises, offers for sale and sells a light emitting diode card-sized magnifier product known as "MagniCard" in this Judicial District and elsewhere in the United States.

### COUNT ONE (INFRINGEMENT OF THE '232 PATENT)

10. By virtue of its manufacture, sale and offering for sale of the MagniCard light emitting diode card-sized magnifier product, without permission or license from Telebrands or Wallet Light, Carson directly infringes, induces infringement and/or contributes to the infringement of the '232 Patent under 35 U.S.C. § 271(a), § 271(b) and § 271(c).

11. Carson's infringement, inducement of infringement and contributory infringement have been and continue to be willful.

12. As a result of Carson's acts of infringement, Counterclaim Plaintiffs have suffered and continue to suffer substantial injury, including irreparable injury, and such acts will result in damages to Counterclaim Plaintiffs, including the loss of sales and profits, which would have made but for the infringement by Carson, but in any event in an amount not less than a reasonable royalty, unless Carson is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs pray for judgment and seek relief against Carson as follows:

A.    That the Complaint by Carson be dismissed in its entirety and with prejudice;

B.    For judgment that the '232 Patent is valid and is enforceable.

C.    For judgment that Carson has infringed and is infringing the '232 Patent;

D.    For a preliminary and permanent injunction against Carson, and all officers, servants, agents, employees and persons in active concert or participation with such persons or parties, including customers, representatives, dealers and distributors, enjoining them from: (a) making, using, selling, offering for sale, advertising and importing any products that embody one or more of the claims of the '232 Patent; (b) from actively inducing infringement of the '232 Patent by others; and (c) from contributing to the infringement of the '232 Patent by others;

E.    For an accounting of all damages sustained by Counterclaim Plaintiffs as a result of Carson's acts of infringement;

F.    For an award of damages to Counterclaim Plaintiffs adequate to compensate them for Carson's infringement of the '232 Patent pursuant to 35 U.S.C. § 284;

G.    For enhanced damages pursuant to 35 U.S.C. § 284;

H.    For a finding that this is an exceptional case and awarding Counterclaim Plaintiffs their reasonable attorneys' fees under 35 U.S.C. § 285 or as otherwise permitted by law, plus the costs and disbursements incurred by Counterclaim Plaintiffs in defending against the complaint by Carson and bringing and prosecuting this counterclaim against Carson; and

I.	Such other and further relief as the Court deems just and proper.

**JURY TRIAL**

Counterclaim Plaintiffs Telebrands and Wallet Light hereby respectfully request trial by jury of all claims and counterclaims.

Respectfully submitted,

COOPER & DUNHAM LLP

Dated: September 14, 2007                By:__/s/ Peter D. Murray_____
        Peter D. Murray (PM-6912)
        William E. Pelton (WP-1850)
        Robert T. Maldonado (RM-7873)
        Tonia A. Sayour (TS-7208)
        1185 Avenue of the Americas
        New York, NY 10036
        Tel:  212-278-0400
        Fax:  212-395-0525

        Attorneys for Defendants
        Telebrands Corporation and Wallet
        Light USA, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 14, 2007, a copy of the foregoing document **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANTS' COUNTERCLAIM** was filed electronically using the CM/ECF system. Notice of this filing will be sent to the following counsel of record for the interested parties by operation of the Court's electronic filing system and by first class mail as follows:

    John R. Horvack, Jr.
    Fatima Lahnin
    Carmody & Torrance
    50 Leavenworth Street
    Waterbury, Connecticut  06702
    jhorvack@carmodylaw.com
    flahnin@carmodylaw.com

    Attorneys for Plaintiff
    Carson Optical, Inc.


      __/s Peter D. Murray/_____
        Peter D. Murray