March 10, 2008

**BY ECF AND BY FACSIMILE**

The Honorable Stephen C. Robinson
United States District Court for the Southern District of New York
300 Quarropas Street, Room 633
White Plains, New York 10601-4150

  Re: Carson Optical, Inc. v. Telebrands Corp., et al.
     Civil Action No.: 07-CV-8020 (SCR)

Dear Judge Robinson:

  Pursuant to your October 16, 2007 Notice of Requirement to Submit a Scheduling Order, the parties respectfully submit this joint letter in advance of the initial case management conference currently scheduled for March 14, 2008 at 10:00 A.M.

**I.** **Brief Description of the Case**

  A. Plaintiff's Description

  Defendant, Wallet Light U.S.A. ("Wallet Light"), is the owner of U.S. Patent No. 6,565,232 B1, entitled "Apparatus Having Magnifying, Illuminating and Mirroring Attributes" ("the '232 Patent"). Defendant, Telebrands Corp. ("Telebrand"), is the exclusive licensee of the '232 Patent. Claims 1, 2, 14 and 15 cover a "commercial card-sized" device that includes a magnifying lens and a reading light. All other claims require at least one additional attribute to this basic device, such as a mirror, a data recording surface, and/or a "length measuring indicia."

  Carson Optical sells a product called the MagniCard. The MagniCard is a compact magnifier that has a built-in light. The MagniCard does not include a mirror, a data recording surface or any "length measuring indicia." Therefore, the parties agree that the only claims that may be infringed are Claims 1, 2, 14 and 15.

  In 2006, the defendants demanded that Carson stop selling the MagniCard product. Carson responded by filing this declaratory judgment action seeking a determination that it does not infringe the '232 Patent and that the claims of the '232 Patent are invalid. Specifically, Carson claims that its MagniCard product does not literally or equivalently infringe Claims 1, 2, 14 or 15 because the claims require that the product be "commercial card-sized." The International Organization for Standardization (ISO) has promulgated an international standard for commercial cards (i.e, ATM, debit

The Honorable Stephen C. Robinson
*Carson Optical, Inc. v. Telebrands Corp., et al.*, Civil Action No. 07-8010

3/10/2008

and credit cards). This standard has set the proper dimensions of a commercial card as 85.60 x 53.98 x 0.76 mm, with corners rounded to a radius of 3.18 mm. Carson contends that its product does not meet these dimensional requirements, literally or equivalently. The two versions of the MagniCard have the following dimensions: (1) 82.55 x 57.15 x 6.35 mm, and (2) 82.55 x. 57.15 x. 3.17 mm. Carson's MagniCard products, due to their dimensions, cannot function as a commercial card.

With respect to validity, Carson contends that the '232 Patent is invalid because the claims fail to meet one or more requirements of validity as stated in 35 U.S.C. §§ 102, 103 and 112. First, Carson believes that if "commercial card-sized" is not construed in accordance with the international standards set forth above, then the '232 Patent fails to particularly point out and distinctly claim the subject matter which the applicant regarded as his invention. Second, Carson alleges that the claims of the '232 Patent cover and attempt to monopolize a magnifying device that includes a light source. Such devices, however, have been known in this country since at least 1931, and alterations of size and shape do not make something new and patentable. Finally, Carson alleges that the '232 Patent is invalid as obvious in view of the United States Supreme Court's decision in <u>KSR v. Teleflex,</u> 550 U.S. __, 127 S.Ct. 1727 (2007).

B. <u>Defendants' Description</u>

Defendants reject all of Carson's contentions and assert that Carson's MagniCard products infringe the `232 Patent and that the `232 Patent-in-suit is not invalid. Defendants seek an injunction and damages for past infringement.

Defendants submit that the undisputed facts are:

1. Defendant Walletlight is the owner of the `232 Patent-in-suit.

2. Defendant Telebrands is the exclusive licensee of the `232 Patent-in-suit.

3. Plaintiff Carson markets and sells consumer optical products, including the MagniCard product it has described above.

4. Defendants assert that claims 1, 2, 14 and 15 are infringed by some versions of MagniCard product presently sold by plaintiff Carson. Discovery has only just begun and Carson has not yet provided documentation concerning all of its versions of its MagniCard product or similar products.

