UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON OPTICAL, INC. ) | CIVIL ACTION NO. |
| ) | 07-CV-8020 (SCR) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TELEBRANDS CORPORATION, and ) | |
| WALLET LIGHT USA, LLC ) | |
| ) | |
| Defendants. ) | |

## JOINT ~~PROPOSED~~ PROTECTIVE ORDER

**I.  INTRODUCTION.**

**WHEREAS**, in the course of this litigation disclosure may be sought of information which a party or third party regards as being of a confidential, trade secret, and/or proprietary nature; and

**WHEREAS**, there is a need to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information in this action;

**GOOD CAUSE HAVING BEEN SHOWN;**

**IT IS HEREBY ORDERED** that the following protective order shall govern the disclosure of confidential, trade secret, and/or proprietary information provided in discovery in this action by any party or third party.

**II.  DEFINITIONS.**

The following definitions apply in this protective order:

A.  The designation "CONFIDENTIAL" may be applied by a party or third party to any type of information which that party or third party believes in good faith to constitute,

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

contain, reveal or reflect proprietary or confidential financial, business, technical, personnel or related information.

B.  The designation "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be applied by a party or third party to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or confidential, financial, business, technical, personnel or related information which is so highly sensitive and confidential as to constitute a serious competitive risk if revealed.

C.  "Confidential Information" refers to all information which is subject to the designations "CONFIDENTIAL," or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as described above.

D.  "Party" means every party to this action and every director, officer, employee, and managing agent of every party to this action.

E.  "Third Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

F.  "Order" means this Protective Order.

## III.  TERMS OF THE PROTECTIVE ORDER.

### A.  Materials Subject to Designation.

All depositions, originals or copies of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions; and all documents, materials, tangible things and information obtained by inspection of files, electronic or otherwise, or facilities, by production of documents, electronic or otherwise, (hereinafter collectively referred to as "Information") may be designated by the party or a nonparty producing the Information in conformity with the

definitions set forth above.

### B. Treatment of "Confidential -- Attorneys Only" Information.

Except as provided in Paragraphs D and E below, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than outside counsel of record for a party and outside counsel's staff for this litigation. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

### C. Treatment of "Confidential" Information.

Except as provided in Paragraphs D and E below, documents designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available, or communicated in any way to any person or entity other than outside counsel of record for a party, two party representatives each of whom must have decision-making responsibility with respect to this case, and third-party witnesses who counsel of record for a party believe have knowledge which would be reasonably calculated to lead to the discovery of admissible evidence. Before disclosure to any person or entity other than outside counsel of record for a party, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial or other purpose whatsoever.

### D. Outside Experts and Consultants.

Documents designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the prosecution of this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute a written confidentiality agreement in the form attached hereto as Exhibit A. A copy of the executed confidentiality agreement shall be served by facsimile or email upon counsel for the designating party and no disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" documents shall be made to the outside expert or consultant within ten business (10) days of service of the confidentiality agreement to provide an opportunity for counsel for the designating party to object in writing to such disclosure. Upon service of written objection, the parties shall have ten (10) days to resolve the issue(s) or seek appropriate relief from the Court.

### E. Request for Additional Disclosure.

If any counsel of record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs B, C, and D any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that counsel of record shall first obtain the written consent of the designating party through such party's counsel of record or, if written consent is not obtained, seek leave of Court to do so. Each person to whom the Confidential Information is to be given, shown, made available or communicated must execute the written confidentiality agreement in the form attached hereto as Exhibit A. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted

under Paragraphs B, C, and D.

### F. Maintenance of Designated Information.

Counsel receiving designated information that is provided pursuant to this Order shall maintain such designated information in such counsel's office or in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all designated information, so as to prevent the unauthorized or inadvertent disclosure of any designated information. Counsel shall similarly exercise due and proper care so as to prevent the unauthorized or inadvertent disclosure of any designated information which is retained on computer or in any other form.

### G. Manner of Designating Documents.

A party shall designate documents containing Confidential Information by placing a legend on each page of any document that party wishes to protect against disclosure or use. This legend shall state "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," as appropriate. A designation of Confidential Information as to any thing or sample of which inspection has been requested shall be made by placing a "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the parties. Documents may be made available for an initial inspection by counsel for the requesting (receiving) party prior to the designation of such documents as defined in II **A** and **B** hereof. In such cases, documents shall be inspected only by outside counsel for the receiving party and shall be deemed designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to the terms of this Order, prior to actual designation and furnishing of copies to the receiving party. Such initial inspection shall not constitute waiver of confidentiality with respect to any document so inspected.

