**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARSON OPTICAL, INC. ) | CIVIL ACTION NO. |
| ) | 07-CV-8020 (SCR) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TELEBRANDS CORPORATION, and ) | |
| WALLET LIGHT USA, LLC ) | |
| Defendants. ) | |
| ) | |

### CARSON OPTICAL, INC.'S RESPONSE TO TELEBRANDS' OPENING CLAIM CONSTRUCTION BRIEF

John R. Horvack, Jr.
Fatima Lahnin
195 Church Street, 18th Floor
New Haven, Connecticut 06509-1950
Tel: (203) 777-5501
Fax: (203) 784-3199
jhorvack@carmodylaw.com
flahnin@carmodylaw.com

*Attorneys for Plaintiff*
*Carson Optical, Inc.*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ……………………………………………….    2

II.    TELEBRANDS CANNOT RELY ON CARSON'S PROMOTIONAL
MATERIALS TO CONSTRUE THE CLAIMS OF THE
PATENT-IN-SUIT. ………....................................................................    2

III.   WHILE TAUTING INADMISSIBLE EXTRINSIC EVIDENCE,
TELEBRANDS HAS NEGLECTED TO PROVIDE THE COURT
WITH ADMISSIBLE INTRINSIC EVIDENCE, NAMELY THE
PROSECUTION HISTORY FOR THE PATENT-IN-SUIT. ………..    4

IV.   TELEBRANDS' PROPOSED CONSTRUCTIONS ARE WRONG
AS A MATTER OF LAW. ………………………………………...    8

     A.    Commercial card-sized ………………………………….    8

     B.    Chassis ………………………………………………...    10

     C.    Carried by ……………………………………………..    11

V.    CONCLUSION. ………………………….. …………………….    11

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

Amgen, Inc. v. Chugai Phar. Co. Ltd, 927 F.2d 1200 (Fed. Cir. 1991). .........    4, 8

Amgen, Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313
(Fed. Cir. 2003). ...............................................................    9

Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57 (1969). ..    6

Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342 (Fed. Cir. 2005). ..    10

Ex parte Remark, 15 U.S.P.Q.2d 1498, 1500 (Bd. Pat. App. 1990). ............    10

Ferguson Beauregard/Logic Controls v. Mega Systems, LLC,
350 F.3d 1327 (Fed. Cir. 2003). ...............................................    3

Festo Corp. v. Shoketsu Kogyo Kabushiki Co., Ltd., 535 U.S. 722 (2002). ....    9

Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline PLC, 349 F.3d 1373
(Fed. Cir. 2003). ...............................................................    10

Honeywell v. Int.'l Trade Comm'n., 341 F.3d 1332 (Fed. Cir. 2003). ..........    10

KSR, 127 S.Ct. at 1740. ........................................................    6

Markman v. Westview Instruments, 517 U.S. 370, 384 (1996). ................    3

Markman v. Westview Instruments, Inc., 52 F.3d 967
(Fed. Cir. 1995) ...............................................................    8

NeoMagic Corp. v. Trident Microsystems, Inc., 287 F.3d 1062
(Fed. Cir. 2002). ...............................................................    3

Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005) .......................    2, 11

SmithKline Beecham v. Apotex Corp., 403 F.3d 1331 (Fed. Cir. 2005). ......    3

**Cases**                                                                                          **Pages**

SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107 (Fed. Cir. 1985). .............    3

United Carbon Co. v. Binney & Smith Co., 317 U.S. 228 (1942) ...............    9

Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576 (Fed. Cir. 1996) ..........    4


**Statutes**

35 U.S.C. § 102 & § 103. ...............................................................    4

35 U.S.C. § 112 .........................................................................    2, 9

{N0790082}

## I.     INTRODUCTION

The plaintiff, Carson Optical, Inc. ("Carson"), respectfully submits this Response to the Opening Brief on Claim Construction of the Defendants Telebrands, Corporations and Wallet Light USA, LLC (collectively "Telebrands"). This Response is limited to certain issues raised by Telebrands in its Opening Brief. By so limiting this Response, Carson does not waive, and explicitly reasserts, the proposed constructions and arguments contained in its Opening Claim Construction Brief.

