# EXHIBIT A
# (PART 1)

**PATENT NUMBER**

**6565232**

6565232

## U.S. **UTILITY** Patent Application

| | O.I.P.E. | | PATENT DATE MAY 20 2003 |
|---|---|---|---|

SCANNED

| APPLICATION NO. | CONT/PRIOR D | CLASS 362 | SUBCLASS 253 | ART UNIT 2875 | EXAMINER |
|---|---|---|---|---|---|
| 09/952798 | | | | | |

APPLICANTS

Steven Goldstein
Carol Goldstein
Mary Jelava-Risley
William Risley

TITLE

Apparatus having magnifying, illuminating and mirroring attributes

PTO-2040
12/99

---

### ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | |
|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | |
| 362 | 253 | 362 | 200 | 208 | 109 | 135 | 186 | 125 |

| INTERNATIONAL CLASSIFICATION | | |
|---|---|---|
| F 2 1 V | 33/00 | |
| | | |
| | | |
| | | |
| | | |

☐ Continued on Issue Slip Inside File Jacket

---

| ☐ **TERMINAL DISCLAIMER** | **DRAWINGS** | | | **CLAIMS ALLOWED** | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 5 | 14 5 | 2 | 25 | 1 |

☐ The term of this patent subsequent to _____ (date) has been disclaimed.

Jacob Y. Choi
(Assistant Examiner)    12-26-02 (Date)

**NOTICE OF ALLOWANCE MAILED**

1-7-03

☐ The term of this patent shall not extend beyond the expiration date of U.S Patent No. _____

Sadra Noth
(Primary Examiner)    1/3/03 (Date)

**ISSUE FEE**

| Amount Due | Date Paid |
|---|---|
| 1300 | 3-26-03 |

☐ The terminal _____ months of this patent have been disclaimed.

April Wise
(Legal Instruments Examiner)    1/16/03 (Date)

**ISSUE BATCH NUMBER**

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 6/99)

FILED WITH: ☐ DISK (CRF)  ☐ FICHE  ☐ CD-ROM
(Attached in pocket on right inside flap)

1

09952798

‖1000 U.S. PTO
**09/952798**
09/14/01

INITIALS 2/24/01

# CONTENTS

|  | Date Received (Incl. C. of M.) or Date Mailed |  | Date Received (Incl. C. of M.) or Date Mailed |
|---|---|---|---|
| Application _____ papers. |  | 42. _____ | |
| Non-Final Rejection | 4/29/02 cm | 43. _____ | |
| Amdt A | 7/16/02 | 44. _____ | |
| Final Rejection | 9/12/02 | 45. _____ | |
| Amdt B | 12/11/02 | 46. _____ | |
| Notice of Allowability | 1-7-03 | 47. _____ | |
| Reserved | 2-4-2 | 48. _____ | |
| OFR | | 49. _____ | |
| SMALL ENTITY | 2/25/03 | 50. _____ | |
| Formal Drawings 5 sheet set | 3/25/03 | 51. _____ | |
| | | 52. _____ | |
| | | 53. _____ | |
| | | 54. _____ | |
| | | 55. _____ | |
| | | 56. _____ | |
| | | 57. _____ | |
| | | 58. _____ | |
| | | 59. _____ | |
| | | 60. _____ | |
| | | 61. _____ | |
| | | 62. _____ | |
| | | 63. _____ | |
| | | 64. _____ | |
| | | 65. _____ | |
| | | 66. _____ | |
| | | 67. _____ | |
| | | 68. _____ | |
| | | 69. _____ | |
| | | 70. _____ | |
| | | 71. _____ | |
| | | 72. _____ | |
| | | 73. _____ | |
| | | 74. _____ | |
| | | 75. _____ | |
| | | 76. _____ | |
| | | 77. _____ | |
| | | 78. _____ | |
| | | 79. _____ | |
| | | 80. _____ | |
| | | 81. _____ | |
| | | 82. _____ | |

2     (LEFT OUTSIDE)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| FEE DETERMINATION | m. s. | | 09-18-01 |
| O.I.P.E. CLASSIFIER | | 49 | 9/26/01 |
| FORMALITY REVIEW | CH | 1119 | 10-12-01 |
| RESPONSE FORMALITY REVIEW | | | |

## INDEX OF CLAIMS

| | | | |
|---|---|---|---|
| ✓ | Rejected | N | Non-elected |
| = | Allowed | I | Interference |
| – (Through numeral) | Canceled | A | Appeal |
| ÷ | Restricted | O | Objected |



If more than 150 claims or 10 actions
staple additional sheet here

3    (LEFT INSIDE)



| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 362 | 200 | 04-11-02 | J.C. |
|  | 208 |  |  |
|  | 109 |  |  |
|  | 135 |  |  |
|  | 136 |  |  |
|  | 253 |  |  |
| 362 | 125 | 09-05-02 | J.C. |
| updated | ~ | " | " |
| updated | ~ | 12-26-02 | JC |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| Class / Sub Class Search | Date | Exmr. |
| 362 - Stan Hwan 359 - Word Search (lens, Cond, therm, light) | 04-11-02 | JC |
| 362 - Tom Sember | 09-05-02 | J.C. |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| All | ~ | 12-26-02 | J.C. |

4
(RIGHT OUTSIDE)

US006565232B1

(12) **United States Patent**
Goldstein et al.

(10) Patent No.: **US 6,565,232 B1**
(45) Date of Patent: **May 20, 2003**

(54) **APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES**

(76) Inventors: **Steven H. Goldstein**, 10552 E. Cannon Dr., Scottsdale, AZ (US) 85258; **Carol D. Goldstein**, 10552 E. Cannon Dr., Scottsdale, AZ (US) 85258; **Mary Margaret Jelava-Risley**, 10475 N. 105th Way, Scottsdale, AZ (US) 85258; **William Buell Risley**, 10475 N. 105th Way, Scottsdale, AZ (US) 85258

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 09/952,798

(22) Filed: **Sep. 14, 2001**

**Related U.S. Application Data**

(60) Provisional application No. 60/259,420, filed on Dec. 30, 2000.

(51) Int. Cl.[7] ................................................ F21V 33/00
(52) U.S. Cl. ...................... **362/253**; 362/200; 362/208; 362/109; 362/135; 362/136; 362/125
(58) Field of Search .................................. 362/200, 208, 362/109, 135, 136, 253, 125

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 4,393,610 A | * | 7/1983 | Adrian | ............... | 40/625 |
| 4,889,419 A | * | 12/1989 | Kite | ............... | 350/600 |
| 5,457,613 A | * | 10/1995 | Vandenbelt et al. | ......... | 362/200 |
| 5,608,203 A | * | 3/1997 | Finkelstein et al. | ......... | 235/487 |
| 5,893,631 A | * | 4/1999 | Padden | ............... | 362/201 |
| 5,927,846 A | * | 7/1999 | Sinclair | ............... | 362/189 |
| 6,039,454 A | * | 3/2000 | Hallgrimsson | ......... | 362/116 |
| 6,070,990 A | * | 6/2000 | Pabst et al. | ............... | 362/201 |

* cited by examiner

Primary Examiner—Sandra O'Shea
Assistant Examiner—Jacob Y. Choi
(74) Attorney, Agent, or Firm—Parsons & Goltry; Michael W. Goltry; Robert A. Parsons

(57) **ABSTRACT**

Disclosed is a chassis having opposing major faces and an opening. The chassis is approximately the size of a commercial card, namely, a bankcard such as a credit card or a debit card, which are ubiquitous in modern society. A magnifying lens is disposed at the opening. The chassis carries a switch and a light. The light is capable of being actuated in response to actuation of the switch and is disposed so that it is capable of directing light away from the chassis so that objects can be magnified and illuminated.

**25 Claims, 5 Drawing Sheets**



**U.S. Patent**     May 20, 2003     Sheet 1 of 5     US 6,565,232 B1



FIG. 1



FIG. 3

**U.S. Patent**    May 20, 2003    Sheet 2 of 5    US 6,565,232 B1



**FIG. 2**

7

**FIG. 4**



**FIG. 5**



**U.S. Patent**      May 20, 2003      Sheet 4 of 5      US 6,565,232 B1



FIG. 6

FIG. 7

FIG. 8

FIG. 9

INDICIA LOGO INC

FIG. 11

FIG. 10

9

**U.S. Patent**        May 20, 2003        Sheet 5 of 5        US 6,565,232 B1



FIG. 13

FIG. 12



FIG. 15

FIG. 14

US 6,565,232 B1

**1**

## APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES

### CROSS-REFERENCE TO RELATED APPLICATIONS

This application claims the benefit of Provisional Application Ser. No. 60/259,420, filed Dec. 30, 2000.

### FIELD OF THE INVENTION

This invention relates to devices having magnifying, illuminating and mirroring attributes and to bankcards.

### BACKGROUND OF THE INVENTION

Commercial cards, namely, credit cards and debit cards, are ubiquitous in modern society as are phone cards and insurance cards. Cards such as these are approximately 3½ inches long by 2⅛ inches wide, and people carry and store these cards in sleeve-like compartments/receptacles formed in wallets and day timers and other forms of personal carrying devices that are specifically sized for holding cards of this size.

Many people have difficulty seeing, especially the elderly and those that suffer from cataracts, glaucoma, macular degeneration and other eye diseases and disorders, in addition to presbyopia and weakening of the eyes due to aging. Visually-impaired individuals usually employ visual aids to help them see, such as glasses, bifocals and magnifying glasses, and these visual aids for many are especially necessary in low light atmospheres, such as in dark restaurants and dimly lit rooms. Enhanced illumination is also often required for individuals to see in dark atmospheres.

Given the ubiquity of commercial cards and the associated ubiquity of the wallets and day timers and other personal carrying devices having storage features specifically designed for storing commercial cards, it would be highly desirable to provide a device that in size is substantially equal to that of a conventional commercial card and that incorporates visual aid and illumination attributes. It is intended that a device such as this is to be stored in a wallet, day timer or other personal carrying device along with bank cards and the like.

### SUMMARY OF THE INVENTION

The above problems and others are at least partially solved and the above purposes and others realized in new and improved apparatus having magnifying, illuminating and mirroring attributes. In accordance with the principle of the invention, a preferred embodiment of the invention is a device that includes a chassis having an opening and a magnifying lens disposed at the opening. The size of the chassis approximates that of a commercial card, namely, a credit card or debit card, which are ubiquitous throughout modern society. The chassis supports a switch and a light that is capable of being actuated in response to actuation of the switch. Preferably, the chassis includes opposing major faces and the light is disposed so that it is capable of directing light away from one of the opposing major faces. The light can, however, be disposed at other locations along chassis. The device of this embodiment can also be furnished with additional features. For instance, a mirror is capable of being disposed at one of the opposing major faces and preferably the major face away from which the light directs illumination. A surface, such as a magnetic stripe, is capable of being attached to the chassis to which data is

**2**

capable of being recorded. Length-measuring indicia is capable of being disposed along an edge of the chassis, which is capable of being used for carrying out length measuring tasks.

