# EXHIBIT  A
# (PART 2)

Application/Control Number: 09/952,798

Art Unit: 2875

Page 14

20.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Jacob Y Choi whose telephone number is (703) 308-4792.  The examiner can normally be reached on Monday-Friday (8:30-5:30).

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Sandra  O'Shea can be reached on (703) 305-4939.  The fax phone numbers for the organization where this application or proceeding is assigned are (703) 308-7724 for regular communications and (703) 308-8303 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-7724.

JC

April 18, 2002

THOMAS M. SEMBER

PRIMARY EXAMINER

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| *Notice of References Cited* | 09/952,798 | GOLDSTEIN ET AL. |
| | Examiner | Art Unit | |
| | Jacob Y Choi | 2875 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-5608203 | 03-1997 | Finkelstein et al. | 235/487 |
| | B | US-4889419 | 12-1989 | Kite | 350/600 |
| | C | US-6070990 | 06-2000 | Dalton et al. | 362/201 |
| | D | US-4393610 | 07-1983 | Adrian | 40/625 |
| | E | US-5457613 | 10-1995 | Vandenbelt et al. | 362/200 |
| | F | US-5893631 | 04-1999 | Padden | 362/201 |
| | G | US-6039454 | 03-2000 | Hallgrimsson | 362/116 |
| | H | US-5927846 | 07-1999 | Sinclair | 362/189 |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 2

**3**

#31AMDT-A
7/26/02
C. Paus

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:
    Goldstein et al.

Serial No.:
    09/952,798

Filed:
    14 September 2001

For:
    APPARATUS    HAVING
    MAGNIFYING,
    ILLUMINATING    AND
    MIRRORING ATTRIBUTES

COPY OF PAPERS
ORIGINALLY FILED

Ex:    Sember, T.
Art Unit: 2875

RECEIVED
JUL 18 2002
TECHNOLOGY CENTER 2800

RESPONSE, AMENDMENT AND REQUEST FOR RECONSIDERATION

Honorable Commissioner of
  Patents and Trademarks
Washington, D.C.  20231
BOX NON-FEE AMENDMENT

Dear Sir:

    This is a response to the Office Action mailed 29 April 2002. A shortened statutory period for response was set for 3 months, up to and including 29 July 2002.

    Claims 1-31 are pending in this application.

    Claims 1-31 are rejected.

    Reconsideration is respectfully requested in view of the following amendments and remarks.

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks,

Washington, D.C. 20231, on _10 July 02_
             (Date of Deposit)

_Michael W. Colby_, Reg. No. 39,692
  Name of applicant, assignee or Registered Rep.

_____ 7/10/2002
    Signature           Date

Serial Number: 09/952,798
Art Unit: 2875

AMENDMENTS

Kindly amend the application as follows:

In the Claims

Claims 2 and 8, please cancel without prejudice to the subsequent filing of a continuation application.

Claims 1, 3, 7, 9, 18, 20, 21 and 29, please amend as follows:

1.    (Amended)  Apparatus comprising:

    a commercial card-sized chassis having an opening; [and]

    a magnifying lens disposed at the opening;

    a switch carried by the chassis; and

    a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the magnifying lens for illuminating objects confronting the magnifying lens.

3.    (Amended)  Apparatus of claim [2]1, wherein the chassis includes opposing major faces and the light is disposed so that it is capable of directing light away from one of the opposing major faces.

2

85

Serial Number: 03/952,798
Art Unit: 2875

    7.  (Amended)  Apparatus comprising:

      a commercial card-sized chassis having opposing major faces; [and]

      a mirror disposed proximate one of the opposing major faces;

      <u>a switch carried by the chassis; and</u>

      <u>a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the mirror for illuminating objects confronting the mirror</u>.

    9.  (Amended)  Apparatus of claim [8]<u>7</u>, wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

3

Serial Number: 09/952,798
Art Unit: 2875

18.   (Amended)   Apparatus comprising:

a commercial card-sized chassis having opposing major faces;

a switch carried by the chassis; [and]

a light carried by the chassis that is capable of being actuated <u>to generate light</u> in response to actuation of the switch<u>; and</u>

<u>the light disposed at one of the opposing major faces for projecting light directly away from and illuminating objects confronting the one of the opposing major faces</u>.

20.   (Amended)   Apparatus of claim 18, further including a mirror disposed proximate <u>the</u> one of the opposing major faces.

21.   (Amended)   Apparatus of claim 20, wherein the light is disposed so that it is capable of directing light away from the <u>mirror illuminating objects confronting the mirror</u> [one of the opposing major faces].

4

Serial Number: 0ɔ/952,798
Art Unit: 2875

29.  (Amended)  Apparatus comprising:

a commercial card-sized chassis having opposing major faces and an opening;

a magnifying lens disposed at the opening;

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light [being] is disposed [so that it is] to be capable of [directing] projecting light away from and illuminating objects confronting at least one of the magnifying lens and the mirror [the one of the opposing major faces].

5

Serial Number: 09/952,798
Art Unit: 2875

## REMARKS

### Status of the Claims

Claims 2 and 8 are canceled without prejudice to the subsequent filing of a continuation application. Claims 1, 3, 7, 9, 18, 20, 21 and 29 are amended. Claims 1, 3-7 and 9- 31 are pending in this case, of which claims 1, 7, 13, 18, 24 and 29 are independent. Based on the ensuing discussion, all rejections are traversed and are now deemed moot and should be withdrawn. All claims presently pending in this case are believed to be in condition for allowance, which action is earnestly solicited.

### Prosecution History

The prosecution history is important for most patents, because it normally contains contemporaneous exchanges between the patent applicant and the Patent Office about what the claims mean. The prosecution history is thus a guide for teaching and clarifying what the claims mean and, more particularly, what the claim terms mean, because claim terms drive the meaning of claims. The meaning of claim terms must be given not only their structural meaning, but also their functional meaning. In this vein, an Examiner is not permitted to dissect a claim and remove the functional limitations before determining anticipation. Moreover, functional limitations in claims must be afforded patentable weight by the Examiner for determining anticipation.[1]

---

[1]See, e.g., In re Ludtke, 441 F.2d 660, 169 USPQ 563, 566 (C.C.P.A. 1971; In re Atwood, 354 F.2d 365, 148 USPQ 203, 210 (C.C.P.A. 1966); In re Bisley, 197 F.2d 355, 94 USPQ

6

Serial Number: 09/952,798
Art Unit: 2875

A.    35 U.S.C. 102(b)

1.    Finkelstein et al. (US Patent 5,608,203)

Claims 1 and 5 stand rejected under 35 U.S.C. 102(b) as being anticipated by Finkelstein et al. (US Patent 5,608,203). In independent claim 1, applicants claim a commercial card-sized chassis having an opening, a magnifying lens disposed at the opening, a switch carried by the chassis, and a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the magnifying lens for illuminating objects confronting the magnifying lens. Finkelstein et al. fails to teach of applicants' claimed light and switch for actuating the light and, moreover, the claimed disposition of the light for projecting light away from the claimed magnifying lens for illuminating objects confronting the magnifying lens. Absent these teachings, Finkelstein et al. is an incompetent section 102(b) reference against applicants' independent claim 1. Accordingly, the rejections of independent claim 1 and its dependent claim 5 under section 102(b) as being anticipated by Finkelstein et al. are now believed moot and should be withdrawn.

2.    Kite (US Patent 4,889,419)

Claim 7 stands rejected under 35 U.S.C. 102(b) as being anticipated by Kite (US Patent 4,889,419. In independent claim 7, applicants claim a commercial card-sized chassis having opposing major faces, a mirror

---

80, 83 (C.C.P.A. 1952).

7

Serial Number: 09/952,798
Art Unit: 2875

disposed proximate one of the opposing major faces, a switch carried by the chassis, and a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the mirror for illuminating objects confronting the mirror. Kite fails to teach of applicants' claimed light and switch for actuating the light and, moreover, the claimed disposition of the light for projecting light directly away from the mirror for illuminating objects facing the mirror. Absent these teachings, Kite is an incompetent section 102(b) reference against applicants' independent claim 7. Accordingly, the rejection of independent claim 7 under section 102(b) as being anticipated by Kite is now believed moot and should be withdrawn.

3.    **Dalton et al. (US Patent 6,070,990)**

Claim 18 stands rejected under 35 U.S.C. 102(b) as being anticipated by Dalton et al. (US Patent 6,070,990). In independent claim 18, applicants claim a commercial card-sized chassis having opposing major faces, a switch carried by the chassis, a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, and the light disposed at one of the opposing major faces for projecting light directly away from and illuminating objects confronting the one of the opposing major faces. Dalton et al. fail to teach of the claimed disposition of applicants' light, namely, the light disposed at one of the opposing major faces of the chassis for projecting light directly away from and illuminating objects confronting the one of the opposing major faces. Absent these teachings, Dalton et al. is an

Serial Number: 09/952,798
Art Unit: 2875

incompetent section 102(b) reference against applicants'
independent claim 18.  Accordingly, the rejection of
independent claim 18 under section 102(b) as being
anticipated by Dalton et al. is now believed moot and
should be withdrawn.

