# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON OPTICAL, INC.<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TELEBRANDS CORPORATION, and<br>WALLET LIGHT USA, LLC<br><br>　　　　　　　Defendants. | CIVIL ACTION NO.<br>07-CV-8020 (SCR) |

**JOINT RESPONSES OF DEFENDANTS TELEBRANDS
CORP. AND WALLET LIGHT USA, LLC
TO PLAINTIFF CARSON OPTICAL, INC.'S
FIRST SET OF INTERROGATORIES**

Telebrands Corp. ("Telebrands") and Wallet Light USA, LLC ("WL") (collectively "Defendants") hereby respond to Plaintiff Carson Optical, Inc.'s ("Carson") First Set of Interrogatories as follows:[1]

**GENERAL OBJECTIONS**

1.　Defendants object to Carson's First Set of Interrogatories to Defendants ("Interrogatories") to the extent that Carson seeks the disclosure of information protected from disclosure by the attorney-client privilege and/or work product immunity.

2.　Defendants object to Carson's Interrogatories to the extent that: (a) Carson seeks to require Defendants to disclose information beyond what is available to Defendants at present after conducting a reasonable search of their own files and a reasonable inquiry of its current employees; and/or (b) Carson seeks to impose on Defendants obligations beyond those set forth in the Federal Rules of Civil Procedure.

---

[1] Telebrands Corp. and Wallet Light USA LLC were served by mail with identical sets of Interrogatories and therefore provide these joint responses.

1

3. Defendants object to Carson's Interrogatories to the extent that they seek information related to experimental, developmental, contemplated and/or future products, and future marketing and business plans. Any information regarding experimental, developmental, contemplated and/or future products is irrelevant to a claim or defense of any party.

4. Defendants object to Carson's Interrogatories to the extent they seek the disclosure of information not in the possession, custody or control of Defendants, including but not limited to, parties not subject to this action.

5. Defendants object to Carson's Interrogatories to the extent that they are unreasonably broad, unduly burdensome, and/or seek information not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to Carson's Interrogatories to the extent that they are unlimited as to time. Such Interrogatories require Defendants to search for information generated both before and after relevant time periods, including time periods that have no bearing on the issues of this lawsuit.

7. The Responses/Objections contained herein reflect Defendants' present knowledge, information and belief, and may be subject to change or modification based on further discovery, or on facts or circumstances that may come to Defendants' knowledge.

8. Nothing in these Responses/Objections shall be construed as waiving any rights or objections which may otherwise be available to Defendants, nor are any of Defendants' responses an admission of the relevance, materiality or admissibility of any evidence in either the Interrogatory or Response/Objection thereto.

9. These Objections apply to all of Carson's Interrogatories. To the extent that objections are cited in a specific response, those specific objections are provided because they are

believed to be particularly applicable to the specific request and are not to be construed as a waiver of any of the foregoing or other stated Objections applicable to information falling within the scope of the requests.

10.     Defendants object to Carson's Definitions and Instructions to the extent they seek more information than is required by Federal Rule of Civil Procedure 26(a) (b).

11.     Defendants object to providing information concerning ex-U.S. sales of products containing subject matter described or claimed in U.S. Patent 6,565,232 ("Patent-in-suit".)

**INTERROGATORY NO. 1:**

Identify all persons who you think or believe have information relevant to the allegations set forth in the Complaint. Please provide their names, addresses, and phone numbers, as well as a brief summary of the knowledge you think or believe they have.

