# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON OPTICAL, INC.<br><br>      Plaintiff,<br><br>vs.<br><br>TELEBRANDS CORPORATION, and<br>WALLET LIGHT USA, LLC<br><br>      Defendants. | CIVIL ACTION NO.<br>07-CV-8020 (SCR) |

**SECOND SUPPLEMENTAL
JOINT RESPONSES OF DEFENDANTS TELEBRANDS
CORP. AND WALLET LIGHT USA, LLC
TO PLAINTIFF CARSON OPTICAL, INC.'S
FIRST SET OF INTERROGATORIES**

Telebrands Corp. ("Telebrands") and Wallet Light USA, LLC ("WL") (collectively "Defendants") hereby provide their Second Supplemental Responses to certain of Plaintiff Carson Optical, Inc.'s ("Carson") First Set of Interrogatories as follows:[1]

---

[1] Telebrands Corp. and Wallet Light USA LLC were served by mail with identical sets of Interrogatories and therefore provide these joint responses.

1

**INTERROGATORY NO. 5:**

Provide Telebrands' construction of the claims of the Patent-in-suit that are allegedly infringed.

RESPONSE: As presently advised:

Subject to and without waiving their objections, Defendants contend that the words in the claims have their ordinary meaning. For example;

"Commercial card-sized" means capable of being carried in a sleeve-like compartment or receptacle as formed in wallets, day timers and other forms of personal carrying devices designed specifically to accommodate commercial cards such as bank cards and other cards such as drivers licenses and the like.

"Carried by" means part of or attached to.

"Chassis" means a commercial card-sized frame structured to receive a power source and circuitry.

**FIRST SUPPLEMENTAL RESPONSE TO NO. 5:**

As presently advised a person of ordinary skill in the relevant art would understand that the terms at issue are fully defined in the specification of the '232 Patent, as follows:

(1) "Commercial card-sized" means capable of being carried in a wallet sleeve specifically sized to hold credit cards and the like.

(2) "Chassis" means a frame for supporting or incorporating convenience features, including visual aid and illumination;

(3) "Carried by" means supported by or attached to.

2

## **INTERROGATORY NO. 6:**

Identify all intrinsic and extrinsic evidence that support Telebrands' constructions provided in response to Interrogatory No. 5.

RESPONSE: As presently advised:

Defendants object to this Interrogatory on the grounds that it seeks contention information at a premature stage in the litigation.

Subject to and without waiving their objections, Defendants rely on the Patent-in-Suit, its prosecution history and the prior art of record for intrinsic evidence of the meaning to attribute to the words of the claims.

## FIRST SUPPLEMENTAL RESPONSE TO NO. 6:

Subject to and without waiving their objections, Defendants will rely on the Patent-in-Suit, its prosecution history, the prior art of record during prosecution in the PTO of the Patent-in-suit for intrinsic evidence that supports Defendants' constructions of the claim language selected for interpretation by the Court and provided in response to Interrogatory No. 5.

Defendants will also rely upon the prior art cited by Carson in Exhibit A attached to Plaintiff Carson Optical, Inc.'s Response to Defendants' First and Second Sets of Interrogatories and on Carson's marketing and promotional materials for extrinsic evidence that supports Defendants' constructions of the claim language selected for interpretation by the Court and provided in response to Interrogatory No. 5.

## SECOND SUPPLEMENTAL RESPONSE TO NO. 6:

At present, Defendants may rely on dictionary definitions to support their position. At present, Defendants contemplate that their case on claim construction will be presented by counsel and do not contemplate relying on any live testimony at the hearing set for June 19,

3

2008, or using any affidavit or declaration testimony, but reserve the right to do so in the event plaintiff succeeds in introducing such testimony in making its case.

                                                     Telebrands Corporation

                                                     By:_____

                                                   Wallet Light USA, LLC

                                                     By:_____

As to objections:

Date:  April 23, 2008                          By: */s/ William E. Pelton*
                                                    Peter D. Murray, Esq.
                                                    William E. Pelton, Esq.
                                                    COOPER & DUNHAM LLP
                                                    1185 Avenue of the Americas
                                                    New York, New York 10036
                                                    Tel:  (212) 278-0400
                                                    Fax:  (212) 391-0526

                                                   Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **SECOND SUPPLEMENTAL JOINT RESPONSES OF DEFENDANTS TELEBRANDS CORP. AND WALLET LIGHT USA, LLC TO PLAINTIFF CARSON OPTICAL, INC.'S FIRST SET OF INTERROGATORIES** was served this 23rd day of April 2008, on the following counsel at the following address by First Class mail, postage prepaid:

> John R. Horvack, Jr.
> Fatima Lahnin
> Carmody & Torrance
> 50 Leavenworth Street
> Waterbury, Connecticut 06702

William E. Pelton