The Honorable Stephen C. Robinson
*Carson Optical, Inc. v. Telebrands Corp., et al.*, Civil Action No. 07-8010

3/10/2008

---

**II.     Contemplated Motions**

    A.  Plaintiff's Position

Carson respectfully requests that the Court schedule a Markman Hearing as soon as convenient for the Court. As noted, Carson believes that claim construction will resolve this dispute. In addition, if necessary, Carson respectfully requests that the Court schedule the submission of dispositive motions shortly after the Court's claim construction ruling. Carson also respectfully requests that the Court bifurcate the issue of damages from the issue of liability and stay discovery with respect to damages. In patent cases, the issue of damages is frequently bifurcated from the issue of liability. This arrangement makes sense with regard to the policy of judicial economy because unless the patent is found to be valid, enforceable, and infringed in the liability phase of the case, the damages issues will never be reached.

    B.  Defendants' Position

Defendants would oppose a motion to bifurcate and stay damages issues. In fact, plaintiff has already produced sales and profit information for the years 2005- (partial) 2008, and defendants have been collecting the same information in response to outstanding discovery requests from plaintiff. Bifurcation would simply complicate and prolong this litigation, and may lead to the need for two trials. Courts usually view such bifurcation as undesirable. In *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 36 (S.D.N.Y. 1984) the court said "piecemeal trial of separate issues in a single suit is not the usual course.") (citing Fed.R.Civ.P. 42(b) 1996 advisory committee's note). Indeed, courts have typically ruled on validity even in light of a finding of non-infringement. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100-101 (1993).

This is not such a complex technical, legal or financial case that should cause a jury any particular difficulty in dealing with the issues in a single trial. Moreover, bifurcation would not necessarily result in substantial savings of expense or judicial economy since there appears to be substantial competition for the type of accused product, whereby third-party sales, as well as plaintiff's sales, would give rise to overlapping issues of damages and commercial success of the patented subject matter, which relates to the nonobviousness of the `232 Patent-in-suit.

Defendants would oppose the burden of having an early Markman hearing. Plaintiff did not propose a Markman hearing as part of the proposed joint Scheduling Order submitted November 26, 2007 to the court in Connecticut. In light of the relatively

The Honorable Stephen C. Robinson
*Carson Optical, Inc. v. Telebrands Corp., et al.*, Civil Action No. 07-8010

3/10/2008

insubstantial financial risk and possible reward in this case, there is no overriding rationale for immediately forcing the court and the parties to deal with substantive and procedural Markman issues such as those concerning the type of evidence the court should consider, the prosecution history of the `232 Patent-in-suit, the written description requirement or the definiteness requirement, as well as the possible need for expert testimony with respect to what a person of ordinary skill would understand from the text of the `232 Patent-in-suit.

Defendants do not expect to file dispositive motions before the close of discovery on August 31, 2008.

### III.    Prospects for Settlement

A.  Plaintiff's Position

The parties have had limited discussions regarding their respective settlement positions but have made no progress in resolving this case.  Specifically, while the Defendants have made an offer for settlement, that offer was rejected as unreasonable by the plaintiff.  At the time of rejecting defendants' offer, plaintiff clearly stated that its rejection was in part based on its strong position with respect to noninfringement and invalidity.  The offer made by the defendants ignored the substantial risks associated with the case going to judgment.

B.  Defendants' Position

Defendants respectfully request that the court determine that this case is appropriate for mediation and order the case to mediation pursuant to Local Civil Rule 83.12(e). Defendants believe this should be done before expensive discovery is initiated. The parties have already spent far more on attorneys fees than this litigation would now appear to justify.

Plaintiff's sales and profits alone on the accused products do not appear to justify the potential risks or rewards of litigation.  Indeed, before transfer to this court, the parties jointly advised the court in Connecticut that they believed an early settlement conference was desirable. Since then, defendants have made a settlement proposal, and have attempted to engage the plaintiff in settlement discussions, all without success.

Despite defendants' efforts, the parties have not had meaningful discussions regarding their respective settlement positions and have made no progress in resolving this case.  Defendants did make a settlement offer and have been awaiting a meaningful

The Honorable Stephen C. Robinson
*Carson Optical, Inc. v. Telebrands Corp., et al.*, Civil Action No. 07-8010

3/10/2008

response. Plaintiff has not made a counter-offer nor offered any suggestion for resolving this case.

Defendants would accept any Magistrate Judge willing to act as a mediator.

Respectfully Submitted,

/s/
Fatima Lahnin
*Attorneys for Plaintiff,*
*Carson Optical, Inc.*

/s/
William E. Pelton
*Attorneys for Defendant,*
*Telebrands Corp. & Wallet Light U.S.A.*