**H.    Initial Failure to Designate Information.**

The initial failure to designate Information "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with this Order shall not preclude any party, at a later date, from so designating the documents and to require such documents to be treated in accord with such designation from that time forward. If such Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Information, advise such persons of the claim of confidentiality, and have such persons execute written confidentiality agreements in the form attached hereto as Exhibit A.

**I.    Manner of Designating Depositions.**

In the case of a written deposition, or a deposition upon oral examination of a present or former officer, employee or agent of one of the parties, counsel for such party may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL – ATTORNEY'S EYES ONLY," provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the transcript, shall mark as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" those pages of the transcript as such party shall then deem Confidential Information, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other party in writing which pages are deemed Confidential Information. In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating party thereafter notifies the other party that the failure to timely designate occurred by oversight.

### J.     Court Reporters.

Any court reporter who reports the testimony in this action at a deposition shall agree, before reporting any such testimony involving Confidential Information, that all Confidential Information is and shall remain confidential and shall not be disclosed except to the attorneys of record and any other person who is present while such testimony is being given; that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or shall be delivered to the attorney of record for the designating party or to the Court subject to the provisions hereof.

### K.     Filing Documents with The Court.

All information designated as Confidential Information which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged in sealed containers on which shall be recorded the title to this action, the type of documents being sealed, the words "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and a statement substantially in the following form:

> This sealed container filed in this case contains confidential materials generally identified as ["CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL"]. Pursuant to the Protective Order herein, this container shall not be opened nor the contents thereof revealed except to the Court, including court personnel as necessary for handling of the matter. After any such opening or revelation, the container shall be resealed with the contents inside.

Upon default of the filing or lodging party properly to designate Confidential Information

and file or lodge such information in accordance with this Order, any party who in good faith believes that designation and filing under seal is required may do so within five (5) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties. This provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

### L.     No Effect On Disclosure to Author or Addressees.

Nothing contained in this Order shall affect the right of a party to disclose any information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to the author or addressees of the document.

### M.     No Applicability to Public Information.

The restrictions on dissemination of Confidential Information shall not apply to (i) information which prior to disclosure hereunder is either in the possession or knowledge of an inspecting party or person who, absent this order, is under no restriction regarding its dissemination, or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission or a party receiving the Confidential Information.

### N.     Final Disposition of Action.

Upon the final disposition of this action, each counsel of record shall: (a) promptly return to counsel of record for the designating party all information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and all copies made thereof; and (b) promptly destroy or see to the destruction of all writings related thereto, including but not limited to notes, analyses, memoranda or reports provided to or by any other persons, and certify to the

designating party that such destruction has been done. As an exception to the above, outside counsel of record may retain a single file copy of any work product, any document filed with the Court, a copy of any written discovery response, and a transcript of any deposition testimony, together with all exhibits thereto. The copy of these retained documents shall be treated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

### O.    Motion for Relief From Designation.

If, subsequent to a party's receipt of information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," it shall appear to such party that any such Information is not of a nature warranting the protection afforded hereunder, such party shall first serve counsel for the designating party in writing with notice providing its reasons for challenging the designation. If by 15 days after service of such notice the parties have been unable to reach an agreement as to the designation, the party may bring a noticed motion to be relieved of its obligations under this Order as to any such Information. The producing party bears the burden of proof that challenged designated material meets the requirements for such designation.

### P.    Modification of Order.

This Order shall not prevent any of the parties from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

### Q.    Burden of Proof.

An inspecting party or person asserting that designated Information was publicly known, or known to such party prior to disclosure, or was acquired or developed independently, and therefore not subject to this Order, shall disclose its proof regarding those issues. The designated information shall not be disclosed except by written agreement or by order of the court.

### R.    Survival of Terms.

Absent written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

### S.    Submitting to Jurisdiction of the Court.

Each person to whom disclosure of any designated Information is made and who has agreed to the terms of this Order shall be subject to and hereby submits to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing this Order.

### T.    Violation of Order.

In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order. In the event that any Confidential Information is disclosed by a receiving party in violation of this order, the Confidential Information shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

IT IS SO ORDERED.

✓ Dated: *March 10*, 2008

_____
The Honorable Stephen C. Robinson
Judge, United States District Court

CARMODY & TORRANCE

Dated: _____, 2008      By: _____
John R. Horvack, Jr.
Fatima Lahnin
Attorneys for Plaintiff,
Carson Optical, Inc.

COOPER & DUNHAM LLP

Dated: _____, 2008      By: _____
Peter D. Murray
William E. Pelton
Attorneys for Defendant,
Telebrands Corporation