## II.     TELEBRANDS CANNOT RELY ON CARSON'S PROMOTIONAL MATERIALS TO CONSTRUE THE CLAIMS OF THE PATENT-IN-SUIT.

Throughout its Opening Brief, Telebrands cites and relies upon Carson's product promotional materials to construe the claims of the Patent-in-Suit. (Opening Brief, p. 2, 4 & 7). Such reliance is wrong as a matter of law. First, under 35 U.S.C. § 112, the claims of a patent must "particularly point[] out and distinctly claim[] the subject matter that the inventor regards as his invention." 35 U.S.C. § 112, Par. 2. Logically, of course, an accused product has no relevance to the nature and scope of the patented invention.

Second, Telebrands wrongly contends that the Federal Circuit's decision in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005) endorsed the use of any type of extrinsic evidence, including publicly available information related to an accused product, when construing claim language. (Opening Brief, p. 4). Notably, however, the Phillips decision did not address the issue of using publicly available information related to the accused product, and as such, made no such endorsement. See Phillips v. AWH Corp., 415 F.3d 1303, 1317-18 (Fed. Cir. 2005) (en banc).

Third, the law is clear that relying upon an accused device during claim construction improperly conflates claim construction issues, which are matters exclusively for the Court, and

infringement issues, which are the province of the finder of fact. Patent infringement is a two-step process. <u>Markman v. Westview Instruments</u>, 517 U.S. 370, 384 (1996). The Court must first construe the claims of the patent as a matter of law. <u>Id.</u> Once the claims are properly construed, the accused product or process is then compared to the properly construed claims. <u>Id.</u>

A necessary corollary to this two-step approach is that it is improper to consider an accused product or process during the first step of the analysis, <u>i.e.</u>, during claim construction. In 1985, the Federal Circuit sitting *en banc* specifically held that a claim is construed in light of the "claim language, the other claims, the prior art, the prosecution history, and the specification, and <u>not</u> in light of the accused device." <u>SRI Int'l v. Matsushita Elec. Corp.</u>, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc) (emphasis added). Furthermore, since 1985, the Federal Circuit has affirmed this principle on numerous occasions. <u>See, e.g.</u>, <u>SmithKline Beecham v. Apotex Corp.</u>, 403 F.3d 1331, 1339-40 (Fed. Cir. 2005), <u>cert. denied</u>, 126 S.Ct. 2887 (2006) ("this Court has repeatedly stated that a court must construe claims without considering the implications of covering a particular product or process"); <u>Ferguson Beauregard/Logic Controls v. Mega Systems, LLC</u>, 350 F.3d 1327, 1337 & 1340 (Fed. Cir. 2003) (the district court erred because it did not construe the claim terms in question, but instead conflated claim construction and infringement issues); <u>NeoMagic Corp. v. Trident Microsystems, Inc.</u>, 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("It is well settled that claims may not be construed by reference to the accused device").

Therefore, Telebrands' suggested course of utilizing Carson's promotional materials to influence the Court's task of construing the claims of the Patent-in-Suit is wrong as a matter of law, and must be rejected.

III.    **WHILE TAUTING INADMISSIBLE EXTRINSIC EVIDENCE, TELEBRANDS HAS NEGLECTED TO PROVIDE THE COURT WITH ADMISSIBLE INTRINSIC EVIDENCE, NAMELY THE PROSECUTION HISTORY FOR THE PATENT-IN-SUIT.**

Remarkably, Telebrands has failed to provide the Court with the prosecution history for its own patent. Telebrands posits that the prosecution history is not relevant to the Court's claim construction. (Opening Brief, p. 3). The Federal Circuit, however, has held: "The record before the Patent and Trademark Office is often of critical significance in determining the meaning of the claims ... Included within an analysis of the file history may be an examination of the prior art cited therein." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996). Moreover, the standard of indefiniteness is more exactly applied where, as here, the claimed invention is found in a crowded field of prior art. See, e.g., Amgen, Inc. v. Chugai Phar. Co. Ltd, 927 F.2d 1200, 1218 (Fed. Cir. 1991), cert. denied, 502 U.S. 856 (1991) (limitation "at least about 160,000" held invalid because meaning was in doubt and prior art was close).