In accordance with the principle of the invention, provided is another embodiment including a device that consists of a commercial card-sized chassis having opposing major faces. The chassis supports a switch and a light that is capable of being actuated in response to actuation of the switch. The light is disposed so that it is capable of directing light away from the mirror. The device of the instant embodiment can also be furnished with additional features. For instance, the chassis is capable of being provided with an opening and a magnifying lens disposed at the opening. A surface, such as a magnetic stripe, is capable of being attached to the chassis to which data is capable of being recorded. Length-measuring indicia is capable of being disposed along an edge of the chassis, which is capable of being used for carrying out length measuring tasks.

In accordance with the principle of the invention, provided is yet another embodiment including a device that consists of a commercial card-sized chassis and a two-way lens disposed at the opening, which includes a magnifying side permitting magnification and a mirror side permitting reflection. The chassis supports a switch and a light that is capable of being actuated in response to actuation of the switch. The light is disposed so that it is capable of directing light away from the mirror side. The device of the instant embodiment can also be furnished with additional features. For instance, a surface, such as a magnetic stripe, is capable of being attached to the chassis to which data is capable of being recorded. Length-measuring indicia is capable of being disposed along an edge of the chassis, which is capable of being used for carrying out length measuring tasks.

In accordance with the principle of the invention, provided is yet another embodiment including a device that consists of a commercial card-sized chassis, a switch carried by the chassis and a light carried by the chassis that is capable of being actuated in response to actuation of the switch. The device of the instant embodiment can also be furnished with additional features. For instance, a mirror is capable of being attached to the chassis. The chassis is further capable of being provided with an opening and a magnifying lens disposed at the opening. A surface, such as a magnetic stripe, is capable of being attached to the chassis to which data is capable of being recorded. Length-measuring indicia is capable of being disposed along an edge of the chassis, which is capable of being used for carrying out length measuring tasks.

In accordance with the principle of the invention, provided is yet still another embodiment including a device that consists of a commercial card-sized chassis including opposing major faces and an opening, a magnifying lens disposed at the opening and a mirror disposed proximate one of the opposing major faces. The device of the instant embodiment can also be furnished with additional features. For instance, the chassis is capable of being fitted with a switch and a light that is capable of being actuated in response to actuation of the switch. The light is further capable of being disposed so that it is capable of directing light away from the mirror. A surface, such as a magnetic stripe, is capable of being attached to the chassis to which data is capable of being recorded. Length-measuring indicia is capable of being disposed along an edge of the chassis, which is capable of being used for carrying out length measuring tasks.

11

US 6,565,232 B1

3

Consistent with the foregoing, the invention also contemplates associated methods.

## BRIEF DESCRIPTION OF THE DRAWINGS

Referring to the drawings:

FIG. 1 is an isometric view of device including a chassis having an opening and a magnifying lens disposed at the opening, in accordance with the principle of the invention;

FIG. 2 is an exploded view of the device of FIG. 1;

FIG. 3 is an enlarged sectional view taken along line 3—3 of FIG. 1;

FIG. 4 is an enlarged sectional view taken along line 4—4 of FIG. 1;

FIG. 5 is a schematic representation of an electrical circuit useful with the device of the invention first illustrated in FIG. 1;

FIG. 6 is a top plan of a device including a chassis having an opening, a magnifying lens disposed at the opening, a switch carried by the chassis and a light carried by the chassis that is capable of being actuated in response to actuation of the switch, in accordance with the principle of the invention;

FIG. 7 is a side elevation of the device of FIG. 1, the opposing side elevation being a substantial mirror image thereof;

FIG. 8 is a bottom end elevation of the device of FIG. 1;

FIG. 9 is a bottom plan of the device of FIG. 1;

FIG. 10 is an exploded bottom end elevation of the device of FIG. 1, illustrating a chassis and opposing overlays;

FIG. 11 is a top plan of the chassis of FIG. 10;

FIG. 12 is an isometric view of a device including a chassis having an opening, a magnifying lens disposed at the opening, a mirror disposed proximate one of the opposing major faces, a switch carried by the chassis, and a light carried by the chassis that is capable of being actuated in response to actuation of the switch, in accordance with the principle of the invention;

FIG. 13 is another isometric view of the device of FIG. 12;

FIG. 14 is an isometric view of a device including a chassis, a two-way lens disposed at the opening, which includes a first side permitting magnification and a second side permitting reflection, a switch carried by the chassis, and a light carried by the chassis that is capable of being actuated in response to actuation of the switch, in accordance with the principle of the invention; and

FIG. 15 is another isometric view of the device of FIG. 14.

## DETAILED DESCRIPTION OF PREFERRED EMBODIMENTS

Turning now to the drawings, in which like reference characters indicate corresponding elements throughout the several views, attention is first directed to FIG. 1 in which is seen a device, embodying the principle of the instant invention, generally indicated by the reference character 10 and including a chassis 12 having an attached magnifying lens 17. Chassis 12, as seen in detail in FIG. 2, includes a frame 14 having an opening 15 sized and shaped to receive magnifying lens 17, openings 18 sized and shaped to receive batteries 19 and an opening 20 sized and shaped to receive electric circuit assembly 22. Preferably, frame 14 is fabricated of a semi-flexible material, such as that commonly used to fabricate commercial/bank cards such as credit and

4

debit cards. Other materials can be used. Batteries 19 provide device 10 with needed electrical power and are of the type commercially available for use in electric wristwatches, calculators, etc. Device can be solar-powered and furnished with conventional solar empowering attachments if so desired.

A top cover or overlay 23 is bonded, such as with adhesive or lamination or heat bonding, to the topside of frame 14 and is considered part of chassis 12. Overlay 23 includes a panel portion 24 that extends over openings 18,20 and acts as a top retainer for batteries 19 and electric circuit assembly 22 and defines a major exterior side or face of device 10. Overlay 23 further includes an opening 25 that is sized and shaped to receive magnifying lens 17. Lens 17 is held in a seat formed by chassis 12 and it can be attached with a seating engagement, heat bonding, adhesive, etc. Advertising, identification or other indicia are capable of being imprinted upon, etched upon or otherwise applied or attached to the exterior side of overlay 23 at panel portion 24 so as to be capable of being easily visualized or accessed, and it can be applied at other locations along the exterior side of overlay 23. A bottom overlay is bonded to the bottom side of frame 14 in a manner like that of overlay 23, is considered part of chassis 12 and is the mirror image overlay 23. Like overlay 23, the bottom overlay extends over openings 18,20 and acts as a bottom retainer for batteries and electrical circuit assembly 22 and defines the other major exterior side or face of device 10 opposing the exterior side or face of device as defined by overlay 23. In common to overlay 23, the bottom overlay further includes an opening that is sized and shaped to receive magnifying lens 17. Bottom overlay is depicted in FIG. 3 and is denoted at 29. Advertising, identification or other indicia are capable of being imprinted upon, etched upon or otherwise applied or attached to the exterior side of the bottom overlay so as to be capable of being easily visualized or accessed. Lens 17 is visible through the two openings of the overlays. Electrical conductive strips 27 are attached to frame 14 and extend between and conductively interact with batteries 19 and electric circuit assembly 22, which permits electrical power to pass from batteries 19 to electric circuit assembly 22.

FIG. 3 is a sectional view taken along line 3—3 of FIG. 1 and shows a general schematic representation of the cooperation between batteries 19, conductive strips 27 and electric circuit assembly 22, as they would appear contained between overlays 23,29. Electric circuit assembly 22 is furnished with an attached switch 26 and an attached light 30. Switch 26 and light 30 are considered part of electric circuit assembly 22. Electric circuit assembly 22, switch 26 and light 30 are capable of be attached to chassis 12 at separate locations if desired. Light 30 is a light emitting diode or other form of light emitting element, and is capable of being actuated in response to actuation of switch 26. An opening 31 is formed through overlay 29 and light 30 is disposed adjacent opening 31. Light 30 can be disposed to extend into opening 31 and even into and through opening if desired. When light 30 actuates in response to actuation of switch 26 and illuminates, light emitted therefrom projects outwardly from opening 31 and away from device 10 and, more particularly, away from the exterior face of device 10 as defined by overlay 23. This orientation can be reversed, with light 30 disposed in connection with the bottom overlay. FIG. 4 is further instructive of the association between conductive strips 27, batteries 19 and electric circuit assembly 22.

FIG. 5 is illustrative of the electrical system that is employed in connection with the invention, as provided by

12

US 6,565,232 B1

5

electric circuit assembly 22. Switch 26 is normally open and requires positive depression by the user so as to close the circuit and provide light 30 with electrical energy so as to actuate it and cause it to become illuminated. Electric circuit assembly 22, which is a printed circuit board, includes light 30, a surface-mount resistor 28 and switch 26. Contact strips 27 connect batteries 19 and also connect batteries 19 to electric circuit assembly 22.

In sum, the invention described in connection with FIGS. 1–6 is a chassis 12 having opposing major faces or sides. Magnifying lens 17 is attached to chassis 17 and is disposed at an opening of chassis 17 and can be viewed from either side thereof for magnifying objects. Chassis 12 carries switch 26 and light 30, and light 30 is capable of being actuated in response to actuation of switch 26. Actuation of switch 26 occurs upon depression thereof such as with a finger/thumb, and a depressive force is capable of being applied against overlay 23, which depressive force is capable of being transferred therefrom to switch 26. Overlay 23 is sufficiently flexible so that it is capable of being easily influenced in response to a modest depressive force, such as from a force applied with a finger. Generally in common with a ubiquitous commercial card such as a credit or debit card, chassis 12 is thin and is approximately 3¼ inches long by 2⅛ inches wide. And so chassis 12 is of a size that is substantially similar to the size of a commercial card, namely, a bankcard such as a credit card or a debit card. As a result, device 10 is capable of being easily stored in a card sleeve/receptacle of a wallet, a day timer or other personal carrying device of a type having one or more sleeves or receptacles that are designed specifically to accommodate commercial cards such as bank cards and other cards such as a drivers licenses and the like. Device 10 is easily taken up by hand is useful for magnifying objects such as the text of a menu, book, newspaper, etc. By directing light 30 toward an object and depressing switch 26 so as to actuate light 30, the object is capable of being illuminated by light 30 and viewed through lens 17 so as to be magnified and illuminated. Light 30 can be located anywhere, but is preferably disposed in such a way that permits objects to be magnified and illuminated, for convenience. Although device 10 employs two batteries 19, less or more can be employed. Also, device 10 can be employed without lens 17, so as to function as an illumination device.