**B.  35 U.S.C. 103(a)**
1.  **Finkelstein et al. (US Patent 5,608,203), Dalton et
al. (US Patent 6,070,990)**

Claims 2 and 3 stand rejected under 35 U.S.C. §103(a)
as being unpatentable over Finkelstein et al. (US Patent
5,608,203) in view of Dalton et al. (US Patent 6,070,990).
Claim 2 is now canceled, which renders moot the section
103(a) rejection of that claim.  Claim 3 depends from
independent claim 1.  Claim 1 is not rejected under section
103.  As discussed above in §A, independent claim 1 is
believed to be in condition for allowance.  Because
dependent claim 3 depends from independent claim 1, which
is believed to be in condition for allowance, the section
103 rejection of dependent claim 3 is believed moot and
should be withdrawn.

Considering Finkelstein et al. and Dalton et al.,
Examiner asserts that Finkelstein et al. disclose the
claimed invention, with the exception of a light carried by
the chassis that is capable of being actuated in response
to actuation of a switch.  However, Examiner further
asserts that Dalton et al. disclose a card light assembly
having a switch carried by the chassis and a light carried
by the chassis that is capable of being actuated in
response to actuation of the switch.  Examiner concludes
that it would have been obvious to combine the teachings of

9

Serial Number: 0ə/952,798
Art Unit: 2875

Finkelstein et al. with Dalton et al. because the invention
of Dalton et al. relates to card lights, particularly to a
disposable flashlight of credit card size to readily fit
within a wallet or purse for use in finding items or to see
things close up. Examiner also states that the lighting
means of Dalton et al. can be easily combined with a credit
card of Finkelstein et al. with a simple magnifying lens
means.

   With regard to dependent claim 3, Examiner asserts
that Finkelstein et al. disclose the claimed invention, and
that Dalton et al. disclose the chassis having opposing
faces and the light is disposed so that it is capable of
directing light away from one of the opposing faces.
Examiner concludes that it would have been obvious to
locate the light onto the opposing major faces, since it
has been held that rearranging parts of an invention
involves only routine skill.

   In accordance with standard Patent Office practice,
the Examiner has the burden of establishing a prima facie
case of obviousness. . (Manual of Patent Examining
Procedure, M.P.E.P. 2142). Three basic criteria must be
met to establish a prima facie case of obviousness. First,
there must be some suggestion or motivation, either in the
references themselves or in the knowledge generally
available to one of ordinary skill in the art, to modify
the reference or to combine reference teachings. Second,
there must be a reasonable expectation of success.
Finally, the prior art reference (or the references when
combined) must teach or suggest all the claim limitations.
According to the U.S. Court of Appeals for the Federal

10

Serial Number: 09/952,798
Art Unit: 2875

Circuit, "[t]he test for obviousness is not whether the features of one reference may be bodily incorporated into another reference. . . . Rather, we look to see whether combined *teachings* render the claimed subject matter obvious."[2]  Also, "[o]bviousness cannot be established by combining the teachings of the prior art to produced the claimed invention, absent some teaching suggestion or incentive supporting the combination."[3]

In independent claim 1, applicants claim a commercial card-sized chassis having an opening, a magnifying lens disposed at the opening, a switch carried by the chassis, and a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the magnifying lens for illuminating objects confronting the magnifying lens.  In rejecting dependent claim 2, Examiner states that *it would have been obvious to combine the teachings of Finkelstein et al. with Dalton et al. because the invention of Dalton et al. relates to card lights, particularly to a disposable flashlight of credit card size to readily fit within a wallet or purse for use in finding items or to see things close up.*  Examiner also states that *the lighting means of Dalton et al. can be easily combined with a credit card of Finkelstein et al. with a simple magnifying lens means.*

---

[2] *In re Wood*, 599 F.2d 1032, 202 USPQ 171, 174 (C.C.P.A. 1979) (emphasis added) (citing *In re Bozek*, 416 F.2d 1385, 1390, 163 U.S.P.Q. 545, 549-50 (C.C.P.A. 1969); *In re Mapelsden*, 329 F.2d 321, 322, 141 USPQ 30, 32 (C.C.P.A. 1964)).
[3] *See In re* Geiger, 815 F.2d 686, 2 USPQ 2d 1276, 1278 (Fed. Cir. 1987).

11

Serial Number: 0ყ/952,798
Art Unit: 2875

An invention does not make itself obvious; that suggestion or teaching must come from the prior art. Examiner's conclusion that *it would have been obvious to combine the teachings of Finkelstein et al. with Dalton et al. because the invention of Dalton et al. relates to card lights* does not come from Finkelstein et al. or from Dalton et al. Simply concluding obviousness because inventions of patents relate to one another is not enough for a competent section 103 rejection. There is no teaching or suggestion in Finkelstein et al. of the desirability of incorporating a light positioned to illuminate objects confronting a magnifying lens. There is no teaching or suggestion in Dalton et al. of the desirability of incorporating a magnifying lens and, moreover, positioning the light to illuminate objects confronting a magnifying lens. The teaching or suggestion to combine the teachings of Finkelstein et al. with Dalton et al. comes from applicants' patent application and not from the prior art, namely, Finkelstein et al. and/or Dalton et al. Moreover, [i]t is insufficient to establish obviousness that the separate elements of the invention existed in the prior art, absent some teaching or suggestion, in the prior art, to combine the elements."[4] Although the Examiner has identified, in the prior art, a commercial card-sized chassis, a magnifying lens, a switch and a light, the Examiner has not identified a teaching or suggestion in the prior art to combine these elements as claimed and set forth by applicants in independent claim 1.

---

[4] Arkie Lures, Inc. v. Gene Larew Tackle, Inc., 119 F.3d 953, 43 USPQ 2d 1294 (Fed. Cir. 1997).

12

Serial Number: 08/952,798
Art Unit: 2875

Furthermore, although Examiner states that *the lighting means of Dalton et al. can be easily combined with a credit card of Finkelstein et al. with a simple magnifying lens means*, Examiner has failed to identify such a teaching or suggestion in the prior art, namely, Finkelstein et al. and/or Dalton et al., and appears to be working from personal knowledge in making this statement. Applicants respectfully traverse Examiner's reasoning and respectfully request an affidavit from Examiner.

2.  Finkelstein et al. (US Patent 5,608,203), Dalton et al. (US Patent 6,070,990), Kite (US Patent 4,889,419)

Claims 4 and 6 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Finkelstein et al. (US Patent 5,608,203) in view of Dalton et al. (US Patent 6,070,990) as applied to claims 2 and 3 and further in view of Kite (US Patent 4,889,419). In rejecting claim 4, Examiner asserts that Finkelstein et al. or Dalton et al. do not specifically disclose a card having a mirror disposed proximate one of the opposing major faces, but that Kite discloses a mirror. Based on this, Examiner concludes that "it would have been obvious to combine teachings of either Finkelstein et al. or Dalton et al. with teachings of Kite because mentioned references relate to a credit card like device having different feature and providing a mirror to a card device would have been obvious to combine with rest of features, such as magnifying lens and light means with its corresponding switch."

In rejecting claim 6, Examiner asserts that Finkelstein et al. disclose the claimed invention except for a measuring indicia, but concludes that it would have

13

96

Serial Number: 09/952,798
Art Unit: 2875

been obvious to combine measure feature to a card device
disclosed by Finkelstein et al. since it is known that a
flat surface can be utilized as a measuring means with
desired increments.

Claims 4 and 6 depend from independent claim 1. As
set forth in §B(1) (and also in §A), Finkelstein et al. and
Dalton et al. each fail to teach or reasonably suggest of
the invention claimed in independent claim 1. This renders
moot Examiner's section 103 rejections of dependent claims
4 and 6, which rejections should now be withdrawn.

Nevertheless, an invention does not make itself
obvious; that suggestion or teaching must come from the
prior art. Examiner's conclusion that *it would have been
obvious to combine teachings of either Finkelstein et al.
or Dalton et al. with teachings of Kite because mentioned
references relate to a credit card like device having
different feature and providing a mirror to a card device
would have been obvious to combine with rest of features,
such as magnifying lens and light means with its
corresponding switch* does not come from Finkelstein et al.
or from Dalton et al. or from Kite. Simply concluding
obviousness because inventions of patents relate to one
another is not enough for a competent section 103
rejection. There is no teaching or suggestion in
Finkelstein et al. of the desirability of incorporating a
mirror with a device as claimed in applicants' independent
claim 1. There is no teaching or suggestion in Dalton et
al. of the desirability of incorporating a mirror with a
device as claimed in applicants' independent claim 1.
There is no teaching or suggestion in Kite of incorporating

14

Serial Number: 09/952,798
Art Unit: 2875

the device it discloses with a light or a magnifying device
as set forth and claimed in applicants' independent claim
1.   The teaching or suggestion to combine the teachings of
Finkelstein et al. or Dalton et al. with Kite comes from
applicants' patent application and not from the prior art,
namely, Finkelstein et al. and/or Dalton et al. and Kite.