RESPONSE:

As presently advised:

1. Steven H. Goldstein: 12911 East Corrine Drive, Scottsdale, AZ; (480-391-9808); Wallet Light USA LLC, ("WalletLight") PO Box 634, Orangeburg, NY 10962; Mr. Goldstein is a named inventor of the Patent-in-suit and may have knowledge of the conception, and reduction to practice of subject matter described or claimed in the Patent-in-suit; he may also have knowledge of sales by WalletLight or its predecessors of product containing subject matter described or claimed in the Patent-in-suit; Mr. Goldstein may also have knowledge of the prosecution of the application in the Patent and Trademark Office that issued as the Patent-in-suit; he may also have knowledge of prior art to subject matter described or claimed in the Patent-in-suit; he may have knowledge of licensing of

3

the Patent-in-suit; and he may have knowledge of distributors and potential distributors of the OWL product for WalletLight or its predecessors; Mr. Goldstein may have knowledge of agreements between predecessors to WalletLight and retailers of products containing subject matter described or claimed in the Patent-in-Suit; Mr. Goldstein may have knowledge of the formation of WalletLight and assignments by which WalletLight obtained ownership of the Patent-in-Suit and may have knowledge of the exclusive licensing agreement between WalletLight and Telebrands, and amendments thereto.

2. Carol D. Goldstein: 10552 East Cannon Drive, Scottsdale, AZ; Mrs. Goldstein is a named inventor of the Patent-in-suit and may have knowledge of the conception and reduction to practice of subject matter described or claimed in the Patent-in-suit; she may also have knowledge of sales by WalletLight of products containing subject matter described or claimed in the Patent-in-suit; Mrs. Goldstein may also have knowledge of the prosecution of the application in the Patent and Trademark Office that issued as the Patent-in-suit and may also have knowledge of prior art to subject matter described or claimed in the Patent-in-suit.

3. Mary Margaret Jelava-Risley: 10475 N 105th Way, Scottsdale, AZ; Ms. Jelava-Risley is a named inventor of the Patent in-suit and may have knowledge of the conception and reduction to practice of subject matter described or claimed in the Patent-in-suit; she may also have knowledge of sales by WalletLight of products containing subject matter described or claimed in of the patent-in-suit; Ms. Jelava-Risley may also have knowledge of the prosecution of the application in the Patent and Trademark Office that issued as the Patent-in-suit; Ms. Jelava-Risley may also have knowledge of prior art to subject matter described or claimed in the Patent-in-suit.

4. William Buell Risley: 10475 N 105th Way, Scottsdale, AZ; Mr. Risley is a named inventor of the Patent in-suit and may have knowledge of the conception and reduction to practice of subject matter described or claimed in the Patent-in-suit; he may also have knowledge of sales by WalletLight of products containing subject matter described or claimed in the Patent-in-suit; Mr. Risley may also have knowledge of the prosecution of the application in the Patent and Trademark Office that issued as the Patent-in-suit; Mr. Risley may also have knowledge of prior art to subject matter described or claimed in the Patent-in-suit.

5. Bala Iyer: Telebrands Corp., 79 Two Bridges Road, Fairfield N.J. 07004 (973-244-0300); Mr. Iyer has knowledge of products made, used or sold pursuant to the exclusive license granted to Telebrands under the Patent-in-suit, the licensing to Telebrands by WalletLight of the Patent-in-suit, and the sales of the Telebrands' products pursuant to the license.

6. Robert Barnett: Telebrands Corp., 79 Two Bridges Road, Fairfield N.J. 07004 (973-244-0300); Mr. Barnett has knowledge of the sales of Telebrands' products pursuant to the license from WalletLight.

7. Michael W. Goltry: Last known address: 340 East Palm Lane, Suite 260, Phoenix, AZ. Telephone: 602-252-7994; Mr. Goltry may have knowledge of the prosecution in the Patent and Trademark Office of the application that issued as the Patent-in-suit, and he may also have knowledge of prior art to subject matter described or claimed in the Patent-in-suit.

8. Robert A. Parsons: Last known address: 340 East Palm Lane, Suite 260, Phoenix, AZ. Telephone: 602-252-7994. Mr. Parsons may have knowledge of the prosecution in the

Patent and Trademark Office of the application that issued as the Patent-in-suit, and he may also have knowledge of prior art to subject matter described or claimed in the Patent-in-suit.