Here, the prosecution history reveals that the claimed invention is found in a crowded field of prior art. (See Prosecution History attached as Exhibit A). On September 14, 2001, the applicants filed a non-provisional patent application that contained thirty-one (31) claims. (Id. at p. 23-65). Throughout the entire prosecution history, the applicants failed to file an Information Disclosure Statement or otherwise disclose any prior art to the U.S. Patent Office. (Id. at p.1-159). On April 29, 2002, the U.S. Examiner issued an Office Action rejecting all 31 claims as anticipated and/or obvious pursuant to 35 U.S.C. § 102 & § 103. (Id. at p. 67-82). The U.S. Examiner identified eight (8) prior art references deemed material to the claimed invention, including Finkelstein, et al., U.S. Patent No. 5,608,203. (Id.) In rejecting certain claims, the U.S. Examiner summarized Finkelstein, et al., as "fully disclos[ing] a commercial card-sized

chassis having an opening (#30-33), and a magnifying lens (#24) disposed at the opening." (Id. at p. 69). In rejecting other claims, the U.S Examiner determined:

> It would have been obvious at the time the invention was made to a person having ordinary skill in the art to combine the teachings of Finkelstein, et al (credit card with magnifying lens) with Dalton, et al (card lighting device), because [the] invention of Dalton et al relates to card lights, particularly to a disposable flashlight of credit card size to readily fit within a wallet or purse for use in finding items or to see things up close. Therefore, lighting means of Dalton et al. can be easily combined with a credit card of Finkelstein et al. with a simple magnifying lens means.

(Id. at p. 70-71).

In response, the applicants filed amended claims directed to a commercial card-sized chassis with a magnifying lens and a light, and contended that Finkelstein et al. and Dalton et al. were not properly combinable. (Id. at p. 85-88; p. 92-96). Specifically, the applicants argued:

> Although the Examiner has identified, in the prior art, a commercial card-sized chassis, a magnifying lens, a switch and a light, the Examiner has not identified a teaching or suggestion in the prior art to combine these elements as claimed and set forth by applicants in independent claim 1.

(Id. at p. 95) (emphasis added).

On September 12, 2002, the Examiner issued a Second Office Action, and accepted the applicants' argument that there was no teaching or suggestion in the prior art to combine the teachings of Finkelstein et al. and Dalton et al. (Id. at p. 117-124). In the statement of reasons for allowance, the Examiner concluded:

> Because none of the reference [sic] disclosed the combination of a light is [sic] disposed for projecting light directly away from the magnifying lens / the mirror for illuminating objects confronting the magnifying lens / the mirror, nor is there any motivation to combine them, the claims are deemed patentable over the prior art of record.

(Id. at p. 122).

The Examiner, of course, committed legal error when it accepted the applicants' argument that the Examiner had to find a teaching, suggestion or motivation in the prior art in order to properly combine Finkelstein, et al. and Dalton, et al. In KSR, the U.S. Supreme Court rejected such a "rigid" application of the "teaching, suggestion and motivation" test and reaffirmed an objective, common sense application of the Graham factors. See KSR, 127 S.Ct. at 1740. Here, of course, common sense would suggest that combining a light and a magnifying lens in one device would be beneficial, since each attribute assists a person in visualizing objects and reading material. In Justice Kennedy's words, the claimed invention is, thus, the "product not of innovation but of ordinary skill and common sense." KSR, 127 S.Ct. at 1742.

The Supreme Court's decision in Anderson's-Black Rock, Inc. v. Pavement Salvage Co., 396 U.S. 57 (1969), which was reaffirmed in KSR, illustrates this principle. The claimed invention in Anderson's-Black Rock, Inc. was a paving machine that combined several well-known elements onto a single chassis. Specifically, the patent claimed the combination of the following elements on one chassis: (1) a radiant-heat burner; (2) a spreader; and (3) a tamper and screed for shaping the newly placed material to the desired contour and surface.

Paving machines in use prior to the patented claimed invention had equipment for spreading and shaping the asphalt. The prior art also included radiant-heat burners. The Supreme Court held that because all of the component parts were known in the prior art, the combination of the "old elements" onto a single chassis did not create a new patentable invention. The Court concluded that "[t]he convenience of putting the burner together with the other elements in one machine, though perhaps a matter of great convenience, did not produce a 'new' or 'different function'" and that to those skilled in the art the use of the old elements in combination would have been obvious. Similarly, in the present case, the combination of known

elements (a light and a magnifying lens), on one chassis may provide greater convenience, but it did not produce a "new" or "different" function. The combination, therefore, was obvious.