Attention is now directed to FIGS. 6–11, in which there is seen a device, embodying the principle of the instant invention in accordance with an alternate embodiment thereof, generally designated by the reference character 50. FIG. 6 is a top plan view of device 50, FIG. 7 is a side elevation of device 50 with the opposing side elevation being a substantial mirror image thereof, FIG. 8 is a bottom end elevation of device 50 and FIG. 9 is a bottom plan of device 50. In common with the previously described embodiment designated 10, device 50 shares chassis 12 including lens 17 and opening 15 and, as denoted in FIG. 10, frame 14 and overlays 23,29 and, as denoted in FIG. 11, batteries 19, and electrical circuit assembly 22 including light 30. However, and with regard to FIG. 6, a plurality of spaced apart lines 51 are carried by chassis 12. Lines 51 are etched or otherwise applied or attached to the exterior surface 29A of chassis 12 as defined by overlay 29 and are located along an edge of chassis 12 as shown. Lines 51 are graduated in length to indicate the length measurement of an object. Lines 51 are considered length-measuring indicia, and can be applied along another edge of chassis 12 and even along two or more of the four edges chassis 12 defines. The exterior surface 23A of chassis 12 as defined by overlay 23 as

6

depicted in FIG. 9 can be furnished with length measuring indicia if desired, either in lieu of or in addition to the opposing exterior surface of chassis 12 as defined by overlay 29.

With regard to the instant embodiment, device 50 is capable of authorizing a person to charge purchases or services to an account, charges for which the person will be billed periodically. In this vein, a magnetic stripe or magstripe 52 is applied or attached to the exterior surface 29A of chassis 12 as defined by overlay 29, and it can be disposed at the exterior surface 23A of chassis 12 as defined by overlay 23. Magstripe 52 is a surface or medium to which information is capable of being recorded, namely account information that is capable of being read by automated teller machines, store readers and bank and Internet computers. Exterior surface 29A can also be provided with an account number 53, a name 54 of an account holder and an expiration date 55, as with a typical credit or debit card, and this information can be etched, imprinted or otherwise applied or attached to exterior surface 29A. Magstripe 52, number 53, name 54 and expiration date 55 can each be attached to either one of the exterior major surfaces 23A,29A of chassis 12. Device 50 can also be furnished with other identification information such as a signature, picture, work address, home address, etc., so as to function as a means of identification. Magstripe 52 can also be furnished with access codes for the purpose of gaining access to a secured room, building, etc., in response to swiping magstripe 52 through an electronic access device.

With regard to FIG. 11, electric circuit assembly 22 includes conductive attachments or inlays 60. Batteries 19 and light 30 interact with attachments 60. A switch 61 having a conductive feature 62 opposing attachments 60 is pivoted to frame 14 with an integral living hinge and other hinge forms can be used. With regard to FIG. 6, switch 62 extends along a recess 63 formed into an outer edge of chassis 22, namely, the bottom end or edge of chassis 12, so that it can be easily accessed and depressed inwardly toward lens 17. Switch 62 can be located elsewhere and in like form. Switch 62 is normally open and requires positive depression by the user so as to close the circuit and provide light 30 with electrical energy so as to actuate it and cause it to become illuminated.

Attention is now directed to FIGS. 12 and 13, in which there is seen a device, embodying the principle of the instant invention in accordance with another alternate embodiment thereof, generally designated by the reference character 70. In common with the previously described embodiment designated 50, device 70 shares chassis 12, lens 17, opening 15, and the electric circuit assembly including light 30 and switch 61. However, and with regard to FIG. 12, a mirror 71 is attached to chassis 12 on the same side thereof as light 30. Mirror 71 is useful as a vanity mirror and can be attached elsewhere. Device 70 is capable of being taken up by hand and held close to the face for the purpose of viewing in mirror 71. By actuating switch 61 and activating light 30 causing it to emit illumination away from mirror 71, objects reflected into mirror 71 can be illuminated.

Attention is now directed to FIGS. 13 and 14, in which there is seen a device, embodying the principle of the instant invention in accordance with yet another alternate embodiment thereof, generally designated by the reference character 80. In common with the previously described embodiment designated 50, device 80 shares chassis 12, opening 15, and the electric circuit assembly including light 30 and switch 61. In the instant embodiment, however, a two-way lens 81 is attached to chassis 12 and is disposed in opening

13

US 6,565,232 B1

7

15. Lens 81 is capable of being viewed from one side for the purpose of magnifying an object as discussed in connection with device 10, and light 30 is disposed with chassis 12 on the side thereof opposing the magnifying side of lens 81 so that magnified objects can be illuminated by light 30 in response to actuation of switch 61. The opposing side of lens 81 is a mirror and, more particularly, a mirrored surface. This mirror of lens 81 is useful as a vanity mirror. Device 80 is capable of being taken up by hand and held close to the face for the purpose of viewing in mirror 81. By actuating switch 61 and activating light 30 causing it to emit illumination away from mirror 81, objects reflected into mirror 8 can be illuminated.

It is instructive of the invention that a commercial card-sized chassis, in accordance with the principle of the invention, is capable of being provided with a variety of convenience features, namely, a magnifying lens, a mirror, a light that is capable of being activated in response to actuation of a switch, etc. These convenience features can be used together or in any desired combination. The invention also contemplates a commercial card-sized chassis having any one of the foregoing convenience features, whether a magnifying lens, a mirror, a light and associated switch, etc.

The present invention is described above with reference to preferred embodiments. However, those skilled in the art will recognize that changes and modifications may be made in the described embodiments without departing from the nature and scope of the present invention. For instance, any of the foregoing embodiments of the invention can be furnished with additional convenience features such as one or more of 1) a clock, whether digital or analog, 2) an attached key chain, 3) an attached attachment element to which a key chain is capable of being engaged, 4) a pivoted letter opener, 5) a pivoted knife, 6) a pivoted nail file, 7) an edge of the chassis formed as a letter opening edge, 8) an edge of the chassis formed as a knife or cutting edge or some other form of utility edge, 9) pivoted scissors, 10) an applied nail file surface, 11) flashing lights for emergency use and an associated switch for activating the flashing lights, a flip-top cover, etc.

Various changes and modifications to the embodiment herein chosen for purposes of illustration will readily occur to those skilled in the art. To the extent that such modifications and variations do not depart from the spirit of the invention, they are intended to be included within the scope thereof.

Having fully described the invention in such clear and concise terms as to enable those skilled in the art to understand and practice the same, the invention claimed is:

1. Apparatus comprising:

a commercial card-sized chassis having an opening;

a magnifying lens disposed at the opening;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the magnifying side for illuminating objects confronting the magnifying lens.

2. Apparatus of claim 1, wherein the chassis includes opposing major faces and the light is disposed so that it is capable of directing light away from one of the opposing major faces.

3. Apparatus of claim 2, further including a mirror disposed proximate the one of the opposing major faces.

4. Apparatus of claim 1, further including a surface carried by the chassis to which data is capable of being recorded.

8

5. Apparatus of claim 1, further including length-measuring indicia carried by the chassis.

6. Apparatus comprising:

a commercial card-sized chassis having opposing major faces;

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the mirror for illuminating objects confronting the mirror.

7. Apparatus of claim 6, wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

8. Apparatus of claim 6, further including:

an opening through the chassis; and

a magnifying lens disposed at the opening.

9. Apparatus of claim 6, further including a surface carried by the chassis to which data is capable of being recorded.

10. Apparatus of claim 6, further including length-measuring indicia carried by the chassis.

11. Apparatus comprising:

a commercial card-sized chassis;

a two-way lens disposed at the opening, which includes a first side permitting magnification and a second side permitting reflection;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch;

wherein the light is disposed so that is capable of directing light away from the second side of the lens.

12. Apparatus of claim 11, further including a surface carried by the chassis to which data is capable of being recorded.

13. Apparatus of claim 11, further including length-measuring indicia carried by the chassis.

14. Apparatus comprising:

a commercial card-sized chassis having opposing major faces;

a switch carried by the chassis;

a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch; and

the light disposed at one of the opposing major faces for projecting light directly away from and illuminating objects confronting the one of the opposing major faces.

15. Apparatus of claim 14, further including:

an opening through the chassis; and

a magnifying lens disposed at the opening.

16. Apparatus of claim 14, further including a mirror disposed proximate the one of the opposing major faces.

17. Apparatus of claim 16, wherein the light is disposed so that it is capable of directing light away from the mirror illuminating objects confronting the mirror.

18. Apparatus of claim 14, further including a surface carried by the chassis to which data is capable of being recorded.

US 6,565,232 B1

9

19. Apparatus of claim 14, further including length-measuring indicia carried by the chassis.

20. Apparatus comprising:

a commercial card-sized chassis having opposing major faces and an opening;

a magnifying lens disposed at the opening;

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch;

wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

21. Apparatus of claim 20, further including a surface carried by the chassis to which data is capable of being recorded.

22. Apparatus of claim 20, further including length-measuring indicia carried by the chassis.

10

23. Apparatus comprising:

a commercial card-sized chassis having opposing major faces and an opening;

a magnifying lens disposed at the opening;

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed to be capable of projecting light away from and illuminating objects confronting at least one of the magnifying lens and the mirror.

24. Apparatus of claim 23, further including a surface carried by the chassis to which data is capable of being recorded.

25. Apparatus of claim 22, further including length-measuring indicia carried by the chassis.

* * * * *

**1**

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

```
09/18/2001 MGERREM1 00000011 09952798
01 FC:201                    355.00 OP
02 FC:202                    120.00 OP
03 FC:203                     99.00 OP
```

PTO-1556
(5/87)
*U.S. GPO: 1999-459-082/19144

Page 1 of 1

### UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

Bib Data Sheet

CONFIRMATION NO. 5468

| SERIAL NUMBER 09/952,798 | FILING DATE 09/14/2001 RULE | CLASS 362 | GROUP ART UNIT 2875 | ATTORNEY DOCKET NO. 4229-PA1 |
|---|---|---|---|---|

**APPLICANTS**

    Steven H. Goldstein, Scottsdale, AZ;
    Carol D. Goldstein, Scottsdale, AZ;
    Mary Margaret Jelava-Risley, Scottsdale, AZ;
    William Buell Risley, Scottsdale, AZ;

** CONTINUING DATA *************************
    THIS APPLN CLAIMS BENEFIT OF 60/259,420 12/30/2000 

** FOREIGN APPLICATIONS *******************

IF REQUIRED, FOREIGN FILING LICENSE GRANTED** SMALL ENTITY **
** 10/12/2001

| Foreign Priority claimed ☐ yes ☑ no<br>35 USC 119 (a-d) conditions met ☐ yes ☐ no ☑ Met after Allowance<br>Verified and Acknowledged _____ Examiner's Signature _____ Initials | STATE OR COUNTRY AZ | SHEETS DRAWING 5 | TOTAL CLAIMS 31 | INDEPENDENT CLAIMS 6 |
|---|---|---|---|---|