Furthermore, although Examiner states that Finkelstein
et al. disclose the claimed invention except for a
measuring indicia but concludes that it would have been
obvious to combine measure feature to a card device
disclosed by Finkelstein et al. since it is known that a
flat surface can be utilized as a measuring means with
desired increments, Finkelstein et al. do not disclose the
invention claimed in independent claim 1 as discussed in
§B(1) and Examiner has failed to identify such a teaching
or suggestion in the prior art, namely, Finkelstein et al.
and/or Kite.  It appears Examiner is working from personal
knowledge in making this statement.   Applicants
respectfully traverse Examiner's reasoning and respectfully
request an affidavit from Examiner.

3.   Kite (US Patent 4,889,419), Dalton et al. (US Patent
6,070,990)
     Claims 8 and 9 stand rejected under 35 U.S.C. §103(a)
as being unpatentable over Kite (US Patent 4,889,419) in
view of Dalton et al. (US Patent 6,070,990).   Claim 8 is
now canceled, which renders moot the section 103(a)
rejection of that claim.   Accordingly, the rejection of
claim 8 should now be withdrawn.   Claim 9 depends from
independent claim 7. Claim 7 is not rejected under section
103 as being unpatentable over Dalton et al. in view of

15

Serial Number: 09/952,798
Art Unit: 2875

Kite. As discussed above in §A, independent claim 7 is believed to be in condition for allowance. Because dependent claim 9 depends from independent claim 7, which is believed to be in condition for allowance, the section 103 rejection of dependent claim 9 is believed moot and should be withdrawn.

In independent claim 7, applicants claim a commercial card-sized chassis having opposing major faces, a mirror disposed proximate one of the opposing major faces, a switch carried by the chassis, and a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the mirror for illuminating objects confronting the mirror.

Examiner asserts that Kite discloses the claimed invention, but not a switch and a light. However, Examiner asserts that Dalton et al. discloses a card light assembly having a switch and a light. Accordingly, Examiner concludes that it would have been obvious to combine teachings of Kite with Dalton et al. because the invention of Dalton et al. relates to card lights, and that lighting means of Dalton et al. may be easily combined with a credit card of Kite with a simple mirror.

Again, an invention does not make itself obvious; that suggestion or teaching must come from the prior art. Examiner's conclusion that it would have been obvious to combine teachings of Kite with Dalton et al. because the invention of Dalton et al. relates to card lights, and that lighting means of Dalton et al. may be easily combined with

16

Serial Number: 0ᵍ/952,798
Art Unit: 2875

a credit card of Kite with a simple mirror does not come
from Kite or from Dalton et al. as there is no such
teaching in Kite or in Dalton et al.  Simply concluding
obviousness because inventions of patents relate to one
another is not enough for a competent section 103
rejection.  There is no teaching or suggestion in Kite of
incorporating a light positioned to illuminate objects
confronting a mirror.  There is no teaching or suggestion
in Dalton et al. of the desirability of incorporating a
mirror and, moreover, positioning the light to illuminate
objects confronting a mirror.  The teaching or suggestion
to combine the teachings of Kite with Dalton et al. comes
from applicants' patent application and not from the prior
art, namely, Kite and/or Dalton et al.

     With regard to dependent claim 9, Examiner asserts
that Kite in view of Dalton et al. discloses the claimed
invention, and that it would have been obvious to locate
the light onto opposing major faces, since it has been held
that rearranging parts of an invention involves only
routine skill.  However, Kite does not teach or reasonably
suggest of the invention claimed in independent claim 7 as
explained above, which renders moot this rejection of
dependent claim 9.

4.    Kite (US Patent 4,889,419), Finkelstein et al. (US
Patent 5,608,203)

     Claims 10 and 11 stand rejected under 35 U.S.C.
§103(a) as being unpatentable over Kite (US Patent
4,889,419) in view of Finkelstein et al. (US Patent
5,608,203).  Claims 10 and 11 depend from independent claim
7.  Claim 7 is not rejected under section 103 as being

17

Serial Number: 0ɔ/952,798
Art Unit: 2875

unpatentable over Kite in view of Finkelstein et al. As
discussed above in §A, independent claim 7 is believed to
be in condition for allowance. As discussed in §B(3), Kite
does not teach or reasonably suggest of the invention
claimed in independent claim 7, which renders moot the
rejections of dependent claims 10 and 11. Accordingly, the
section 103 rejections of claims 10 and 11 should now be
withdrawn.

There is no teaching or suggestion in Kite of
incorporating a magnifying lens. There is no teaching or
suggestion in Finkelstein et al. of the desirability of
incorporating a mirror and, moreover, positioning the light
to illuminate objects confronting a mirror. The teaching
or suggestion to combine the teachings of Kite with
Finkelstein et al. comes from applicants' patent
application and not from the prior art, namely, Kite and/or
Finkelstein et al.

5.  **Kite** (US Patent 4,889,419)
Claim 12 stands rejected under 35 U.S.C. §103(a) as
being unpatentable over Kite (US Patent 4,889,419). Claim
12 depends from independent claim 7. Claim 7 is not
rejected under section 103 as being unpatentable over Kite.
As discussed above in §A, independent claim 7 is believed
to be in condition for allowance. As discussed in §B(4),
Kite does not teach or reasonably suggest of the invention
claimed in independent claim 7, which renders moot the
rejection of dependent claim 12. Accordingly, the section
103 rejection of claim 12 should now be withdrawn.

18

Serial Number: 09/952,798
Art Unit: 2875

Furthermore, although Examiner states that Kite discloses the claimed invention except for a measuring indicia but concludes that it would have been obvious to combine measure feature to a card device disclosed by Kite since it is known that a flat surface can be utilized as a measuring means with desired increments, Kite does not disclose the invention claimed in independent claim 7 as previously discussed and Examiner has failed to identify such a teaching or suggestion in the prior art. It appears Examiner is working from personal knowledge in making this statement. Applicants respectfully traverse Examiner's reasoning and respectfully request an affidavit from Examiner.

6.  **Finkelstein et al. (US Patent 5,608,203), Kite (US Patent 4,889,419)**

Claims 13, 16, 17, 24, 27 and 28 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Finkelstein et al. (US Patent 5,608,203) in view of Kite (US Patent 4,889,419). Claims 13 and 24 are independent claims. Claims 16 and 17 depend from independent claim 13 and claims 27 and 28 depend from independent claim 24.

In independent claim 13, applicants claim a commercial card-sized chassis, and a two-way lens disposed at the opening, which includes a first side permitting magnification and a second side permitting reflection. In independent claim 24, applicants claim a commercial card-sized chassis having opposing major faces and an opening, a magnifying lens disposed at the opening, and a mirror disposed proximate one of the opposing major faces.

19

Serial Number: 0ɣ/952,798
Art Unit: 2875

    With regard to independent claims 13 and 24, Examiner asserts that Finkelstein et al. discloses a lens permitting magnification, but does not specifically disclose a mirror, which permits a reflection.    However, Examiner further asserts that Kite discloses a mirror permitting reflection, and that it would have been obvious "to combine teachings of Finkelstein et al. with teachings of Kite because mentioned references relate to a credit card or card like device having different feature and providing a simple mirror to a card device would have been obvious to combine with rest of features, such as magnifying lens."  However, there is no such teaching or suggestion of this in the prior art, namely, Finkelstein et al. and or Kite. Finkelstein et al. do not teach or reasonably suggest the desirability of employing a mirror, and Kite does not teach or reasonably suggest the desirability of employing a magnifying lens.    Accordingly, Examiner's section 103 rejections of independent claims 13 and 24 are believed moot and should be withdrawn.  Accordingly, the rejections of dependent claims 16, 17, 27 and 28 are also believed moot and should be withdrawn.

    With regard to 17 and 28, applicant adopts the argument previously made concerning the measuring indicia in §B(5).  Finkelstein et al. and/or Kite do not disclose the invention claimed in independent claim 7 as previously discussed and Examiner has failed to identify such a teaching or suggestion in the prior art concerning the measuring indicia and of the desirability of providing measuring indicia.  It appears Examiner is working from personal knowledge in making this statement.  Applicants

Serial Number: 09/952,798
Art Unit: 2875

respectfully traverse Examiner's reasoning and respectfully
request an affidavit from Examiner.

7.    **Finkelstein et al. (US Patent 5,608,203), Kite (US
Patent 4,889,419), Dalton et al. (US Patent 6,070,990)**

Claims 14, 25 and 26 stand rejected under 35 U.S.C.
§103(a) as being unpatentable over Finkelstein et al. (US
Patent 5,608,203) in view of Kite (US Patent 4,889,419) as
applied to independent claim 13, and further in view of
Dalton et al. (US Patent 6,070,990). Claim 14 depends from
independent claim 13 and claims 25 and 26 depend from
independent claim 24. As discussed above in §B(6), the
section 103 rejections of independent claims 13 and 24 are
believed overcome. Independent claims 13 and 14 are
believed to be in condition for allowance. Accordingly,
the section 103 rejections of dependent claims 14, 25 and
26 are believed moot and should be withdrawn.