9. Eric Kotch: 258 Washington Ave., Tappan N.Y. 10983; Wallet Light USA LLC, PO Box 634, Orangeburg, New York 10962; Mr. Kotch may have knowledge pertaining to the Marketing and License Agreement between Telebrands and WalletLight; and amendments thereto; he may also have knowledge of agreements between predecessors to WalletLight and retailers of products containing subject matter described or claimed in the Patent-in-Suit; Mr. Kotch may have knowledge of the formation of WalletLight, assignments by which WalletLight obtained ownership of the Patent-in-Suit and distributors and potential distributors of the OWL product for WalletLight.

**INTERROGATORY NO. 2:**

List all exhibits which you intend to use or introduce, or both, during any hearing or the trial of this action.

RESPONSE:  As presently advised:

Defendants object to this Interrogatory, *inter alia*, on the grounds that it seeks trial information at a premature stage in the litigation, and seeks information for which the Federal Rules, Local Rules and/or a Pretrial Order will in due course establish an orderly process of exchange between the parties.

**INTERROGATORY NO. 3:**

Identify all references considered during the prosecution of the Patent-in-suit whether or not cited to the United States Patent and Trademark Office (USPTO).

RESPONSE: As presently advised:

Defendants object to this Interrogatory as seeking information protected by the attorney client privilege or work product immunity.

Subject to and without waiving their objections:

During the prosecution of the Patent-in-suit, Telebrands did not consider any reference.

During prosecution of the Patent-in-Suit, individuals who eventually formed WL were aware of references of record in the application that issued as the Patent-in-suit.

**INTERROGATORY NO. 4:**

Identify the date of first conception and reduction to practice of the alleged invention(s) described, disclosed, or claimed in the Patent-in-suit.

RESPONSE: As presently advised:

Defendants object to this Interrogatory as requiring a legal determination as to inventions described, disclosed or claimed in the Patent-in-suit.

Subject to and without waiving their objections:

Telebrands has no knowledge of the information requested.

WL believes that conception occurred in late 1999 or 2000. The first reduction to practice is believed to have occurred in October, 2000. The first prototype is believed to have been built in December, 2000.

**INTERROGATORY NO. 5:**

Provide Telebrands' construction of the claims of the Patent-in-suit that are allegedly infringed.

RESPONSE: As presently advised:

Subject to and without waiving their objections, Defendants contend that the words in the claims have their ordinary meaning. For example;

"Commercial card-sized" means capable of being carried in a sleeve-like compartment or receptacle as formed in wallets, day timers and other forms of personal carrying devices designed specifically to accommodate commercial cards such as bank cards and other cards such as drivers licenses and the like.

"Carried by" means part of or attached to.

"Chassis" means a commercial card-sized frame structured to receive a power source and circuitry.

**INTERROGATORY NO. 6:**

Identify all intrinsic and extrinsic evidence that support Telebrands' constructions provided in response to Interrogatory No. 5.

RESPONSE: As presently advised:

Defendants object to this Interrogatory on the grounds that it seeks contention information at a premature stage in the litigation.

Subject to and without waiving their objections, Defendants rely on the Patent-in-Suit, its prosecution history and the prior art of record for intrinsic evidence of the meaning to attribute to the words of the claims.

**INTERROGATORY NO. 7:**

Identify, in the form of a claim chart, how each allegedly infringing Carson product meets each limitation of each allegedly infringed claim of the Patent-in-suit.

RESPONSE: As presently advised:

Defendants object to this Interrogatory on the grounds that it seeks contention information at a premature stage in the litigation.

Subject to and without waiving their objections, Defendants assert that at least claims 1, 2, 14 and 15 of the Patent-in-Suit are infringed by each version 110331 and ASI 44120 of Carson's MC-99 MagniCard product. Defendants provide herein an exemplary reading of claims 1, 2, 14 and 15 of the Patent-in-suit on each version of the accused MC-99 Carson MagniCard product. Defendants reserve the right to read other claims on the MC-99 product and to read claims on other versions of Carson's related products once they are produced.