The Examiner was also factually wrong when he concluded that there was no motivation, teaching or suggestion in the prior art combining Finkelstein et al. (credit card with magnifying lens) and Dalton et al. (card with light). At the time of the claimed invention, there were innumerable prior art references not found by the Examiner that disclosed compact devices that combined a magnifying lens and a light. Not surprisingly given that this is an industrialized nation, others have long ago recognized the benefits of combining a magnifying lens and a light in one compact device. For example, from 1929 to 1958, at least the following U.S. Patents disclose such a device:

1.  U.S. Patent No. 1,717,754, issued 1929
2.  U.S. Patent No. 1,884,968, issued 1932.
3.  U.S. Patent No. 1,909,662, issued 1933.
4.  U.S. Patent No. 1,960,114, issued 1934
5.  U.S. Patent No. 2,178,371, issued 1939
6.  U.S. Design Pat. No. 117,128, issued 1939
7.  U.S. Patent No. 2,326,343, issued 1943
8.  U.S. Patent No. 2,384,528, issued 1945
9.  U.S. Design Pat. No. 166,597, issued 1952
10. U.S. Patent No. 2,586,723, issued 1952
11. U.S. Patent No. 2,725,788, issued 1955
12. U.S. Patent No. 2,861,501, issued 1958

(See Patents attached as Exhibit B).

Consequently, given the prosecution history of the Patent-in-Suit, this Court must "exactly apply" the standard of indefiniteness to the claims of the Patent-in-Suit, and if any doubt

exists concerning the meaning of the claims, the Court must adopt the most restrictive

construction of the claim language. See Amgen, 927 F.2d at 1218.

## IV.    TELEBRANDS' PROPOSED CONSTRUCTIONS ARE WRONG AS A MATTER OF LAW.

### A.    Commercial card-sized

| Term/Phrase | Carson's Proposed Construction | Telebrands' First Proposed Construction[1] | Telebrands' Second Proposed Construction |
|---|---|---|---|
| Commercial Card-sized | A size of 85.60 x 53.98 x 0.76 mm, and corners rounded with a radius of 3.18 mm. | Capable of being carried in a sleeve-like compartment or receptacle as formed in wallets, day timers and other forms of personal carrying devices designed specifically to accommodate commercial cards such as bank cards and other cards such as drivers licenses and the like. | Capable of being carried in a wallet sleeve specifically sized to hold credit cards and the like. |

"The written description part of the specification itself does not delimit the right to

exclude. That is the function and purpose of claims." Markman v. Westview Instruments, Inc.,

52 F.3d 967, 980 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). Therefore, when

construing a patent claim, the Court's analysis must begin with and remain centered on the

language of the claims.

Here, neither version of Telebrands' evolving construction of "commercial card-sized" is

supported by the language of the claims. The claim language makes clear that the phrase

"commercial card-sized" describes the size of the chassis. Despite this, Telebrands' proposed

---

[1] Telebrands filed its first set of proposed claim constructions on March 28, 2008. (See Exhibit C). Three business days before the parties' claim construction briefs were due, Telebrands changed its constructions and thus, the scope of what it believes is its patented invention. (See Exhibit D). Therefore, rather remarkably, Telebrands is apparently uncertain itself as to the nature and scope of its own patent.

construction ignores the actual size of a commercial card when defining the size of the patented chassis. Instead, Telebrands wrongly attempts to define the size of the chassis by the size of a wallet sleeve. The language of the claims, of course, do not require the patented chassis to be "wallet sleeve-sized" – the claim language allowed by the Patent Office is "commercial card-sized." Therefore, the Court's construction must define the size of the patented chassis by the size of a commercial card, namely, a conventional credit card.

Telebrands' proposed construction also seeks to impart uncertainty and ambiguity in an area where none should exist. As noted, under 35 U.S.C. § 112, the claims of a patent must particularly point out and distinctly claim the subject matter that the inventor regards as his invention. The primary purpose of this definiteness requirement is to provide clear warning to others as to what constitutes infringement of the patent. See, e.g., United Carbon Co. v. Binney Co., 317 U.S. 228, 236 (1942). The U.S. Supreme Court has explained:

> The patent laws "promote the Progress of Science and useful Arts" by rewarding innovation with a temporary monopoly. U.S. Const., Art. I, § 8, cl. 8. The monopoly is a property right; and like any property right, its boundaries must be clear. This clarity is essential to promote progress, because it enables efficient investment in innovation. A patent holder should know what he owns, and the public should know what he does not. For this reason, the patent laws require inventors to describe their work in "full, clear, concise, and exact terms" ....

Festo Corp. v. Shoketsu Kogyo Kabushiki Co., Ltd., 535 U.S. 722, 730-31 (2002) (emphasis added).