**ADDRESS**

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix ,AZ 85004

**TITLE**

Apparatus having magnifying, illuminating and mirroring attributes

| FILING FEE RECEIVED 574 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

FORM PTO-1082

09-17-01

Case Docket No. 4229-PA1

Commissioner of Patents and Trademarks
Box Patent Application
Washington, D.C.  20231

Sir:

Transmitted herewith for filing is the utility patent application of:

Inventor: STEVEN H. GOLDSTEIN; CAROL D. GOLDSTEIN; MARY MARGARET
          JELAVA-RISLEY; WILLIAM BUELL RISLEY
Entitled: PATIENT DATA COLLECTION SYSTEM

Enclosed are:

 X   34  sheets of specification and claims

 X    5  sheet(s) of drawings and 3 copies of same

___  An Assignment of the invention to:

 X_  Declaration and Power of Attorney (X)Executed   ( )Unexecuted

 X_  Applicant is Small Entity

 X_  Information Disclosure Statement

 X_  Request concerning 18-month publication under 35 U.S.C. 122(b)

___  Also enc.: _____

The filing fee has been calculated as shown below:

| | (Col. 1) | (Col.2) | SMALL ENTITY | | LARGE ENTITY | |
|---|---|---|---|---|---|---|
| FOR: | NO. FILED | NO. EXTRA | RATE | FEE | RATE | FEE |
| BASIC FEE: | 1 | | X355 = | $355 | X710 | |
| TOTAL CLAIMS: | 31 - 20 = | 11 | X  9 = | $ 99  or | X 18 = | $ |
| INDEP CLAIMS: | 6 - 3 = | 3 | X 40 = | $120  or | X 80 = | $ |
| MULTIPLE DEPEND CLAIM PRESENTED | | | X135 = | $    0 or | X270 = | $ |
| CHECK ENCLOSED: | | | TOTAL= | $574 | TOTAL=$ | |

___ Please charge the Deposit Account No. _____  in the amount of
    $_____.
___ The Commissioner is hereby authorized to charge any additional
    fees which may be required, or credit any overpayment to Deposit
    Account No. _____.
___ A duplicate copy of this transmittal sheet is enclosed.

9/14/2001                          Respectfully submitted,
Date

                                   Michael W. Goltry, Reg. No. 39,692

19

1        INFORMATION DISCLOSURE STATEMENT

2

3 TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:

4

5    Your applicants, Steven H. Goldstein, Carol D. Goldstein,

6 Mary Margaret Jelava-Risley and William Buell Risley, inventors

7 of *APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING*

8 *ATTRIBUTES*, application for which is submitted concurrently

9 herewith (MWG Docket No. 4229-PA1), as a duty of candor and good

10 faith toward the United States Patent and Trademark Office, by

11 and through the undersigned Attorney, hereby submit their

12 information disclosure statement in compliance with 37 C.F.R.

13 1.56.

14

15    Applicants are unaware of any information which is material

16 to examination or patentability of the present case.

17

18            Respectfully submitted,

19

20            Michael W. Goltry

21            Attorney for Applicant

22            Registration No. 39,692

23 9/14/2001

24 DATE

25 340 East Palm Lane

26 Suite 260

27 Phoenix, Arizona 85004

28 (602) 252-7494

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:  Steven H. Goldstein et al.     )
                                             )
Serial No.:                                  )
                                             )
Filed:       Herewith                        )
                                             )
Title:       PATENT DATA COLLECTION          )
             SYSTEM                           )

CERTIFICATE OF EXPRESS MAILING

Honorable Commissioner of
 Patents and Trademark
Washington, D.C.   20231

          "Express Mail" mailing label number:     EL894953699US
                    Date of Deposit:               14 September 2001

Dear Sir:

     I hereby certify that the attached Application Transmittal Form;
Declaration and Power of Attorney, executed; Information Disclosure
Statement; Application: Specification, twenty-two (22) pages; Claims,
eleven (11) pages; Abstract, one (1) page; Five (5) sheets informal
drawings and three (3) copies of same; Request Concerning Eighteen-Month
Publication Under 35 U.S.C. 122(b); Check for appropriate fee; and a
postcard are being deposited with the United States Postal Service
"Express Mail Post Office to Addressee" under 37 CFR 1.10 addressed to the
Commissioner of Patents and Trademarks, Washington, D.C. 20231, Box PATENT
APPLICATION on 14 September 2001.

_____          _14 September 2001_____
Signature                                Date

PARSONS & GOLTRY                          Respectfully submitted,
340 East Palm Lane
Suite 260
Phoenix, Arizona  85004
                                          _____
(602) 252-7494                            Michael W. Goltry
                                          Attorney for Applicant
                                          Registration No. 39,692

21

REQUEST CONCERNING EIGHTEEN-MONTH PUBLICATION
UNDER 35 U.S.C. 122(b)

TO THE COMMISSIONER OF PATENTS AND TRADEMARKS:

Your applicants, Steven H. Goldstein, Carol D.
Goldstein, Mary Margaret Jelava-Risley and William Buell
Risley, inventors of *APPARATUS HAVING MAGNIFYING,
ILLUMINATING AND MIRRORING ATTRIBUTES*, application for
which is submitted concurrently herewith (MWG Docket No.
4229-PA1), certify that this application has not and will
not be the subject of an application filed in another
country, and respectfully request that the application not
be published at eighteen months.

Respectfully submitted,

Michael W. Goltry
Attorney for Applicant
Registration No. 39,692

9/14/2001
DATE
340 East Palm Lane
Suite 260
Phoenix, Arizona 85004
(602) 252-7494

22

APPARATUS HAVING MAGNIFYING, ILLUMINATING
AND MIRRORING ATTRIBUTES

Invented by

Steven H. Goldstein

a resident of

10552 East Cannon Drive
Scottsdale, Arizona 85258

and

Carol D. Goldstein

a resident of

10552 East Cannon Drive
Scottsdale, Arizona 85258

and

Mary Margaret Jelava-Risley

a resident of

10475 North 105th Way
Scottsdale, Arizona 85258

and

William-Buell Risley

a resident of

10475 North 105th Way
Scottsdale, Arizona 85258

all citizens of
the United States

1          APPARATUS HAVING MAGNIFYING, ILLUMINATING

2                  AND MIRRORING ATTRIBUTES

3

4                         ABSTRACT

5

6      Disclosed is a chassis having opposing major faces and

7    an opening.  The chassis is approximately the size of a

8    commercial card, namely, a bankcard such as a credit card

9    or a debit card, which are ubiquitous in modern society.  A

10   magnifying lens is disposed at the opening.  The chassis

11   carries a switch and a light.  The light is capable of

12   being actuated in response to actuation of the switch and

13   is disposed so that it is capable of directing light away

14   from the chassis so that objects can be magnified and

15   illuminated.

34

1        APPARATUS HAVING MAGNIFYING, ILLUMINATING

2           AND MIRRORING ATTRIBUTES

3

4

5        CROSS-REFERENCE TO RELATED APPLICATIONS

6

7    This application claims the benefit of Provisional

8  Application Serial Number 60/259,420, filed 12/30/2000.

9

10

11           Field of the Invention

12

13    This invention relates to devices having magnifying,

14  illuminating and mirroring attributes and to bankcards.

15

16         Background of the Invention

17

18    Commercial cards, namely, credit cards and debit

19  cards, are ubiquitous in modern society as are phone cards

20  and insurance cards.  Cards such as these are approximately

21  3-1/8 inches long by 2-1/8 inches wide, and people carry

22  and store these cards in sleeve-like

23  compartments/receptacles formed in wallets and day timers

24  and other forms of personal carrying devices that are

1

1  specifically sized for holding cards of this size.

2

3  Many people have difficulty seeing, especially the

4  elderly and those that suffer from cataracts, glaucoma,

5  macular degeneration and other eye diseases and disorders,

6  in addition to presbyopia and weakening of the eyes due to

7  aging.  Visually-impaired individuals usually employ visual

8  aids to help them see, such as glasses, bifocals and

9  magnifying glasses, and these visual aids for many are

10  especially necessary in low light atmospheres, such as in

11  dark restaurants and dimly lit rooms.  Enhanced

12  illumination is also often required for individuals to see

13  in dark atmospheres.

14

15  Given the ubiquity of commercial cards and the

16  associated ubiquity of the wallets and day timers and other

17  personal carrying devices having storage features

18  specifically designed for storing commercial cards, it

19  would be highly desirable to provide a device that in size

20  is substantially equal to that of a conventional commercial

21  card and that incorporates visual aid and illumination

22  attributes.  It is intended that a device such as this is

23  to be stored in a wallet, day timer or other personal

24  carrying device along with bank cards and the like.

2

1           Summary of the Invention

2

3          The above problems and others are at least partially

4    solved and the above purposes and others realized in new

5    and improved apparatus having magnifying, illuminating and

6    mirroring attributes.  In accordance with the principle of

7    the invention, a preferred embodiment of the invention is a

8    device that includes a chassis having an opening and a

9    magnifying lens disposed at the opening.  The size of the

10   chassis approximates that of a commercial card, namely, a

11   credit card or debit card, which are ubiquitous throughout

12   modern society.  The chassis supports a switch and a light

13   that is capable of being actuated in response to actuation

14   of the switch.  Preferably, the chassis includes opposing

15   major faces and the light is disposed so that it is capable

16   of directing light away from one of the opposing major

17   faces.  The light can, however, be disposed at other

18   locations along chassis.  The device of this embodiment can

19   also be furnished with additional features.  For instance,

20   a mirror is capable of being disposed at one of the

21   opposing major faces and preferably the major face away

22   from which the light directs illumination.  A surface, such

23   as a magnetic stripe, is capable of being attached to the

24   chassis to which data is capable of being recorded.

3

1  Length-measuring indicia is capable of being disposed along

2  an edge of the chassis, which is capable of being used for

3  carrying out length measuring tasks.

4

5      In accordance with the principle of the invention,

6  provided is another embodiment including a device that

7  consists of a commercial card-sized chassis having opposing

8  major faces and a mirror disposed at one of the opposing

9  major faces.  The chassis supports a switch and a light

10  that is capable of being actuated in response to actuation

11  of the switch.  The light is disposed so that it is capable

12  of directing light away from the mirror.  The device of the

13  instant embodiment can also be furnished with additional

14  features.  For instance, the chassis is capable of being

15  provided with an opening and a magnifying lens disposed at

16  the opening.  A surface, such as a magnetic stripe, is

17  capable of being attached to the chassis to which data is

18  capable of being recorded.  Length-measuring indicia is

19  capable of being disposed along an edge of the chassis,

20  which is capable of being used for carrying out length

21  measuring tasks.