Applicants traverse Examiner's rejections of dependent
claims 14, 25 and 26 for reasons previously set forth in
section §B(2) and §B(6). In this regard, Finkelstein et
al. and Kite, taken individually in proper combination, do
not teach or reasonably suggest incorporating a light and
switch. Dalton et al. do not teach or reasonably suggest
the desirability of incorporating a magnifying lens and/or
a mirror.

8.    **Dalton et al. (US Patent 6,070,990), Finkelstein et
al. (US Patent 5,608,203)**

Claim 19 stands rejected under 35 U.S.C. §103(a) as
being unpatentable over Dalton et al. (US Patent 6,070,990)
in view of Finkelstein et al. (US Patent 5,608,203).

21

Serial Number: 09/952,798
Art Unit: 2875

Applicant traverses this section 103 rejection of dependent claim 19. Claim 19 depends from independent claim 18, which is believed to be in condition for allowance as explained in §A. Accordingly, the section 103 rejection of dependent claim 19 is believed moot and should be withdrawn. Nevertheless, Dalton et al. and/or Finkelstein et al. fail to teach or reasonably suggest of the invention claimed in independent claim 18 for reasons previously set forth. Applicants traverse Examiners rejection of dependent claim 19. Consistent with previous arguments, Dalton et al. fail ore reasonably suggest of employing a magnifying lens. Finkelstein et al. fail to teach or reasonably suggest providing the switch and light as claimed, in which the light is disposed at one of the opposing major faces for projecting light directly away from and illuminating objects confronting the one of the opposing major faces.

9. **Dalton et al. (US Patent 6,070,990), Kite (US Patent 4,889,419)**

Claims 20 and 21 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Dalton et al. (US Patent 6,070,990) in view of Kite (US Patent 4,889,419). Applicants respectfully traverse the section 103 rejections of claims 20 and 21. Claims 20 and 21 depend from independent claim 18, which is believed to be in condition for allowance as explained in §A. Accordingly, the section 103 rejections of dependent claims 20 and 21 are believed moot. Nevertheless, Dalton et al. fail to teach or reasonably suggest employing a mirror, and Kite fails to teach or reasonably suggest employing a magnifying lens or a light and switch, as previously discussed.

22

Serial Number: 0⁵/952,798
Art Unit: 2875

10. **Dalton et al. (US Patent 6,070,990), Finkelstein et al. (US Patent 5,608,203)**

Claim 22 stands rejected under 35 U.S.C. §103(a) as being unpatentable over Dalton et al. (US Patent 6,070,990) in view of Finkelstein et al. (US Patent 5,608,203). Applicants traverse Examiners rejection of dependent claim 22. Claim 22 depends from independent claim 18, which is believed to be in condition for allowance as explained in §A. Accordingly, the section 103 rejection of dependent claim 22 is believed moot and should be withdrawn.

11. **Dalton et al. (US Patent 6,070,990)**

Claim 23 stands rejected under 35 U.S.C. §103(a) as being unpatentable over Dalton et al. (US Patent 6,070,990). Applicants traverse Examiners rejection of dependent claim 23. Claim 23 depends from independent claim 18, which is believed to be in condition for allowance as explained in §A. Accordingly, the section 103 rejection of dependent claim 23 is believed moot and should be withdrawn. Nevertheless, Dalton et al. fail to teach or reasonably suggest of the invention claimed in independent claim 18 for reasons previously set forth. In particular, although Examiner states that it would have been obvious to combine measure feature to a card device disclosed by Dalton et al. since it is known that a flat surface can be utilized as a measuring means with desired increments, Dalton et al. do not incorporate this teaching or suggestion and Examiner has failed to identify such a teaching or suggestion. It appears Examiner is working from personal knowledge in making this statement.

23

Serial Number: 09/952,798
Art Unit: 2875

Applicants respectfully traverse Examiner's reasoning and
respectfully request an affidavit from Examiner.

12.  Finkelstein et al. (US Patent 5,608,203), Kite (US
Patent 4,889,419), Dalton et al. (US Patent 6,070,990)

Claims 29-31 stand rejected under 35 U.S.C. §103(a) as
being unpatentable over Finkelstein et al. (US Patent
5,608,203), Kite (US Patent 4,889,419), and Dalton et al.
(US Patent 6,070,990).  Applicants respectfully traverse
the section 103 rejections of claims 29-31.

Of claims 29-31, only claim 29 is independent.  Claims
30 and 31 depend from independent claim 29.  In independent
claim 29, applicants claim a commercial card-sized chassis
having opposing major faces and an opening, a magnifying
lens disposed at the opening, a mirror disposed proximate
one of the opposing major faces, a switch carried by the
chassis, and a light carried by the chassis that is capable
of being actuated to generate light in response to
actuation of the switch, in which the light is disposed to
be capable of projecting light away from and illuminating
objects confronting at least one of the magnifying lens and
the mirror.  In rejecting independent claim 29, Examiner
asserts that Finkelstein et al., Kite and Dalton et al.
disclose a commercial card sized chassis having opposing
major faces where Finkelstein et al. discloses a magnifying
lens, Kite discloses a mirror and Dalton discloses a light
and switch.  Examiner concludes that it would have been
obvious to combine teachings of Finkelstein et al., Kite
and Dalton et al. because mentioned references relate to a
credit card or card like device having these different
features.

24

Serial Number: 09/952,798
Art Unit: 2875

As previously argued, an invention does not make itself obvious; that suggestion or teaching must come from the prior art. Examiner's conclusion that *it would have been obvious to combine the teachings of Finkelstein et al., Kite and Dalton et al. because the mentioned references relate to a credit card or card like devices having various features* does not come from Finkelstein et al. or from Kite or from Dalton et al. Simply concluding obviousness because inventions of patents relate to one another is not enough for a competent section 103 rejection. There is no teaching or suggestion in Finkelstein et al., Kite and/or Dalton et al. of the desirability of incorporating a light positioned to illuminate objects confronting one of a magnifying lens and a mirror. The teaching or suggestion to combine the teachings of Finkelstein et al., Kite and Dalton et al. comes from applicants' patent application and not from the prior art. Moreover, [i]t is insufficient to establish obviousness that the separate elements of the invention existed in the prior art, absent some teaching or suggestion, in the prior art, to combine the elements."[5] Although the Examiner has identified, in the prior art, a commercial card-sized chassis, a magnifying lens, a mirror, a switch and a light, the Examiner has not identified a teaching or suggestion in the prior art to combine these elements as claimed and set forth by applicants in independent claim 29.

---

[5] Arkie Lures, Inc. v. Gene Larew Tackle, Inc., 119 F.3d 953, 43 USPQ 2d 1294 (Fed. Cir. 1997).

25

Serial Number: 09/952,798
Art Unit: 2875

    Accordingly, Examiner's section 103 rejection of independent claim 29 is believed moot and should be withdrawn. Because claims 30 and 31 depend from independent claim 29, the section 103 rejections of claims 30 and 31 are believed moot and should be withdrawn.

<u>CONCLUSION</u>

    In sum, applicants' claim terms mean something entirely different from the prior art of record in this case. In view of the foregoing going, applicants believe that all of the claims presently pending in this case are in condition for allowance, which action is earnestly solicited.

26

Serial Number: 09/952,798
Art Unit: 2875

<u>Clean copies of amended claims 1, 3, 7, 9, 18, 20, 21 and 29:</u>

1.  Apparatus comprising:



    a commercial card-sized chassis having an opening;

    a magnifying lens disposed at the opening;

    a switch carried by the chassis; and

    a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the magnifying lens for illuminating objects confronting the magnifying lens.

3.  Apparatus of claim 1, wherein the chassis includes opposing major faces and the light is disposed so that it is capable of directing light away from one of the opposing major faces.

27

110

Serial Number: 05/952,798
Art Unit: 2875

 6.7. Apparatus comprising:

a commercial card-sized chassis having opposing major faces;

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed for projecting light directly away from the mirror for illuminating objects confronting the mirror.

 7.9. Apparatus of claim 6.7, wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

28

Serial Number: 0./952,798
Art Unit: 2875

*14* ~~18~~.  Apparatus comprising:

A6

    a commercial card-sized chassis having opposing
major faces;

    a switch carried by the chassis;

    a light carried by the chassis that is capable of
being actuated to generate light in response to
actuation of the switch; and

    the light disposed at one of the opposing major
faces for projecting light directly away from and
illuminating objects confronting the one of the
opposing major faces.

A6   *16*
     ~~20~~.  Apparatus of claim ~~18~~ *14*, further including a mirror
disposed proximate the one of the opposing major faces.

     *17*
     ~~21~~.  Apparatus of claim ~~20~~ *16*, wherein the light is
disposed so that it is capable of directing light away from
the mirror illuminating objects confronting the mirror.

29

Serial Number: 05/952,798
Art Unit: 2875

25 29.  Apparatus comprising:

A7     a commercial card-sized chassis having opposing major faces and an opening;

a magnifying lens disposed at the opening;

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated to generate light in response to actuation of the switch, in which the light is disposed to be capable of projecting light away from and illuminating objects confronting at least one of the magnifying lens and the mirror.