Claim 1

1. The MC-99 MagniCard product includes a "commercial card-sized chassis" capable of being carried in a sleeve-like compartment or receptacle formed in wallets, day timers and other forms of personal carrying devices designed specifically to accommodate commercial cards such as bank cards and other cards such as drivers licenses and the like;

2. The chassis has an opening in which a magnifying lens is disposed;

3. A switch and a light are carried by the chassis which, when actuated, generates light projecting directly away from the lens for illuminating objects confronting the magnifying lens.

Claim 2

In addition to having the features of claim 1, the chassis of Carson's MC-99 product includes opposing major faces, and light is directed away from one such face.

Claim 14

In addition to having the features of claims 1 and 2, Carson's MC-99 product includes opposing major faces and a light disposed at one of the opposing major faces.

9

<u>Claim 15</u>

In addition to having the features of claim 14, Carson's MC-99 product includes an opening through the chassis and a magnifying lens disposed at the opening.

**INTERROGATORY NO. 8:**

Identify and describe all evidence that supports Defendants' contention that Carson's alleged infringement of the Patent-in-suit is willful and deliberate.

<u>RESPONSE:</u> As presently advised:

Carson has known about the Patent-in-suit since at least on or about May 23, 2006, and has nevertheless continued its infringement thereof without license or authorization.

**INTERROGATORY NO. 9:**

Identify all products sold or licensed by Telebrands that embody any claim of the Patent-in-suit, along with the date of each product's first offer for sale or license in this country.

<u>RESPONSE:</u> As presently advised:

Defendants object to this Interrogatory as requiring a legal conclusion as what might "embody any claim of the Patent-in-suit." Defendants object to this Interrogatory as unduly vague and indefinite with respect to "the date of each product's first .... license."

Telebrands does not have documents responsive to this Interrogatory with respect to a "first" offer for sale of a product first sold by WL.

Subject to and without waiving the foregoing objections:

On January 27, 2005 Telebrands was granted an exclusive license in this country under the Patent-in-suit.

Since that time, Telebrands has sold a lighted magnifier product bearing the "Owl" trademark.

WL was formed to market "Owl" products in 2001. A predecessor to WL, Wallet Light Inc., first sold a promotional "Owl" product in 2001 to Barton Solvents. Wallet Light Inc. also contracted in 2001 with Pro Innovative and Imagine That for retail sales of "Owl" products. WL was subsequently formed and in 2005 exclusively licensed Telebrands to market "Owl" products.

**INTERROGATORY NO. 10:**

Identify all patent applications made by Telebrands covering any aspect of the products identified in the answer to Interrogatory No. 9.

RESPONSE:   Defendants object to this Interrogatory as vague and ambiguous with respect to "covering any aspect of the products." This improperly requires a legal determination that any application "covered" any product.

Subject to and without waiving their objections, and as presently advised:

A regular U.S. application Ser. No. 09/952,798 was filed on behalf of the named inventors on Sept. 14, 2001, claiming priority to provisional application No. 60/259,420. WL obtained ownership of the Patent-in-Suit through mesne assignments originating with the named inventors.

A PCT application No. PCT/US01/49274 corresponding to the foregoing U.S. application was filed on behalf of the named inventors on December 21, 2001;

A Mexican national application No. PA/a/2003/005860 was filed on behalf of the named inventors on June 26, 2003;

A national Canadian national application No. 2433659 corresponding to the foregoing U.S. application was filed on behalf of the named inventors on June 27, 2003;

A national Australian application No. 2002235226 corresponding to the foregoing U.S. application was filed on behalf of the named inventors on July 28, 2003; and

An EPO application No. 01985587.3 corresponding to the foregoing U.S. application was filed on behalf of the named inventors on July 30, 2003.

**INTERROGATORY NO. 11:**

For each product identified in the response to Interrogatory No. 9, identify all customers and licensees of the product of which Telebrands is aware.

RESPONSE: As presently advised:

Defendants object to this Interrogatory with respect to identifying all customers for its "Owl" product, as unduly burdensome and not relevant to a claim or defense of any party to this lawsuit. Defendants object to identifying "licensees of the product" as vague and indefinite.