Here, Telebrands' construction of "commercial card-sized" focuses on the size of a wallet sleeve—something that is inherently indefinite. It cannot be disputed that wallet sleeves have a variety of designs, use differing materials, are made by hundreds of different manufacturers, and are not standard in size. This uncertainty causes the patent claims to be a "moving target" and "insolubly ambiguous." See, e.g., Amgen, Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313,

1340-43 (Fed. Cir. 2003); <u>Honeywell v. Int'l. Trade Comm'n.</u>, 341 F.3d 1332 (Fed. Cir. 2003); <u>Datamize, LLC v. Plumtree Software, Inc.</u>, 417 F.3d 1342 (Fed. Cir. 2005).

Where, as here, a patent owner's proposed construction renders the claim indefinite, it must be rejected. <u>See</u>, e.g., <u>Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline PLC</u>, 349 F.3d 1373, 1384 (Fed. Cir. 2003) (patentee's proposed construction found indefinite because a formulation might infringe or not depending on its usage in changing circumstances). Furthermore, Telebrands' construction compounds the uncertainty problem associated with its construction by inclusion of the phrase "and the like." <u>See</u>, e.g., <u>Ex parte Remark</u>, 15 U.S.P.Q.2d 1498, 1500 (Bd. Pat. App. 1990) (the phrase "and the like" renders claim vague and uncertain).

Finally, it is obvious from Telebrands' alteration of its proposed construction of the phrase "commercial card-sized" <u>during</u> <u>litigation</u> that the patent owner either does not know what it owns, or alternatively, the patent owner is simply attempting to find a litigation-driven construction that has sufficient ambiguity so that it can continue to assert infringement. The patent laws, however, demand that the patent claims particularly point out and distinctly claim the subject matter that the inventor regards as his invention. Therefore, Telebrands' proposed construction – which violates this important principle – must be rejected.

**B.**    <u>Chassis</u>

| Term/Phrase | Carson's Proposed Construction | Telebrands' First Proposed Construction | Telebrands' Second Proposed Construction |
|---|---|---|---|
| Chassis | A housing or structure. | A commercial card-sized frame structure to receive a power source and circuitry. | A frame for supporting or incorporating convenience features, including visual aid and illumination. |

The Court can easily dispose of Telebrands' evolving construction of the word "chassis." One elementary principle of claim construction is that it is improper to add limitations from the specification to alter otherwise broad claim language. See <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1316 (Fed. Cir. 2005) (en banc). General terms should be given their full and ordinary meaning. <u>Id.</u> This is particularly the case here because Telebrands' proposed construction seeks to restrict a general term with limitations that are already found elsewhere in the asserted and unasserted claims of the Patent-in-Suit.

In short, "chassis" is a broad, general term and Telebrands' effort to restrict its meaning in an apparent effort to sustain the validity of an otherwise dubious patent must be rejected.

### C.    Carried by

| Term/Phrase | Carson's Proposed Construction | Telebrands' First Proposed Construction | Telebrands' Second Proposed Construction |
|---|---|---|---|
| Carried by | A part of. | A part of or attached to. | Supported by or attached to. |

Once again, it is clear that Telebrands either does not know the scope of what it owns <u>or</u> is engaged in litigation tactics designed to secure a favorable construction irrespective of recognized principles of claim construction. Here, "carried by" has no special meaning other than suggesting that certain claimed elements (such as a light and/or a switch) are "a part of" the patented chassis.

## V.    CONCLUSION

For the foregoing reasons, Telebrand's proposed constructions should be rejected by this Court and Carson's proposed constructions should be adopted by this Court.

Dated: May 19, 2008               By:

John R. Horvack, Jr. (JH-8991)
Fatima Lahnin (FL-0701)
195 Church Street, 18th Floor
New Haven, Connecticut  06509-1950
Tel: (203) 777-5501
Fax: (203) 784-3199
E-mail: jhorvack@carmodylaw.com
        flahnin@carmodylaw.com

Attorneys for Plaintiff
Carson Optical, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, a true copy of **Carson Optical, Inc.'s Response to

Telebrands' Opening Claim Construction Brief** was served, on the following counsel at the

following address by First Class Mail, postage prepaid:

Peter D. Murray
William E. Pelton
Robert T. Maldonado
Tonia A. Sayour
Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY 10036
pdmurray@cooperdunham.com
wpelton@cooperdunham.com
rmaldonado@cooperdunham.com
tsayour@cooperdunham.com

Fatima Lahnin

{N0789153}                          12