22

23      In accordance with the principle of the invention,

24  provided is yet another embodiment including a device that

4

1    consists of a commercial card-sized chassis and a two-way
2    lens disposed at the opening, which includes a magnifying
3    side permitting magnification and a mirror side permitting
4    reflection.  The chassis supports a switch and a light that
5    is capable of being actuated in response to actuation of
6    the switch.  The light is disposed so that it is capable of
7    directing light away from the mirror side.  The device of
8    the  instant  embodiment  can  also  be  furnished  with
9    additional  features.  For  instance,  a  surface,  such  as  a
10   magnetic  stripe,  is  capable  of  being  attached  to  the
11   chassis  to  which  data  is  capable  of  being  recorded.
12   Length-measuring indicia is capable of being disposed along
13   an edge of the chassis, which is capable of being used for
14   carrying out length measuring tasks.
15

16        In  accordance  with  the  principle  of  the  invention,
17   provided is yet another embodiment including a device that
18   consists  of  a  commercial  card-sized  chassis,  a  switch
19   carried by the chassis and a light carried by the chassis
20   that  is  capable  of  being  actuated  in  response  to  actuation
21   of  the  switch.  The  device  of  the  instant  embodiment  can
22   also  be  furnished  with  additional  features.  For  instance,
23   a mirror is capable of being attached to the chassis.  The
24   chassis  is  further  capable  of  being  provided  with  an

5

1  opening and a magnifying lens disposed at the opening.  A

2  surface, such as a magnetic stripe, is capable of being

3  attached to the chassis to which data is capable of being

4  recorded.   Length-measuring indicia is capable of being

5  disposed along an edge of the chassis, which is capable of

6  being used for carrying out length measuring tasks.

7

8       In accordance with the principle of the invention,

9  provided is yet still another embodiment including a device

10  that consists of a commercial card-sized chassis including

11  opposing major faces and an opening, a magnifying lens

12  disposed at the opening and a mirror disposed proximate one

13  of the opposing major faces.   The device of the instant

14  embodiment can also be furnished with additional features.

15  For instance, the chassis is capable of being fitted with a

16  switch and a light that is capable of being actuated in

17  response to actuation of the switch.   The light is further

18  capable of being disposed so that it is capable of

19  directing light away from the mirror.  A surface, such as a

20  magnetic stripe, is capable of being attached to the

21  chassis to which data is capable of being recorded.

22  Length-measuring indicia is capable of being disposed along

23  an edge of the chassis, which is capable of being used for

24  carrying out length measuring tasks.

6

1       Consistent with the foregoing, the invention also
2    contemplates associated methods.

7

```
 1              BRIEF DESCRIPTION OF THE DRAWINGS

 2

 3       Referring to the drawings:

 4

 5       FIG. 1 is an isometric view of device including a

 6    chassis having an opening and a magnifying lens disposed at

 7    the opening, in accordance with the principle of the

 8    invention;

 9

10       FIG. 2 is an exploded view of the device of FIG. 1;

11

12       FIG. 3 is an enlarged sectional view taken along line

13    3-3 of FIG. 1;

14

15       FIG. 4 is an enlarged sectional view taken along line

16    4-4 of FIG. 1;

17

18       FIG. 5 is a schematic representation of an electrical

19    circuit useful with the device of the invention first

20    illustrated in FIG. 1;

21

22       FIG. 6 is a top plan of a device including a chassis

23    having an opening, a magnifying lens disposed at the

24    opening, a switch carried by the chassis and a light
```

8

32

1    carried by the chassis that is capable of being actuated in

2    response to actuation of the switch, in accordance with the

3    principle of the invention;

4

5        FIG. 7 is a side elevation of the device of FIG. 1,

6    the opposing side elevation being a substantial mirror

7    image thereof;

8

9        FIG. 8 is a bottom end elevation of the device of FIG.

10   1;

11

12       FIG. 9 is a bottom plan of the device of FIG. 1;

13

14       FIG. 10 is an exploded bottom end elevation of the

15   device of FIG. 1, illustrating a chassis and opposing

16   overlays;

17

18       FIG. 11 is a top plan of the chassis of FIG. 10;

19

20       FIG. 12 is an isometric view of a device including a

21   chassis having an opening, a magnifying lens disposed at

22   the opening, a mirror disposed proximate one of the

23   opposing major faces, a switch carried by the chassis, and

24   a light carried by the chassis that is capable of being

9

33

1    actuated in response to actuation of the switch, in

2    accordance with the principle of the invention;

3

4         FIG. 13 is another isometric view of the device of

5    FIG. 12;

6

7         Fig. 14 is an isometric view of a device including a

8    chassis, a two-way lens disposed at the opening, which

9    includes a first side permitting magnification and a second

10   side permitting reflection, a switch carried by the

11   chassis, and a light carried by the chassis that is capable

12   of being actuated in response to actuation of the switch,

13   in accordance with the principle of the invention; and

14

15        FIG. 15 is another isometric view of the device of

16   FIG. 14.

10

34

1          DETAILED DESCRIPTION OF PREFERRED EMBODIMENTS

2

3          Turning now to the drawings, in which like reference

4     characters indicate corresponding elements throughout the

5     several views, attention is first directed to Fig. 1 in

6     which is seen a device, embodying the principle of the

7     instant invention, generally indicated by the reference

8     character 10 and including a chassis 12 having an attached

9     magnifying lens 17. Chassis 12, as seen in detail in FIG.

10    2, includes a frame 14 having an opening 15 sized and

11    shaped to receive magnifying lens 17, openings 18 sized and

12    shaped to receive batteries 19 and an opening 20 sized and

13    shaped to receive electric circuit assembly 22.

14    Preferably, frame 14 is fabricated of a semi-flexible

15    material, such as that commonly used to fabricate

16    commercial/bank cards such as credit and debit cards.

17    Other materials can be used. Batteries 19 provide device

18    10 with needed electrical power and are of the type

19    commercially available for use in electric wristwatches,

20    calculators, etc. Device can be solar-powered and

21    furnished with conventional solar empowering attachments if

22    so desired.

23

24         A top cover or overlay 23 is bonded, such as with

11

35

1    adhesive or lamination or heat bonding, to the topside of

2    frame 14 and is considered part of chassis 12.  Overlay 23

3    includes a panel portion 24 that extends over openings

4    18,20 and acts as a top retainer for batteries 19 and

5    electric circuit assembly 22 and defines a major exterior

6    side or face of device 10.  Overlay 23 further includes an

7    opening 25 that is sized and shaped to receive magnifying

8    lens 17.  Lens 17 is held in a seat formed by chassis 12

9    and it can be attached with a seating engagement, heat

10   bonding, adhesive, etc.  Advertising, identification or

11   other indicia are capable of being imprinted upon, etched

12   upon or otherwise applied or attached to the exterior side

13   of overlay 23 at panel portion 24 so as to be capable of

14   being easily visualized or accessed, and it can be applied

15   at other locations along the exterior side of overlay 23.

16   A bottom overlay is bonded to the bottom side of frame 14

17   in a manner like that of overlay 23, is considered part of

18   chassis 12 and is the mirror image overlay 23.  Like

19   overlay 23, the bottom overlay extends over openings 18,20

20   and acts as a bottom retainer for batteries and electrical

21   circuit assembly 22 and defines the other major exterior

22   side or face of device 10 opposing the exterior side or

23   face of device as defined by overlay 23.  In common to

24   overlay 23, the bottom overlay further includes an opening

12

1   that is sized and shaped to receive magnifying lens 17.

2   Bottom overlay is depicted in FIG. 3 and is denoted at 29.

3   Advertising, identification or other indicia are capable of

4   being imprinted upon, etched upon or otherwise applied or

5   attached to the exterior side of the bottom overlay so as

6   to be capable of being easily visualized or accessed.  Lens

7   17 is visible through the two openings of the overlays.

8   Electrical conductive strips 27 are attached to frame 14

9   and extend between and conductively interact with batteries

10  19 and electric circuit assembly 22, which permits

11  electrical power to pass from batteries 19 to electric

12  circuit assembly 22.

13

14      FIG. 3 is a sectional view taken along line 3-3 of

15  FIG. 1 and shows a general schematic representation of the

16  cooperation between batteries 19, conductive strips 27 and

17  electric circuit assembly 22, as they would appear

18  contained between overlays 23,29.  Electric circuit

19  assembly 22 is furnished with an attached switch 26 and an

20  attached light 30.  Switch 26 and light 30 are considered

21  part of electric circuit assembly 22.  Electric circuit

22  assembly 22, switch 26 and light 30 are capable of be

23  attached to chassis 12 at separate locations if desired.

24  Light 30 is a light emitting diode or other form of light

13

1  emitting element, and is capable of being actuated in

2  response to actuation of switch 26. An opening 31 is

3  formed through overlay 29 and light 30 is disposed adjacent

4  opening 31. Light 30 can be disposed to extend into

5  opening 31 and even into and through opening if desired.

6  When light 30 actuates in response to actuation of switch

7  26 and illuminates, light emitted therefrom projects

8  outwardly from opening 31 and away from device 10 and, more

9  particularly, away from the exterior face of device 10 as

10  defined by overlay 23. This orientation can be reversed,

11  with light 30 disposed in connection with the bottom

12  overlay. FIG. 4 is further instructive of the association

13  between conductive strips 27, batteries 19 and electric

14  circuit assembly 22.

15

16  FIG. 5 is illustrative of the electrical system that

17  is employed in connection with the invention, as provided

18  by electric circuit assembly 22. Switch 26 is normally

19  open and requires positive depression by the user so as to

20  close the circuit and provide light 30 with electrical

21  energy so as to actuate it and cause it to become

22  illuminated. Electric circuit assembly 22, which is a

23  printed circuit board, includes light 30, a surface-mount

24  resistor 28 and switch 26. Contact strips 27 connect

14

1  batteries 19 and also connect batteries 19 to electric

2  circuit assembly 22.

3

4      In sum, the invention described in connection with

5  FIGS. 1-6 is a chassis 12 having opposing major faces or

6  sides. Magnifying lens 17 is attached to chassis 17 and is

7  disposed at an opening of chassis 17 and can be viewed from

8  either side thereof for magnifying objects. Chassis 12

9  carries switch 26 and light 30, and light 30 is capable of

10 being actuated in response to actuation of switch 26.

11 Actuation of switch 26 occurs upon depression thereof such

12 as with a finger/thumb, and a depressive force is capable

13 of being applied against overlay 23, which depressive force

14 is capable of being transferred therefrom to switch 26.

15 Overlay 23 is sufficiently flexible so that it is capable

16 of being easily influenced in response to a modest

17 depressive force, such as from a force applied with a

18 finger. Generally in common with a ubiquitous commercial

19 card such as a credit or debit card, chassis 12 is thin and

20 is approximately 3-1/8 inches long by 2-1/8 inches wide.