30

Serial Number: 09/952,798
Art Unit: 2875

Examiner's thorough and thoughtful consideration of this application is sincerely appreciated. Should there be any remaining issues, Examiner is cordially invited to telephone the undersigned for a speedy resolution.

Respectfully submitted,

Michael W. Goltry
Attorney for Applicant
Reg. No. 39,692

10 July 2002
340 East Palm Lane
Suite 260
Phoenix, Arizona  85004
(602) 252-7494

31

Case Docket No. 4229-PA1

2875

Applicant:  Steven H. Goldstein et al.        )
Serial No.: 09/952,798                        )
                                              )
Filed:      14 September 2001                 )
                                              )
Title:      APPARATUS HAVING MAGNIFYING, ILLUMINATING AND )
            MIRRORING ATTRIBUTES              )

Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

Transmitted herewith is an amendment in the above-identified application.

__X__  Small entity status of this application is claimed by applicant

_____  Design Application, no additional fee required.

__X__  Utility application, fee calculated on table below.

The fee has been calculated as shown below:

|  | Claims Remaining After Amendment | Highest No Previously Paid For | Present Extra | Small Entity | Large Entity |
|---|---|---|---|---|---|
| TOTAL | 29 | – 31 | 0 | X 9 = $0 | or X 18 = $ |
| INDEP | 6 | – 6 | 0 | X 42 = $0 | or X 84 = $ |
| MULTIPLE DEPEND CLAIM PRESENTED | | | | X140 = $0 | or X280 = $ |
| | | | | TOTAL $ . | or TOTAL $ . |

_____  Please charge the Deposit Account No. _____ in the amount of $ _____

_____  The Commissioner is hereby authorized to charge any additional fees which may be required, or credit any overpayment to Deposit Account No. _____.

_____  A duplicate copy of this transmittal sheet is enclosed.

_____  A check in the amount of $ _____ is attached.

Respectfully submitted,

7/10/2002
DATE

Michael W. Goltry, Reg. No. 39,692

115

4



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PA1 | 5468 |

7590      09/12/2002

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ  85004

| EXAMINER |
|---|
| CHOI, JACOB Y |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2875 | 4 |

DATE MAILED: 09/12/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

117

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/952,798 | GOLDSTEIN ET AL. |
| | Examiner | Art Unit |
| | Jacob Y Choi | 2875 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment.  See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>16 July 2002</u> .

2a) ☒ This action is FINAL.        2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1, 3-7 & 9-31</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☒ Claim(s) <u>1, 3-7, 9-12, 18-23 & 29-31</u> is/are allowed.

6) ☒ Claim(s) <u>13,14,16,17 and 24-28</u> is/are rejected.

7) ☒ Claim(s) <u>15</u> is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>14 September 2001</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance.  See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All  b)☐ Some * c)☐ None of:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)                    Office Action Summary                    Part of Paper No. 4

Application/Control Number: 09/952,798                                         Page 2
Art Unit: 2875

## DETAILED ACTION

### Claim Rejections - 35 USC § 103

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

2.      Claims 13, 16, 17, 24, 27 & 28 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Finkelstein et al. (USPN 5,608,203) in view of Kite (USPN

4,889,419).

        Regarding claims 13 & 24, Finkelstein et al. discloses the claimed invention, a

lens, permitting magnification, except for a mirror that permits a reflection.  Kite teaches

that it is know to modify the commercial cards with a mirror.  It would have been obvious

to one having ordinary skill in the art at the time the invention was made to modify

commercial card with a magnifying lens of Finkelstein et al., with teachings of Kite in

order to have a simple benefit of both magnifying lens and a mirror in one commercial

card in one.  A simple magnifying lens and a mirror has been well known in the art and

combining known feature in a same application, as commercial card would have been

obvious.  In addition, it is inherent that most commercial card comprises a layer of

plastic clear coating which permits reflection.

Application/Control Number: 09/952,798                                           Page 3
Art Unit: 2875

Regarding claim 16, Finkelstein et al. in view of Kite discloses the claimed
invention, explained above.  In addition, Finkelstein et al. discloses a surface carried by
the chassis to which date is capable of being recorded.

Regarding claims 17 & 28, Finkelstein et al. in view of Kite discloses the claimed
invention, explained above, except for measuring indicia, which is carried by the
chassis.  It would have been obvious to one having ordinary skill in the art at the time
the invention was made to combine measuring feature to a card device disclosed by
either Finkelstein et al. or Kite, since it is obvious that each edge of a certain sized
commercial card would carry out a measuring means and may be utilized as a
measuring device.

Regarding claim 27, Finkelstein et al. in view of Kite discloses the claimed
invention, explained above.  In addition, Finkelstein et al. discloses a surface carried by
the chassis to which data is capable of being recorded.

3.        Claims 14, 25 & 26 are rejected under 35 U.S.C. 103(a) as being unpatentable
over Finkelstein et al. (USPN 5,608,203) in view of Kite (USPN 4,889,419) as applied to
claims 13 & 24 above, and further in view of Dalton et al. (USON 6,070,990).

Regarding claims 14 & 25, Finkelstein et al. in view of Kite discloses claimed
invention, explained above.  Either Finkelstein et al. or Kite do not specifically discloses
a switch carried by the chassis, and a light carried by the chassis that is capable of
being actuated in response to actuation of the switch.  Dalton et al. teaches that is it
known to modify commercial card with a light assembly having a switch (column 2-3,
lines 55-10, Figure 3) carried by the chassis, and a light (36) carried by the chassis that

120

Application/Control Number: 09/952,798                                    Page 4
Art Unit: 2875

is capable of being actuated in response to actuation of the switch. It would have been obvious to one having ordinary skill in the art at the time the invention was made to use modification Finkelstein et al. in view of Kite as taught by Dalton et al. in order to have a simple benefit of a light and switch means with magnifying lens and a mirror in one commercial card in one. An addition of known features to a commercial card such as a light and a switch would have been obvious to one skilled in the art.

Regarding claim 26, Finkelstein et al. in view of Kite as applied to claims 24 & 25 above, and further in view of Dalton et al. discloses claimed invention, explained above. In addition, Delton et al. discloses the light is disposed so that it is cable of directing light away from the one of the opposing faces. It would have been obvious to one having ordinary skill in the art at the time the invention was made to located the light onto the opposing major faces, since it has been held that rearranging parts of an invention involves only routine skill in the art. *In re Japikse*, 86 USPQ 70.

Note: specify the purpose of locating the light onto opposing major face

### Allowable Subject Matter

4.       Claim 15 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

5.       Claims 1, 3-7, 9-12, 18-23 & 29-31are allowed.

The following is a statement of reasons for the indication of allowable subject matter: the claims recite a commercial card-sized chassis having an switch carried by

Application/Control Number: 09/952,798                                    Page 5
Art Unit: 2875

the chassis, and a light carried by the chassis that is capable of being actuated to

generate light in response to actuation of the switch, in which the light is disposed for

projecting light directly away from the magnifying lens / the mirror for illuminating objects

confronting the magnifying lens / the mirror.  Because none of the reference disclosed

the combination of a light is disposed for projecting light directly away from the

magnifying lens / the mirror for illuminating objects confronting the magnifying lens/ the

mirror, nor is there any motivation to combine them, the claims are deemed patentable

over the prior art of record.


### Response to Amendment

6.      Examiner acknowledges that the applicant has amended claims 1, 3, 7, 9, 18, 20,

21 & 29 and cancelled claims 2 & 8.


### Response to Arguments

7.      In response to applicant's argument that there is no suggestion to combine the

references, the examiner recognizes that obviousness can only be established by

combining or modifying the teachings of the prior art to produce the claimed invention

where there is some teaching, suggestion, or motivation to do so found either in the

references themselves or in the knowledge generally available to one of ordinary skill in

the art.  See *In re Fine*, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988) and *In re

Jones*, 958 F.2d 347, 21 USPQ2d 1941 (Fed. Cir. 1992).  In this case, reference

Finkelstein et al. does not specifically points out that the card member comprising a

Application/Control Number: 09/952,798
Art Unit: 2875                                                             Page 6

shinny major faces capable of creating a reflection (mirror creates reflection), but most
card member does contain this characteristic. Therefore, combining teachings of
Finkelstein et al. and Kite would have been obvious at the time the invention was made.
In addition, combining teachings of Dalton et al. with teachings of either Finkelstein et
al. or Kite would also have been in order to have a simple benefit of a light and switch
means for an illumination with magnifying lens and a mirror in one commercial card in
one.

*Conclusion*

8.      **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time
policy as set forth in 37 CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE
MONTHS from the mailing date of this action. In the event a first reply is filed within
TWO MONTHS of the mailing date of this final action and the advisory action is not
mailed until after the end of the THREE-MONTH shortened statutory period, then the
shortened statutory period will expire on the date the advisory action is mailed, and any
extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of
the advisory action. In no event, however, will the statutory period for reply expire later
than SIX MONTHS from the mailing date of this final action.