Subject to and without waiving their objections,

Telebrands has been granted an exclusive licensee under the Patent-in-suit by WL and has agreements dated March 25, 2005 and April 1, 2005 concerning advertising, importing and distribution of the "Owl" product through Direct Response Credit Card Syndication in North America with Media Solution Services, 490 Park Avenue South, New York, NY 10016.

WL's predecessor sold "Owl" products on TV, and to Skymall and QVC from 2001 until about January, 2005.

**INTERROGATORY NO. 12:**

For each product identified in the response to Interrogatory No. 9 provide on a month by month basis from the date of first sale, the number of each product manufactured, the number of each product sold and the sales of each product in terms of dollars, and the gross and net profit for such products.

RESPONSE: As presently advised:

Objection: this Interrogatory seeks information prematurely in this action. Should Defendants decide to rely on commercial success of the subject matter of the Patent-in-suit with respect to its validity, or should Telebrands decide to seek lost profits in addition to royalties as damages in this case, Telebrands will, pursuant to Rule 33(d), F.R.C.P., produce a summary of business records, including summaries of relevant electronically stored information, from which the answers to this Interrogatory may be derived or ascertained.

**INTERROGATORY NO. 13:**

Identify all competitors and their competitive products for the Telebrands products that embody any claim of the Patent-in-suit.

RESPONSE: As presently advised:

Telebrands objects to this interrogatory as requiring it to make a legal conclusion as what might "embody any claim of the Patent-in-suit". Defendants object that this Interrogatory seeks information unrelated to a claim or defense in this action.

Subject to and without waiving their objections, Defendants identify:

Clegg Industries, Inc. (Lighted Magnifier);

Tim Clegg; 19220 South Normandie Avenue, Torrence, CA 90502;

Arnott's/Minya International Corp., 1172 E Valencia Drive, Fullerton, CA 92831; (Lighted Card Magnifier); Helen Huang;

Carson Optical Inc., 35 Gilpin Ave., Hauppauge, NY 11788, Richard Cameron (MC-99 MagniCard);

Prime Resources Corp., 1100 Boston Ave., Bridgeport, Ct. 06610, Robert Brenner (Magnifier Light);

Webb Company Inc., 15197 Boulder Ave., Rosemount, Mn 55068, Alan Webb (Magnifying Reader with light)'

Avon Products, Inc.

LTD Commodities

Miles Kimball/Walter Drake

Novelty, Inc.

New Products Inteernational

Pronto Innovations

QVC

Hudson's Bay Company

Walter Drake

Defendants will supplement their answer to this and other interrogatories as necessary when additional information becomes known to it.

**INTERROGATORY NO. 14:**

Identify all agreements, contracts, or proposals between Telebrands and any customer or licensee relating to products and processes sold or licensed by Telebrands that embody any claim of the Patent-in-suit.

RESPONSE: As presently advised:

Telebrands objects to this interrogatory as requiring it to make a legal conclusion as what might "embody any claim of the Patent-in-suit."

Subject to and without waiving their objections, and as presently advised:

See response to Interrogatory No. 11.

Telebrands has an exclusive license from WL to make and market the "Owl" product; the license agreement with WL has already been identified and produced to Carson.

Telebrands also has a distribution agreement with Media Solution Services, dated April 1, 2005 440 Park Avenue South, 6th Floor.

Telebrands Corporation

By:_____

Wallet Light USA, LLC

By:_____

As to objections:

Date:   March 28, 2008

By /s/ William E Pelton
Peter D. Murray, Esq.
William E. Pelton, Esq.
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 278-0400
Fax: (212) 391-0526

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **JOINT RESPONSES OF DEFENDANTS TELEBRANDS CORP. AND WALLET LIGHT USA, LLC TO PLAINTIFF CARSON OPTICAL, INC.'S FIRST SET OF INTERROGATORIES** was served this 28th day of March 2008, on the following counsel at the following address by First Class mail, postage prepaid:

> John R. Horvack, Jr.
> Fatima Lahnin
> Carmody & Torrance
> 50 Leavenworth Street
> Waterbury, Connecticut  06702

*William E. Pelton*
William E. Pelton