21 And so chassis 12 is of a size that is substantially

22 similar to the size of a commercial card, namely, a

23 bankcard such as a credit card or a debit card. As a

24 result, device 10 is capable of being easily stored in a

15

1 card sleeve/receptacle of a wallet, a day timer or other

2 personal carrying device of a type having one or more

3 sleeves or receptacles that are designed specifically to

4 accommodate commercial cards such as bank cards and other

5 cards such as a drivers licenses and the like.  Device 10

6 is easily taken up by hand is useful for magnifying objects

7 such as the text of a menu, book, newspaper, etc.   By

8 directing light 30 toward an object and depressing switch

9 26 so as to activate light 30, the object is capable of

10 being illuminated by light 30 and viewed through lens 17 so

11 as to be magnified and illuminated.   Light 30 can be

12 located anywhere, but is preferably disposed in such a way

13 that permits objects to be magnified and illuminated, for

14 convenience.  Although device 10 employs two batteries 19,

15 less or more can be employed.  Also, device 10 can be

16 employed without lens 17, so as to function as an

17 illumination device.

18

19      Attention is now directed to FIGS. 6-11, in which

20 there is seen a device, embodying the principle of the

21 instant invention in accordance with an alternate

22 embodiment thereof, generally designated by the reference

23 character 50.  FIG. 6 is a top plan view of device 50, FIG.

24 7 is a side elevation of device 50 with the opposing side

16

40

1    elevation being a substantial mirror image thereof, FIG. 8

2    is a bottom end elevation of device 50 and FIG. 9 is a

3    bottom plan of device 50.  In common with the previously

4    described  embodiment  designated  10,  device  50  shares

5    chassis 12 including lens 17 and opening 15 and, as denoted

6    in FIG. 10, frame 14 and overlays 23,29 and, as denoted in

7    FIG. 11, batteries 19, and electrical circuit assembly 22

8    including light 30.  However, and with regard to FIG. 6, a

9    plurality of spaced apart lines 51 are carried by chassis

10   12.   Lines 51 are etched or otherwise applied or attached

11   to the exterior surface 29A of chassis 12 as defined by

12   overlay 29 and are located along an edge of chassis 12 as

13   shown.   Lines 51 are graduated in length to indicate the

14   length measurement of an object.   Lines 51 are considered

15   length-measuring indicia, and can be applied along another

16   edge of chassis 12 and even along two or more of the four

17   edges chassis 12 defines.   The exterior surface 23A of

18   chassis 12 as defined by overlay 23 as depicted in FIG. 9

19   can be furnished with length measuring indicia if desired,

20   either in lieu of or in addition to the opposing exterior

21   surface of chassis 12 as defined by overlay 29.

22

23       With regard to the instant embodiment, device 50 is

24   capable of authorizing a person to charge purchases or

17

41

1    services to an account, charges for which the person will

2    be billed periodically.  In this vein, a magnetic stripe or

3    magstripe 52 is applied or attached to the exterior surface

4    29A of chassis 12 as defined by overlay 29, and it can be

5    disposed at the exterior surface 23A of chassis as defined

6    by overlay 23.  Magstripe 52 is a surface or medium to

7    which information is capable of being recorded, namely

8    account information that is capable of being read by

9    automated teller machines, store readers and bank and

10   Internet computers.  Exterior surface 29A can also be

11   provided with an account number 53, a name 54 of an account

12   holder and an expiration date 55, as with a typical credit

13   or debit card, and this information can be etched,

14   imprinted or otherwise applied or attached to exterior

15   surface 29A.  Magstripe 52, number 53, name 54 and

16   expiration date 55 can each be attached to either one of

17   the exterior major surfaces 23A,29A of chassis 12.  Device

18   50 can also be furnished with other identification

19   information such as a signature, picture, work address,

20   home address, etc., so as to function as a means of

21   identification.  Magstripe 52 can also be furnished with

22   access codes for the purpose of gaining access to a secured

23   room, building, etc., in response to swiping magstripe 52

24   through an electronic access device.

18

1    With regard to FIG. 11, electric circuit assembly 22

2  includes conductive attachments or inlays 60. Batteries 19

3  and light 30 interact with attachments 60. A switch 61

4  having a conductive feature 62 opposing attachments 60 is

5  pivoted to frame 14 with an integral living hinge and other

6  hinge forms can be used. With regard to FIG. 6, switch 62

7  extends along a recess 63 formed into an outer edge of

8  chassis 22, namely, the bottom end or edge of chassis 12,

9  so that it can be easily accessed and depressed inwardly

10  toward lens 17. Switch 62 can be located elsewhere and in

11  like form. Switch 62 is normally open and requires

12  positive depression by the user so as to close the circuit

13  and provide light 30 with electrical energy so as to

14  actuate it and cause it to become illuminated.

15

16    Attention is now directed to FIGS. 12 and 13, in which

17  there is seen a device, embodying the principle of the

18  instant invention in accordance with another alternate

19  embodiment thereof, generally designated by the reference

20  character 70. In common with the previously described

21  embodiment designated 50, device 70 shares chassis 12, lens

22  17, opening 15, and the electric circuit assembly including

23  light 30 and switch 61. However, and with regard to FIG.

24  12, a mirror 71 is attached to chassis 12 on the same side

19

1    thereof as light 30.   Mirror 71 is useful as a vanity

2    mirror and can be attached elsewhere.   Device 70 is capable

3    of being taken up by hand and held close to the face for

4    the purpose of viewing in mirror 71.   By actuating switch

5    61 and activating light 30 causing it to emit illumination

6    away from mirror 71, objects reflected into mirror 71 can

7    be illuminated.

8

9         Attention is now directed to FIGS. 13 and 14, in which

10   there is seen a device, embodying the principle of the

11   instant invention in accordance with yet another alternate

12   embodiment thereof, generally designated by the reference

13   character 80.   In common with the previously described

14   embodiment designated 50, device 80 shares chassis 12,

15   opening 15, and the electric circuit assembly including

16   light 30 and switch 61.   In the instant embodiment,

17   however, a two-way lens 81 is attached to chassis 12 and is

18   disposed in opening 15.   Lens 81 is capable of being viewed

19   from one side for the purpose of magnifying an object as

20   discussed in connection with device 10, and light 30 is

21   disposed with chassis 12 on the side thereof opposing the

22   magnifying side of lens 81 so that magnified objects can be

23   illuminated by light 30 in response to actuation of switch

24   61.   The opposing side of lens 81 is a mirror and, more

20

44

1  particularly, a mirrored surface.  This mirror of lens 81

2  is useful as a vanity mirror.  Device 80 is capable of

3  being taken up by hand and held close to the face for the

4  purpose of viewing in mirror 81.  By actuating switch 61

5  and activating light 30 causing it to emit illumination

6  away from mirror 81, objects reflected into mirror 8 can be

7  illuminated.

8

9      It is instructive of the invention that a commercial

10 card-sized chassis, in accordance with the principle of the

11 invention, is capable of being provided with a variety of

12 convenience features, namely, a magnifying lens, a mirror,

13 a light that is capable of being activated in response to

14 actuation of a switch, etc.  These convenience features can

15 be used together or in any desired combination.  The

16 invention also contemplates a commercial card-sized chassis

17 having any one of the foregoing convenience features,

18 whether a magnifying lens, a mirror, a light and associated

19 switch, etc.

20

21     The present invention is described above with

22 reference to preferred embodiments.  However, those skilled

23 in the art will recognize that changes and modifications

24 may be made in the described embodiments without departing

21

1  from the nature and scope of the present invention.  For

2  instance, any of the foregoing embodiments of the invention

3  can be furnished with additional convenience features such

4  as one or more of 1)a clock, whether digital or analog,

5  2)an attached key chain, 3)an attached attachment element

6  to which a key chain is capable of being engaged, 4)a

7  pivoted letter opener, 5) a pivoted knife, 6)a pivoted nail

8  file, 7)an edge of the chassis formed as a letter opening

9  edge, 8)an edge of the chassis formed as a knife or cutting

10  edge or some other form of utility edge, 9)pivoted

11  scissors, 10)an applied nail file surface, 11)flashing

12  lights for emergency use and an associated switch for

13  activating the flashing lights, a flip-top cover, etc.

14

15      Various changes and modifications to the embodiment

16  herein chosen for purposes of illustration will readily

17  occur to those skilled in the art.  To the extent that such

18  modifications and variations do not depart from the spirit

19  of the invention, they are intended to be included within

20  the scope thereof.

21

22      Having fully described the invention in such clear and

23  concise terms as to enable those skilled in the art to

24  understand and practice the same, the invention claimed is:

22

46

CLAIMS

1.    Apparatus comprising:

a commercial card-sized chassis having an opening; and

a magnifying lens disposed at the opening.

2.    Apparatus of claim 1, further including:

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch.

3.    Apparatus of claim 2, wherein the chassis includes opposing major faces and the light is disposed so that it is capable of directing light away from one of the opposing major faces.

4.    Apparatus of claim 3, further including a mirror disposed proximate the one of the opposing major faces.

23

4
5.    Apparatus of claim 1, further including a surface carried by the chassis to which data is capable of being recorded.

5
6.    Apparatus of claim 1, further including length-measuring indicia carried by the chassis.

7.   Apparatus comprising:

a commercial card-sized chassis having opposing major faces; and

a mirror disposed proximate one of the opposing major faces.

8.   Apparatus of claim 7, further including:

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch.

9.   Apparatus of claim 8, wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

10.  Apparatus of claim 7, further including:

an opening through the chassis; and

a magnifying lens disposed at the opening.

25

11. *(9)* Apparatus of claim 7, *(6)* further including a surface carried by the chassis to which data is capable of being recorded.

12. *(10)* Apparatus of claim 7, *(6)* further including length-measuring indicia carried by the chassis.

26

13.  Apparatus comprising:

    a commercial card-sized chassis; and

    a two-way lens disposed at the opening, which includes a first side permitting magnification and a second side permitting reflection.

14.  Apparatus of claim 13, further including:

    a switch carried by the chassis; and

    a light carried by the chassis that is capable of being actuated in response to actuation of the switch.

15.  Apparatus of claim 14, wherein the light is disposed so that is capable of directing light away from the second side of the lens.

16.  Apparatus of claim 13, further including a surface carried by the chassis to which data is capable of being recorded.

27

51

13

17.   Apparatus of claim 13, further including length-
measuring indicia carried by the chassis.

28

52

18. Apparatus comprising:



a commercial card-sized chassis having opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch.

15                              14
19. Apparatus of claim 18, further including:

an opening through the chassis; and

a magnifying lens disposed at the opening.



20. Apparatus of claim 18, further including a mirror disposed proximate one of the opposing major faces.

21. Apparatus of claim 20, wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

29

18
:22.  Apparatus of claim 18; further including a
surface carried by the chassis to which data is capable of
being recorded.

19
.23.  Apparatus of claim 18; further including length-
measuring indicia carried by the chassis.

24.  Apparatus comprising:

a commercial card-sized chassis having opposing major faces and an opening;

a magnifying lens disposed at the opening; and

a mirror disposed proximate one of the opposing major faces.


25.  Apparatus of claim 24, further including:

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch.

26.  Apparatus of claim 25, wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

27.  Apparatus of claim 24, further including a surface carried by the chassis to which data is capable of being recorded.