8.      Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Jacob Y Choi whose telephone number is (703) 308-
4792. The examiner can normally be reached on Monday-Friday (9:30-6:30).

123

Application/Control Number: 09/952,798                                Page 7
Art Unit: 2875

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Sandra  O'Shea can be reached on (703) 305-4939.  The fax phone

numbers for the organization where this application or proceeding is assigned are (703)

308-7724 for regular communications and (703) 308-8303 for After Final

communications.

Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 308-

7724.

JC
September 5, 2002

THOMAS M. SEMBER
PRIMARY EXAMINER

124

**5**

12/11/2002  14:14   6022527198              PARSONS & GOLTRY              PAGE  04

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants:
    Goldstein et al.

Serial No.:
    09/952,798

Filed:                          Ex:      Choi, Jacob Y.
    14 September 2001            Art Unit: 2875

For:
    APPARATUS       HAVING
    MAGNIFYING,
    ILLUMINATING    AND
    MIRRORING ATTRIBUTES

RESPONSE, AMENDMENT AND REQUEST FOR RECONSIDERATION

Honorable Commissioner of                    FAX RECEIVED
    Patents and Trademarks
Washington, D.C.  20231                       DEC 1 1 2002
BOX AF
                                        TECHNOLOGY CENTER 2800
Dear Sir:

    This is a response to the Office Action mailed 12
September 2002.  A shortened statutory period for response
was set for 3 months, up to and including 12 December 2002.

    Claims  1,  3-7,  and  9-31  are  pending  in  this
application.

    Claims 1, 3-7, 9-12, 18-23, and 29-31 are allowed.

    Claims 13, 14, 16, 17, and 24-28 are rejected.

    Claim 15 is objected to.

    Reconsideration is respectfully requested in view of
the following amendments and remarks.

126

Serial Number: 09/952,798
Art Unit: 2875

### AMENDMENTS

Kindly amend the application as follows:

**In the Claims**

Claims 14, 15, 25, and 26, please cancel without prejudice to the subsequent filing of a continuation application.

Claims 13 and 24, please amend as follows:

FAX RECEIVED

DEC 1 1 2002

TECHNOLOGY CENTER 2800

13.  (Amended)  Apparatus comprising:

a commercial card-sized chassis; [and]

a two-way lens disposed at the opening, which includes a first side permitting magnification and a second side permitting reflection;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch;

wherein the light is disposed so that is capable of directing light away from the second side of the lens.

2

12/11/2002  14:14    6022527198                    PARSONS & GOLTRY                    PAGE  06

Serial Number: 09/952,798
Art Unit: 2875

24.  (Amended)  Apparatus comprising:

a commercial card-sized chassis having opposing major faces and an opening;

a magnifying lens disposed at the opening; [and]

a mirror disposed proximate one of the opposing major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch;

wherein the light is disposed so that it is capable of directing light away from the one of the opposing major faces.

3

Serial Number: 09/952,798
Art Unit: 2875

## REMARKS

### Status of the Claims

Claims  14,  15,  25,  and  26  are  canceled  without
prejudice  to  the  subsequent  filing  of  a  continuation
application.  Claims 1, 3-7, 9-13, 16-24, and 27-31 are now
pending  in  this  case.   Independent  claims  13  and  24  are
amended  and  believed  to  be  in  condition  for  allowance.
Independent  claim  13  is  amended  to  include  the  limitations
of  objected  to  dependent  claim  15  and  intervening  claim  14.
Independent  claim  24  has  been  amended  to  include  the
limitations  of  dependent  claim  26  and  intervening  claim  25.

Applicants  acknowledge  the  allowance  of  claims  1,  3-7,
9-12,  18-23,  and  29-31.   All  claims  now  pending  in  this
case  are  believed  to  be  in  condition  for  allowance.

4

12/11/2002  14:14    6022527198                    PARSONS & GOLTRY                    PAGE  08

Serial Number: 09/952,798
Art Unit: 2875

**Clean copies of amended claims 13 and 24:**

13. Apparatus comprising:

a commercial card-sized chassis;

a two-way lens disposed at the opening, which includes a first side permitting magnification and a second side permitting reflection;

a switch carried by the chassis; and

a light carried by the chassis that is capable of being actuated in response to actuation of the switch;

wherein the light is disposed so that is capable of directing light away from the second side of the lens.

5

12/11/2002  14:14    6022527198          PARSONS & GOLTRY          PAGE  09

Serial Number: 09/952,798
Art Unit: 2875

20 24. Apparatus comprising:

a commercial card-sized chassis having opposing
major faces and an opening;

a magnifying lens disposed at the opening;

 a mirror disposed proximate one of the opposing
major faces;

a switch carried by the chassis; and

a light carried by the chassis that is capable of
being actuated in response to actuation of the switch;

wherein the light is disposed so that it is
capable of directing light away from the one of the
opposing major faces.

6

12/11/2002  14:14    6022527198              PARSONS & GOLTRY              PAGE  10

Serial Number: 09/952,798
Art Unit: 2875

Examiner's thorough and thoughtful consideration of this application is sincerely appreciated. Should there be any remaining issues, Examiner is cordially invited to telephone the undersigned for a speedy resolution.

Respectfully submitted,

Michael W. Goltry
Attorney for Applicant
Reg. No. 39,692

11 December 2002
340 East Palm Lane
Suite 260
Phoenix, Arizona  85004
(602) 252-7494

**FAX RECEIVED**

DEC 1 1 2002

TECHNOLOGY CENTER 2800

7

132

12/11/2002  14:14    6022527198                    PARSONS & GOLTRY                    PAGE  01

# PARSONS & GOLTRY

PATENT, TRADEMARK AND COPYRIGHT LAW
340 EAST PALM LANE, SUITE 260
PHOENIX, ARIZONA 85004

TEL 602.252.7494
FAX 602.252.7198

EMAIL: PROTECT@PATENTSAVERS.COM
WWW.PATENTSAVERS.COM

## Fax Cover Sheet

DATE: 12/11/02                    TIME: 2:10 P.M.

TO:  CHOI                         PHONE:
     # 2875                       FAX: 703-308-7724

FROM:                             PHONE:    602-252-7494
     Parsons & Goltry             FAX:      602-252-7198

RE: GOLDREW, ETAL.
    09/952,798    Apparatus having mag...
Number of pages including cover sheet: 10

Confirmation Copy to follow?  ✓ No ___ Yes

The information contained in this facsimile message is privileged and confidential information intended only for the use of the individual or entity(ies) named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us by telephone, and return the original message to us at the below address via the U.S. Postal Service. Receipt by anyone other than the intended recipient is not intended as a waiver of any attorney-client or work product privilege.

Message

FAX RECEIVED

DEC 1 1 2002

TECHNOLOGY CENTER 2800

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:  Steven H. Goldstein et al.                    )
                                                          )Ex: CHOI
Serial No.: 09/952,798                                    )
                                                          )Unit:2875
Filed:      14 September 2001                             )
                                                          )
Title:      APPARATUS HAVING MAGNIFYING, ILLUMINATING )
            AND MIRRORING ATTRIBUTES                      )

CERTIFICATION OF FACSIMILE TRANSMISSION

Honorable Commissioner of                      FAX RECEIVED
  Patents and Trademarks
Washington, D.C.  20231                          DEC 1 1 2002

                                           TECHNOLOGY CENTER 2800
Dear Sir:

        I hereby certify that this correspondence, consisting
of Amendment Transmittal Form and Response, Amendment and
Request For Reconsideration, seven (7) pages, is being
facsimile transmitted to the Patent and Trademark Office
(Fax. No. 703-308-7724) on the date shown below.


   _____        _____
   Signature                              Date

   11 December 2002                       Respectfully Submitted,



                                          _____
                                          Michael W. Goltry
                                          Attorney for Applicant
   340 East Palm Lane                     Reg. No. 39,692
   Suite 260
   Phoenix, Arizona  85004

   (602) 252-7494

12/11/2002  14:14    6022527198                PARSONS & GOLTRY                        PAGE  03

Case Docket No. 4229-PA1

Applicant:  Steven H. Goldstein et al.                     )
                                                           )
Serial No.: 09/952,798                                     )
                                                           )
Filed:      14 September 2001                              )
                                                           )
Title:      APPARATUS HAVING MAGNIFYING, ILLUMINATING AND  )
            MIRRORING ATTRIBUTES                           )

Commissioner of Patents and Trademarks
Washington, D.C.  20231

Sir:

Transmitted herewith is an amendment in the above-identified application.

   X   Small entity status of this application is claimed by applicant

_____  Design Application, no additional fee required.        **FAX RECEIVED**

   X   Utility application, fee calculated on table below.        DEC 1 1 2002

The fee has been calculated as shown below:              TECHNOLOGY CENTER 2800

| | Claims Remaining After Amendment | Highest No Previously Paid For | Present Extra | Small Entity | Large Entity |
|---|---|---|---|---|---|
| TOTAL | 25 | – | 31 | 0 | X  9 = $0 | or X 18 = $ |
| INDEP | 6 | – | 6 | 0 | X 42 = $0 | or X 84 = $ |
| MULTIPLE DEPEND CLAIM PRESENTED | | | | X140 = $0 | or X280 = $ |
| | | | | TOTAL  $    . | or    TOTAL  $    . |

_____  Please charge the Deposit Account No. _____ in the amount of
       $ _____.
_____  The Commissioner is hereby authorized to charge any additional fees
       which may be required, or credit any overpayment to Deposit Account
       No. _____.
_____  A duplicate copy of this transmittal sheet is enclosed.