31

28. Apparatus of claim 24, further including length-measuring indicia carried by the chassis.

IOXH60 "06472S990

32

29.  Apparatus comprising:

a commercial card-sized chassis having opposing major faces and an opening;

a magnifying lens disposed at the opening;

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch, the light being disposed so that it is capable of directing light away from the one of the opposing major faces.

30.  Apparatus of claim 29, further including a surface carried by the chassis to which data is capable of being recorded.

31.  Apparatus of claim 28, further including length-measuring indicia carried by the chassis.

33

DECLARATION AND POWER OF ATTORNEY FOR PATENT APPLICATION

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled *APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES* (MWG Docket Number 4229-PA1) the specification of which:

__x__ is attached hereto.

_____ was filed on _____ as Application

Serial No._____ and was amended on_____
                                              (if applicable)

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)                    Priority Claimed

                                                  Yes     No
_____
(Number)    (Country)  (Day/Mo./Yr. Filed

                                                  Yes     No
_____
(Number)    (Country)  (Day/Mo./Yr. Filed

                                                  Yes     No
_____
(Number)    (Country)  (Day/Mo./Yr. Filed

1

I hereby claim the benefit under Title 35, United States Code, §120 of any United States applications(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States Application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

(Applic. S/N) (Filing Date) (Status--pend., pat., abandoned)

I hereby claim the benefit under Title 35, United States Code § 119(e) to U.S. Provisional Application Serial Number 60/259,420, filed 30 December 2000.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

POWER OF ATTORNEY

As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith. (list name and registration number)

Robert A. Parsons, Reg. No. 32,713
Michael W. Goltry, Reg. No. 39,692

Send correspondence to:  Michael W. Goltry
PARSONS & GOLTRY
340 East Palm Lane
Suite 260
Phoenix, Arizona    85004
Direct Telephone Calls to:Michael W. Goltry
(602) 252-7494

Full name of sole or first inventor:  Steven H. Goldstein

Inventor's signature _____ Date 9-13-2001
Residence:  10552 E. Cannon Drive
Scottsdale AZ  85258
Citizenship:  U.S.A.
Post Office Address:   SAME AS ABOVE

2

Full name of second inventor:  Carol D. Goldstein

Inventor's signature _Carol D. Goldstein_ Date _9/13/01_
Residence:  10552 E. Cannon Drive
           Scottsdale AZ  85258
Citizenship:  U.S.A.
Post Office Address:  SAME AS ABOVE

Full name of third inventor:  Mary Margaret Jelava-Risley

Inventor's signature _Mary Margret Jelava Risl_ Date _Sept. 13, 2001_
Residence:  10475 N. 105th Way
           Scottsdale AZ 85258
Citizenship:  U.S.A.
Post Office Address:  SAME AS ABOVE

Full name of fourth inventor:  William Buell Risley

Inventor's signature _W. Buell Risley_ Date _9-13-01_
Residence:  10475 N. 105th Way
           Scottsdale AZ 85258
Citizenship:  U.S.A.
Post Office Address:  SAME AS ABOVE

3

PRINT OF DRAW
AS ORIGINALLY    ED



Figure: 1



Figure: 3



PRINT OF DRAW___ S
AS ORIGINALLY ___ED



Fig. 2

PRINT OF DRAWD ⋯
AS ORIGINALLY ⋯ D

Figure: 4



Figure: 5





PRINT OF DRAWINGS
AS ORIGINALLY FILED



FIG. 6

FIG. 7

FIG. 8

FIG. 9

FIG. 10

FIG. 11

64

PRINT OF DRAWINGS
AS ORIGINALLY      D



FIG. 13

FIG. 12

FIG. 15

FIG. 14

**2**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PA1 | 5468 |

7590    04/29/2002

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ  85004

| EXAMINER |
|---|
| CHOI, JACOB Y |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2875 | |

DATE MAILED: 04/29/2002

2

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/952,798 | GOLDSTEIN ET AL. |
| | Examiner | Art Unit |
| | Jacob Y Choi | 2875 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>14 September 2001</u>.

2a) ☐ This action is FINAL.    2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-31</u> is/are pending in the application.

　　4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-31</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

　　Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

　　If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

　　a)☐ All　b)☐ Some * c)☐ None of:

　　　1.☐ Certified copies of the priority documents have been received.

　　　2.☐ Certified copies of the priority documents have been received in Application No. _____.

　　　3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

　　* See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

　　a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____.

4) ☐ Interview Summary (PTO-413) Paper No(s). _____.

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other: _____

Application/Control Number: 09/952,798                                      Page 2
Art Unit: 2875

## DETAILED ACTION

### *Drawings*

1.      This application has been filed with informal drawings which are acceptable for

examination purposes only.  Formal drawings will be required when the application is

allowed..

### *Claim Rejections - 35 USC § 102*

2.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

3.      Claims 1 & 5 are rejected under 35 U.S.C. 102(b) as being anticipated by

Finkelstein et al. (USPN 5,608,203).

Regarding claim 1, Finkelstein et al. fully discloses a commercial card-sized

chassis having an opening (#30-33), and a magnifying lens (#24) disposed at the

opening.

Regarding claim 5, Finkelstein et al. fully discloses a surface carried by the

chassis to which date is capable of being recorded (#14).

4.      Claim 7 is rejected under 35 U.S.C. 102(b) as being anticipated by Kite (USPN

4,889,419).

Application/Control Number: 09/952,798                                        Page 3
Art Unit: 2875

Regarding claim 7, Kite fully discloses a commercial card-sized chassis having

opposing major faces (shown in all Figures), and a mirror (#40) disposed proximate one

of the opposing major faces.

5.      Claim 18 is rejected under 35 U.S.C. 102(b) as being anticipated by Dalton et al.

(USPN 6,070,990).

Regarding claim 18, Dalton et al. fully discloses a commercial card-sized chassis

having opposing major faces, a switch carried by the chassis, and a light carried by the

chassis that is capable of being actuated in response to actuation of the switch.

### Claim Rejections - 35 USC § 103

6.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

7.      Claims 2 & 3 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Finkelstein et al. (USPN 5,608,203) in view of Dalton et al. (USPN 6,070,990).

Regarding claim 2, Finkelstein et al. discloses claimed invention, explained

above.  Finkelstein et al. does not specifically discloses a switch carried by the chassis,

and a light carried by the chassis that is capable of being actuated in response to

actuation of the switch.  However, Dalton et al. discloses a card light assembly having a

switch (column 2-3, lines 55-10 – also shown in Figure 3) carried by the chassis, and a

light (#36) carried by the chassis that is capable of being actuated in response to

actuation of the switch.  It would have been obvious at the time the invention was made

Application/Control Number: 09/952,798                                         Page 4
Art Unit: 2875

to a person having an ordinary skill in the art to combine teachings of Finkelstein et al.

(credit card with magnifying lens) with Dalton et al. (card lighting device), because

invention of Dalton et al. relates to card lights, particularly to a disposable flashlight of

credit card size to readily fit within a wallet or purse for use in finding items or to see

things up close.  Therefore, lighting means of Dalton et al. can be easily combined with

a credit card of Finkelstein et al. with a simple magnifying lens means.

        Regarding claim 3, Finkelstein et al. in view of Dalton et al. discloses claimed

invention, explained above.  In addition, Dalton et al. discloses the chassis (shown in

Figures 1 & 2) includes opposing faces (corner side of the card) and the light is

disposed so that it is capable of directing light away from one of the opposing faces.  It

would have been obvious to one having ordinary skill in the art at the time the invention

was made to locate the light onto the opposing major faces, since it has been held that

rearranging parts of an invention involves only routine skill in the art.  *In re Japikse*, 86

USPQ 70.

8.      Claims 4 & 6 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Finkelstein et al. (USPN 5,608,203) in view of Dalton et al. (USPN 6,070,990) as

applied to claims 2 & 3 above, and further in view of Kite (USPN 4,889,419).

        Regarding claim 4, Finkelstein et al. or Dalton et al. does not specifically disclose

a card having a mirror disposed proximate the one of the opposing major faces.  Kite

discloses a mirror (#40) disposed proximate the one of the opposing major faces

(shown in all Figures).  It would have been obvious at the time the invention was made

to a person having an ordinary skill in the art to combine teachings of either Finkelstein

Application/Control Number: 09/952,798                                    Page 5
Art Unit: 2875

et al. or Dalton et al. with teachings of Kite because mentioned references relates to a

credit card or card like device having different feature and providing a mirror to a card

device would have been obvious to combine with rest of the features, such as

magnifying lens and a light means with its corresponding switch.

Regarding claim 6, Finkelstein et al. discloses claimed invention, explained

above, except for a measuring indicia, which is carried by the chassis. It would have

been obvious to one having ordinary skill in the art at the time the invention was made

to combine measure feature to a card device disclosed by Finkelstein et al, since it was

known in the art that flat surface, which is carried out by each edges of the card, can be

utilized as a measuring means with desired increments.

9.      Claims 8 & 9 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kite (USPN 4,889,419) in view of Dalton et al. (USPN 6,070,990).

Regarding claim 8, Kite discloses claimed invention, explained above. Kite does

not specifically disclose a switch carried by the chassis, and a light carried by the

chassis that is capable of being actuated in response to actuation of the switch.

However, Dalton et al. discloses a card light assembly having a switch (column 2-3,

lines 55-10 – also shown in Figure 3) carried by the chassis, and a light (#36) carried by

the chassis that is capable of being actuated in response to actuation of the switch. It

would have been obvious at the time the invention was made to a person having an

ordinary skill in the art to combine teachings of Kite (credit card with a mirror) with

Dalton et al. (card lighting device), because invention of Dalton et al. relates to card

lights, particularly to a disposable flashlight of credit card size to readily fit within a wallet

Application/Control Number: 09/952,798                                    Page 6
Art Unit: 2875

or purse for use in finding items or to see things up close.  Therefore, lighting means of

Dalton et al. may be easily combined with a credit card of Kite with a simple mirror

means.

        Regarding claim 9, Kite in view of Dalton et al. discloses claimed invention,

explained above.  In addition, Dalton et al. discloses the chassis (shown in Figures 1 &

2) includes opposing faces (corner side of the card) and the light is disposed so that it is

capable of directing light away from one of the opposing faces.  It would have been

obvious to one having ordinary skill in the art at the time the invention was made to

locate the light onto the opposing major faces, since it has been held that rearranging

parts of an invention involves only routine skill in the art.  *In re Japikse*, 86 USPQ 70.

10.     Claims 10 & 11 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kite (USPN 4,889,419) in view of Finkelstein et al. (USPN 5,608,203).