_____  A check in the amount of $ _____ is attached.

                                        Respectfully submitted,


  17/11/2002                            _____
  _____                       Michael W. Goltry, Reg. No. 39,692
  DATE

**6**

| *Notice of Allowability* | Application No. 09/952,798 | Applicant(s) GOLDSTEIN ET AL. |
|---|---|---|
| | Examiner Jacob Y Choi | Art Unit 2875 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>12/11/2002</u>.
2. ☒ The allowed claim(s) is/are <u>1,3-7,9-13,16-24,31 and 37</u>.
3. ☐ The drawings filed on _____ are accepted by the Examiner.
4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All    b) ☐ Some*   c) ☐ None   of the:
        1. ☐ Certified copies of the priority documents have been received.
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
           International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____.
5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.
6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☒ CORRECTED DRAWINGS must be submitted.
    (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
        1) ☐ hereto or 2) ☐ to Paper No. _____.
    (b) ☐ including changes required by the proposed drawing correction filed _____, which has been approved by the Examiner.
    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____.

    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)

1 ☐ Notice of References Cited (PTO-892)
3 ☒ Notice of Draftsperson's Patent Drawing Review (PTO-948)
5 ☐ Information Disclosure Statements (PTO-1449), Paper No. _____.
7 ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material

2 ☐ Notice of Informal Patent Application (PTO-152)
4 ☐ Interview Summary (PTO-413), Paper No._____.
6 ☐ Examiner's Amendment/Comment
8 ☒ Examiner's Statement of Reasons for Allowance
9 ☐ Other

U.S. Patent and Trademark Office
PTO-37 (Rev. 04-01)           Notice of Allowability           Part of Paper No. 6 .

137

Application/Control Number: 09/952,798                                    Page 2
Art Unit: 2875

DETAILED ACTION

*Response to Amendment*

1.      Examiner acknowledges that the applicant has amended claims 13 & 24 and
cancelled claims 14, 15, 25 & 26 without prejudice.


*Allowable Subject Matter*

2.      Claims 1, 3-7, 9-13, 16-24 & 37-31 allowed.

3.      The following is an examiner's statement of reasons for allowance: as previously
stated, the claims recite a commercial card-sized chassis having an switch carried by
the chassis, and a light carried by the chassis that is capable of being actuated to
generate light in response to actuation of the switch, in which the light is disposed for
projecting light directly away from the magnifying lens / the mirror for illuminating objects
confronting the magnifying lens / the mirror.  Because none of the reference disclosed
the combination of the light is disposed for projecting light directly away from the
magnifying lens / the mirror for illuminating objects confronting the magnifying lens / the
mirror, nor is there any motivation to combine them, the claims are deemed patentable
over the prior art of record.

        Any comments considered necessary by applicant must be submitted no later
than the payment of the issue fee and, to avoid processing delays, should preferably

138

Application/Control Number: 09/952,798

Art Unit: 2875

Page 3

accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

## *Conclusion*

4.      Any inquiry concerning this communication or earlier communications from the examiner should be directed to Jacob Y Choi whose telephone number is (703) 308-4792. The examiner can normally be reached on Monday-Friday (10:00-7:00).

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Sandra  O'Shea can be reached on (703) 305-4939. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 872-9318 for regular communications and (703) 872-9319 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-7724.

JC
December 26, 2002

139

Form PTO 948 (Rev. 03/01)    U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office    Application No. _09/952 798_

## NOTICE OF DRAFTSPERSON'S
## PATENT DRAWING REVIEW

The drawing(s) filed (insert date) _09/14/0#_
A. ☐ approved by the Draftsperson under 37 CFR 1.84 or 1.152.
B. ☒ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 for the reasons indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawing must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink.  Color.
   ____ Color drawings are not acceptable until petition is granted.
        Fig(s) _____
   ____ Pencil and non black ink not permitted. Fig(s) _____
2. PHOTOGRAPHS. 37 CFR 1.84(b)
   ____ 1 full-tone set is required. Fig(s) _____
   ____ Photographs may not be mounted. 37 CFR 1.84(e)
   ____ Poor quality (half-tone). Fig(s) _____
3. TYPE OF PAPER. 37 CFR 1.84(e)
   ____ Paper not flexible, strong, white, and durable.
        Fig(s) _____
   ____ Erasures, alterations, overwritings, interlineations,
        folds, copy machine marks not accepted. Fig(s) _____
   ____ Mylar, velum paper is not acceptable (too thin).
        Fig(s) _____
4. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   ____ 21.0 cm by 29.7 cm (DIN size A4)
   ____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
   ____ All drawing sheets not the same size.
   ____ Sheet(s) _____
   ____ Drawings sheets not an acceptable size. Fig(s) _____
5. MARGINS. 37 CFR 1.84(g): Acceptable margins:

   Top 2.5 cm  Left 2.5cm  Right 1.5 cm  Bottom 1.0 cm
              SIZE: A4 Size
   Top 2.5 cm  Left 2.5 cm  Right 1.5 cm  Bottom 1.0 cm
              SIZE: 8 1/2 x 11
   Margins not acceptable. Fig(s) _____
   _____ Top (T)         _____ Left (L)
   _____ Right (R)       _____ Bottom (B)
6. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to
   correspond to drawing changes.
   Partial views. 37 CFR 1.84(h)(2)
   ____ Brackets needed to show figure as one entity.
        Fig(s) _____
   ____ Views not labeled separately or properly.
        Fig(s) _____
   ____ Enlarged view not labeled separately or properly.
        Fig(s) _____
7. SECTIONAL VIEWS. 37 CFR 1.84 (h)(3)
   ____ Hatching not indicated for sectional portions of an object.
        Fig(s) _____
   ____ Sectional designation should be noted with Arabic or
        Roman numbers. Fig(s) _____

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   ____ Words do not appear on a horizontal, left-to-right fashion
        when page is either upright or turned so that the top
        becomes the right side, except for graphs. Fig(s) _____
9. SCALE. 37 CFR 1.84(k)
   ____ Scale not large enough to show mechanism without
        crowding when drawing is reduced in size to two-thirds in
        reproduction.
        Fig(s) _____
10. CHARACTER OF LINES, NUMBERS, & LETTERS.
    37 CFR 1.84(l)
    ✓ Lines, numbers & letters not uniformly thick and well
      defined, clean, durable, and black (poor line quality).
      Fig(s) _1-15_
11. SHADING. 37 CFR 1.84(m)
    ____ Solid black areas pale. Fig(s) _____
    ____ Solid black shading not permitted. Fig(s) _____
    ____ Shade lines, pale, rough and blurred. Fig(s) _____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.
    37 CFR 1.84(p)
    ____ Numbers and reference characters not plain and legible.
         Fig(s) _____
    ____ Figure legends are poor. Fig(s) _____
    ____ Numbers and reference characters not oriented in the
         same direction as the view. 37 CFR 1.84(p)(1)
         Fig(s) _____
    ____ English alphabet not used. 37 CFR 1.84(p)(2)
         Figs _____
    ____ Numbers, letters and reference characters must be at least
         .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3)
         Fig(s) _____
13. LEAD LINES. 37 CFR 1.84(q)
    ____ Lead lines cross each other. Fig(s) _____
    ____ Lead lines missing. Fig(s) _____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
    ____ Sheets not numbered consecutively, and in Arabic numerals
         beginning with number 1. Sheet(s) _____
15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
    ____ Views not numbered consecutively, and in Arabic numerals,
         beginning with number 1. Fig(s) _____
16. CORRECTIONS. 37 CFR 1.84(w)
    ____ Corrections not made from prior PTO-948
         dated _____
17. DESIGN DRAWINGS. 37 CFR 1.152
    ____ Surface shading shown not appropriate. Fig(s) _____
    ____ Solid black shading not used for color contrast.
         Fig(s) _____

COMMENTS

REVIEWER Draftsman: Son Lam    DATE _01/02/03_    TELEPHONE NO. _____
         (703)308-0366
ATTACHMENT TO PAPER NO. _6_    140

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

7590    01/07/2003
Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ 85004

| EXAMINER |
| --- |
| CHOI, JACOB Y |

| ART UNIT | CLASS-SUBCLASS |
| --- | --- |
| 2875 | 362-253000 |

DATE MAILED: 01/07/2003

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PA1 | 5468 |

TITLE OF INVENTION: APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- |
| nonprovisional | NO | $1300 | $0 | $1300 | 04/07/2003 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: <u>Mail</u>  Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231

<u>Fax</u>  (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)    7590    01/07/2003

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ 85004

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PA1 | 5468 |

TITLE OF INVENTION: APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1300 | $0 | $1300 | 04/07/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHOI, JACOB Y | 2875 | 362-253000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❏ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

❏ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.
(A) NAME OF ASSIGNEE                         (B) RESIDENCE: (CITY and STATE OR COUNTRY)



Please check the appropriate assignee category or categories (will not be printed on the patent)  ❏ individual  ❏ corporation or other private group entity  ❏ government

4a. The following fee(s) are enclosed:
❏ Issue Fee
❏ Publication Fee
❏ Advance Order - # of Copies _____

4b. Payment of Fee(s):
❏ A check in the amount of the fee(s) is enclosed.
❏ Payment by credit card. Form PTO-2038 is attached.
❏ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)    _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PA1 | 5468 |

| | | |
|---|---|---|
| 7590 | 01/07/2003 | EXAMINER |
| Michael W. Goltry | | CHOI, JACOB Y |
| PARSONS & GOLTRY | | |
| Suite 260 | | ART UNIT \| PAPER NUMBER |
| 340 East Palm Lane | | 2875 |
| Phoenix, AZ 85004 | | |

DATE MAILED: 01/07/2003

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The patent term adjustment to date is 0 days. If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the term adjustment will be 0 days.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Any questions regarding the patent term extension or adjustment determination should be directed to the Office of Patent Legal Administration at (703)305-1383.