        Regarding claim 10, Kite does not specifically disclose a simple magnifying lens

disposed at the opening through the chassis.  However, Finkelstein et al. discloses an

opening through the chassis, and a magnifying lens disposed at the opening.  It would

have been obvious at the time the invention was made to a person having an ordinary

skill in the art to combine teachings of Kite with teachings of Finkelstein et al. because

mentioned references relates to a credit card or card like device having different feature

and providing a simple magnifying lens to a card device would have been obvious to

combine with rest of the features, such as a mirror.

        Regarding claim 11, Kite discloses claimed invention, explained above.  Kite

does not specifically disclose a card device having a surface carried by the chassis to

Application/Control Number: 09/952,798                                    Page 7
Art Unit: 2875

which date is capable of being recorded.  However, Finkelstein et al. discloses a surface
carried by the chassis to which data is capable of being recorded.  It would have been
obvious at the time the invention was made to a person having an ordinary skill in the
art to combine teachings of Kite with teachings of Finkelstein et al. because mentioned
references relates to a credit card or card like device having different feature and
providing a simple date recording means to a card (well known in the art) device would
have been obvious to combine with rest of the features, such as a mirror.

11.     Claim 12 is rejected under 35 U.S.C. 103(a) as being unpatentable over Kite
(USPN 4,889,419).

        Regarding claim 12, Kite discloses claimed invention, explained above, except
for a measuring indicia, which is carried by the chassis.  It would have been obvious to
one having ordinary skill in the art at the time the invention was made to combine
measure feature to a card device disclosed by Kite, since it was known in the art that
flat surface, which is carried out by each edges of the card, can be utilized as a
measuring means with desired increments.

12.     Claims 13, 16, 17, 24, 27 & 28 are rejected under 35 U.S.C. 103(a) as being
unpatentable over Finkelstein et al. (USPN 5,608,203) in view of Kite (USPN
4,889,419).

        Regarding claims 13 & 24, Finkelstein et al. discloses a lens, permitting
magnification, but does not specifically disclose a mirror, which permits a reflection.
Kite discloses a mirror, permitting reflection.  It would have been obvious at the time the
invention was made to a person having an ordinary skill in the art to combine teachings

Application/Control Number: 09/952,798                                    Page 8
Art Unit: 2875

of Finkelstein et al. with teachings of Kite because mentioned references relates to a

credit card or card like device having different feature and providing a simple mirror to a

card device would have been obvious to combine with rest of the features, such as a

magnifying lens.

Regarding claim 16, Finkelstein et al. in view of Kite discloses claimed invention,

explained above.  In addition, Finkelstein et al. discloses a surface carried by the

chassis to which date is capable of being recorded.

Regarding claim 17, Finkelstein et al. in view of Kite discloses claimed invention,

explained above, except for a measuring indicia, which is carried by the chassis.  It

would have been obvious to one having ordinary skill in the art at the time the invention

was made to combine measure feature to a card device disclosed by either Finkelstein

et al. or Kite, since it was known in the art that flat surface, which is carried out by each

edges of the card, can be utilized as a measuring means with desired increments.

Regarding claim 27, Finkelstein et al. in view of Kite discloses claimed invention,

explained above.  In addition, Finkelstein et al. discloses a surface carried by the

chassis to which data is capable of being recorded.

Regarding claim 28, Finkelstein et al. in view of Kite discloses claimed invention,

explained above, except for measuring indicia, which is carried by the chassis.  It would

have been obvious to one having ordinary skill in the art at the time the invention was

made to combine measure feature to a card device disclosed by either Finkelstein et al.

or Kite, since it was known in the art that flat surface, which is carried out by each edges

of the card, can be utilized as a measuring means with desired increments.

Application/Control Number: 09/952,798                          Page 9
Art Unit: 2875

13.    Claims 14, 25 & 26 are rejected under 35 U.S.C. 103(a) as being unpatentable over Finkelstein et al. (USPN 5,608,203) in view of Kite (USPN 4,889,419) as applied to claim 13 above, and further in view of Dalton et al. (USPN 6,070,990).

Regarding claims 14 & 25, Finkelstein et al. in view of Kite discloses claimed invention, explained above.  Finkelstein et al. or Kite does not specifically discloses a switch carried by the chassis, and a light carried by the chassis that is capable of being actuated in response to actuation of the switch.  However, Dalton et al. discloses a card light assembly having a switch (column 2-3, lines 55-10 – also shown in Figure 3) carried by the chassis, and a light (#36) carried by the chassis that is capable of being actuated in response to actuation of the switch.  It would have been obvious at the time the invention was made to a person having an ordinary skill in the art to combine teachings of Finkelstein et al. or Kite (credit card with magnifying lens) with Dalton et al. (card lighting device), because invention of Dalton et al. relates to card lights, particularly to a disposable flashlight of credit card size to readily fit within a wallet or purse for use in finding items or to see things up close.  Therefore, lighting means of Dalton et al. can be easily combined with a credit card of Finkelstein et al. or Kite with a simple magnifying lens means or a mirror.

Regarding claim 26, Finkelstein et al. in view of Kite as applied to claims 24 & 25 above, and further in view of Dalton et al. discloses claimed invention, explained above.  In addition, Delton et al. discloses the light is disposed so that it is cable of directing light away from the one of the opposing faces.  It would have been obvious to one having ordinary skill in the art at the time the invention was made to locate the light onto the

Application/Control Number: 09/952,798
Art Unit: 2875

opposing major faces, since it has been held that rearranging parts of an invention involves only routine skill in the art. *In re Japikse*, 86 USPQ 70.

14.    Claim 19 is rejected under 35 U.S.C. 103(a) as being unpatentable over Delton et al. (USPN 6,070,990) in view of Finkelstein et al. (USPN 5,608,203).

Regarding claim 19, Delton et al. discloses claimed invention, explained above, except for an opening through the chassis, and a magnifying lens disposed at the opening. Finkelstein et al. discloses a simple magnifying lens disposed at the opening through the chassis. It would have been obvious at the time the invention was made to a person having an ordinary skill in the art to combine teachings of Dalton et al. with teachings of Finkelstein et al. because mentioned references relates to a credit card or card like device having different feature and providing a simple magnifying lens to a chassis of the card would have been obvious to combine with rest of the features of Delton et al., such as a lighting means with its responsive switch.

15.    Claims 20 & 21 are rejected under 35 U.S.C. 103(a) as being unpatentable over Delton et al. (USPN 6,070,990) in view of Kite (USPN 4,889,419).

Regarding claim 20, Delton et al. discloses claimed invention, explained above, except for a simple mirror disposed proximate one of the opposing major faces. Kite discloses a mirror disposed proximate one of the opposing major faces. It would have been obvious at the time the invention was made to a person having an ordinary skill in the art to combine teachings of Dalton et al. with teachings of Kite because mentioned references relates to a credit card or card like device having different feature and providing a simple mirror to the opposing major faces of the card would have been

Application/Control Number: 09/952,798                                    Page 11
Art Unit: 2875

obvious to combine with rest of the features of Delton et al., such as a lighting means
with its responsive switch.

Regarding claim 21, Delton et al. in view of Kite discloses claimed invention,
explained above.  In addition, Delton et al. discloses the light is disposed so that it is
cable of directing light away from the one of the opposing faces.  It would have been
obvious to one having ordinary skill in the art at the time the invention was made to
locate the light onto the opposing major faces, since it has been held that rearranging
parts of an invention involves only routine skill in the art.  *In re Japikse*, 86 USPQ 70.

16.    Claim 22 is rejected under 35 U.S.C. 103(a) as being unpatentable over Delton
et al. (USPN 6,070,990) in view of Finkelstein et al. (USPN 5,608,203).

Regarding claim 22, Delton et al. discloses claimed invention, explained above,
except for a card having a surface carried by the chassis to which data is capable of
being recorded (well known in the art).  Finkelstein et al. discloses a surface carried by
the chassis to which data is capable of being recorded.  It would have been obvious at
the time the invention was made to a person having an ordinary skill in the art to
combine teachings of Dalton et al. with teachings of Finkelstein et al. because
mentioned references relates to a credit card or card like device having different feature
and providing a simple data recordable strip of the card would have been obvious to
combine with rest of the features of Delton et al., such as a lighting means with its
responsive switch.

17.    Claim 23 is rejected under 35 U.S.C. 103(a) as being unpatentable over Delton
et al. (USPN 6,070,990).

Application/Control Number: 09/952,798                                          Page 12
Art Unit: 2875

Regarding claim 23, Delton et al. discloses the claimed invention, explained

above, except for measuring indicia, which is carried by the chassis.  It would have

been obvious to one having ordinary skill in the art at the time the invention was made

to combine measure feature to a card device disclosed by Delton et al., since it was

known in the art that flat surface, which is carried out by each edges of the card, can be

utilized as a measuring means with desired increments.

18.    Claims 29-31 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Finkelstein et al. (USPN 5,608,203), Kite (USPN 4,889,419) and Dalton et al. (USPN

6,070,990).

Regarding claim 29, Finkelstein et al., Kite and Dalton et al. discloses a

commercial card-sized chassis having opposing major faces where Finkelstein et al.

discloses a magnifying lens disposed at the opening, Kite discloses a mirror disposed

proximate one of the opposing major faces and Dalton et al. discloses a light carried by

the chassis that is capable of being actuated in response to actuation of the switch, the

light being disposed so that it is capable of directing light away form the one of the

opposing faces.  It would have been obvious to one having ordinary skill in the art at the

time the invention was made to combine teachings of Finkelstein et al., Kite and Dalton

et al. because mentioned references relates to a credit card or card like device having

different features and providing all of the features disclosed by the either Finkelstein et

al., or Kite or Dalton et al. would have been obvious to combine.  In other words, each

well known features such as a mirror, a magnifying lens, or a light means with its

Application/Control Number: 09/952,798                                    Page 13
Art Unit: 2875

operatable switch on a card and combining all of the features to a single credit card or
card would be obvious to one having ordinary skill in the art.

     Regarding claim 30, Finkelstein et al., Kite and Dalton et al. discloses claimed
invention, explained above.  In addition, Finkelstein et al. discloses a surface carried by
the chassis to which data is capable of being recorded.

     Regarding claim 31, Finkelstein et al., Kite and Dalton et al. discloses claimed
invention, explained above.  In addition, it would have been obvious to one having
ordinary skill in the art at the time the invention was made to combine measure feature
to a card device disclosed by either Finkelstein et al. or Kite or Dalton et al., since it was
known in the art that flat surface, which is carried out by each edges of the card, can be
utilized as a measuring means with desired increments.

### Conclusion

19.   The prior art made of record and not relied upon is considered pertinent to
applicant's disclosure.

    Sinclair (USPN 5,927,846) – disposable planar flashlight

    Hallgrimsson (USPN 6,039,454) – flat flashlight device with key ring attachment
and registerable and mateable parts

    Padden (USPN 5,893,631) – compact flashlight

    Vandenbelt et al. (5,457,613) – peripherally sealed card-like flashlight device

    Adrain (USPN 4,393,610) – card carrying microfilm and associated reading lens
and process of forming same