Page 3 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PA1 | 5468 |

7590     01/07/2003

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ 85004
UNITED STATES

| EXAMINER |
|---|
| CHOI, JACOB Y |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2875 | |

DATE MAILED: 01/07/2003

### Notice of Fee Increase on January 1, 2003

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after January 1, 2003, then the amount due will be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there will be an increase in fees effective on January 1, 2003. See Revision of Patent and Trademark Fees for Fiscal Year 2003; Final Rule, 67 Fed. Reg. 70847, 70849 (November 27, 2002).

The current fee schedule is accessible from: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of the fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after January 1, 2003 (or mailed with a certificate of mailing on or after January 1, 2003), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

Page 4 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

7

OIPE
FEB 0 4 2002
PATENT & TRADEMARK OFFICE

2875
#7
2-63

PTO/SB/36 (10-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| Application Number | 09/952,798 |
| Filing Date | 14 SEPTEMBER 2001 |
| First Named Inventor | GOLDSTEIN, STEVEN H. |
| Title | APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES |
| Atty Docket Number | 4229-PA1 |
| Group Art Unit | 2875 |
| Examiner | |

**REQUEST TO RESCIND PREVIOUS NONPUBLICATION REQUEST**
35 U.S.C. 122(b)(2)(B)(ii)

I hereby **rescind** the previous request that the above-identified application not be published under 35 U.S.C. 122(b).

21 DECEMBER 2001
Date

Signature

MICHAEL W. GOLTRY

Typed or printed name

This request must be signed in compliance with 37 CFR 1.33(b).

Note: Filing this rescission of a previous nonpublication request is considered the notice of a subsequent foreign or International filing required by 35 USC 122(b)(2)(B)(iii) and 37 CFR 1.213(c) if this rescission is filed no later than forty-five days (45) days after the date of filing of such foreign or international application. See 37 CFR 1.137(f) if a notice of subsequent foreign or international filing required by 35 USC 122(b)(2)(B)(iii) and 37 CFR 1.213(c) is not filed within forty-five days (45) days after the date of filing of the foreign or international application.

**CERTIFICATE OF MAILING OR TRANSMISSION**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner For Patents, Box PG Pub, Washington, DC 20231, or facsimile transmitted to the U.S. Patent and Trademark Office on:

| Name (Print/Type) | MICHAEL W. GOLTRY | | |
|---|---|---|---|
| Signature | | Date | 21 December 2001 |

Burden Hour Statement: This collection of information is required by 37 CFR 1.213(b). The information is used by the public to request a previously filed request that an application not be published under 35 U.S.C. 122(b) (and the PTO to process that rescission). Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This form is estimated to take 6 minutes to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

**8**





UNITED STATES
PATENT AND
TRADEMARK OFFICE

Commissioner for Patents
Washington, DC 20231
www.uspto.gov

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | DRAWINGS | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|---|
| 09/952,798 | 09/14/2001 | 2875 | 574 | 4229-PA1 | 5 | 31 | 6 |

**CONFIRMATION NO. 5468**
**CORRECTED FILING RECEIPT**

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ 85004

*OC000000009487274*

Date Mailed: 02/06/2003

Receipt is acknowledged of this regular Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please write to the Office of Initial Patent Examination's Filing Receipt Corrections, facsimile number 703-746-9195. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).**

Applicant(s)

    Steven H. Goldstein, Scottsdale, AZ;
    Carol D. Goldstein, Scottsdale, AZ;
    Mary Margaret Jelava-Risley, Scottsdale, AZ;
    William Buell Risley, Scottsdale, AZ;

Domestic Priority data as claimed by applicant
    This appln claims benefit of 60/259,420 12/30/2000

Foreign Applications

If Required, Foreign Filing License Granted: 10/12/2001

Projected Publication Date: 05/15/2003

Non-Publication Request: No

Early Publication Request: No

Title

    APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES

Preliminary Class
362

---

### LICENSE FOR FOREIGN FILING UNDER
### Title 35, United States Code, Section 184
### Title 37, Code of Federal Regulations, 5.11 & 5.15

#### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Office of Export Administration, Department of Commerce (15 CFR 370.10 (j)); the Office of Foreign Assets Control, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

#### NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

**9**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

RECEIVED JAN 1 0 2003

**NOTICE OF ALLOWANCE AND FEE(S) DUE**

01/07/2003

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ 85004

| EXAMINER |
| --- |
| CHOI, JACOB Y |

| ART UNIT | CLASS-SUBCLASS |
| --- | --- |
| 2875 | 362-253000 |

DATE MAILED: 01/07/2003

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PA1 | 5468 |

TITLE OF INVENTION: APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- |
| nonprovisional | NO | $1300 | $0 | $1300 | 04/07/2003 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. **PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☒ Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

**10**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:     GOLDSTEIN; ET AL.          )
                                          )
Serial No.:    09/952,798                 )  Ex:  CHOI
                                          )
Filed:         14 SEPTEMBER 2001          )  Art Unit:  2875
                                          )
For:           APPARATUS HAVING MAGNIFYING)
               ILLUMINATING AND MIRRORING )
               ATTRIBUTES                 )

CERTIFICATE OF MAILING

Honorable Commissioner of
  Patents and Trademarks
Washington, D.C.  20231
BOX ISSUE FEE

Dear Sir:

    I hereby certify that this correspondence, consisting of
Issue Fee Transmittal Form; formal drawings: five (5) sheets and
one (1) copy of same; checks for appropriate fees; and postcard,
is being deposited with the United States Postal Service as first
class mail in an envelope addressed to:  Commissioner of Patents
and Trademarks, Washington, D.C. 20231, Box Issue Fee, on 17
March 2003.


_____          17 March 2003
Signature                               Date

17 March 2003                           Respectfully submitted,


                                        _____
PARSONS & GOLTRY                        Michael W. Goltry
340 East Palm Lane                      Attorney for Applicant
Suite 260                               Reg. No. 39,692
Phoenix, Arizona  85004
(602) 252-7494


                              153

6565232    09/952798

1/5





FIG. 1



FIG. 3

2/5



**FIG. 2**



3/5

**FIG. 4**





**FIG. 5**





FIG. 6

FIG. 7

FIG. 8

FIG. 9

INDICIA

FIG. 10

FIG. 11

4/5



FIG. 13

FIG. 12

FIG. 15

FIG. 14

PART B - FEE(S) TRANSMITTAL

**OK to Enter** 

Complete and send this form, together with applicable fee(s), to: **Mail** Box ISSUE FEE
**Commissioner for Patents**
**Washington, D.C. 20231**
**Fax** (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590    01/01/2003

Michael W. Goltry
PARSONS & GOLTRY
Suite 260
340 East Palm Lane
Phoenix, AZ 85004

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first-class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

MICHAEL W. GOLTRY _____ (Depositor's name)
_____ (Signature)
17 MARCH 2003 _____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/952,798 | 09/14/2001 | Steven H. Goldstein | 4229-PAI | 5468 |

TITLE OF INVENTION: APPARATUS HAVING MAGNIFYING, ILLUMINATING AND MIRRORING ATTRIBUTES

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | ~~NO~~ YES | ~~$1300~~ $650.00 | $0 | ~~$1300~~ $650.00 | 04/07/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| CHOI, JACOB Y | 2875 | 362-253000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 PARSONS & GOLTRY
2 MICHAEL W. GOLTRY
3 ROBERT A. PARSONS

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)   ☒ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:
☒ Issue Fee
☐ Publication Fee
☒ Advance Order - # of Copies ___10___

4b. Payment of Fee(s):
☒ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature) _____   (Date) 3/17/2003

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

03/31/2003 NBERHE1 00000159 09952798
01 FC:2501    650.00 OP
02 FC:1501     30.00 OP

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE